UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
Z.A., an Infant, by and through his Parents and Natural Guardians, CARMIT ARCHIBALD and GEORGES ARCHIBALD, and CARMIT ARCHIBALD, *individually*,

                        *Plaintiffs*,

    -against-                              **NOTICE OF REMOVAL
                                                     OF ACTION UNDER 28 U.S.C.
                                                     §1446(c) DIVERSITY**

HYATT CORPORATION,

                        *Defendant*.
------------------------------------------------------------------------ x

TO:    **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

Defendant-Petitioner, HYATT CORPORATION, files this Notice to Remove the foregoing case to the United States District Court for the Southern District of New York, and respectfully shows this Court:

**I.    COMMENCEMENT OF THE ACTION:**

1.    A civil action was commenced by filing a Summons and Complaint in the Supreme Court of New York County, State of New York, in which the above-named individuals, Z.A., an Infant, by and through his Parents and Natural Guardians, CARMIT ARCHIBALD and GEORGES ARCHIBALD, and CARMIT ARCHIBALD, *individually*, ("Plaintiffs") are the Plaintiffs and, HYATT CORPORATION ("Defendant-Petitioner"), is a defendant. The action is bears the Index Number: 153296/2024. A true and correct copy of the Complaint is attached to this Notice as **Exhibit "A"**.

2. Plaintiffs allege that Z.A., a minor, was injured by a falling basketball net in the pool area of the Park Hyatt St Kitts Christophe Harbour Resort in St. Kitts and Nevis in the British West Indies. (Compl. ¶¶ 1-3).

3. On April 24, 2024, Hyatt Corporation was served with Plaintiff's Summons and Complaint via Certified Mail. No other parties have been served to date, that the undersigned is aware of.

## II. THE JURISDICTIONAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

4. Defendant seeks removal of this action pursuant to 28 U.S.C. §1446, which permits removal of causes of action based upon diversity of citizenship of the parties.

### A. **Diversity of Citizenship Exists**

5. According to the Complaint, at all relevant times, all Plaintiffs have been residents of and domiciled in the State of New York. (Compl. ¶¶ 1, 4-6).

6. Defendant, Hyatt Corporation, is a Delaware corporation with its principal place of business in Chicago, Illinois.

7. A corporation is a citizen of the state in which it is incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

8. Based on the foregoing, diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

### B. The Amount in Controversy Exceeds $75,000

9. Plaintiffs allege that on or about April 9, 2023, Plaintiff Z.A., was swimming and playing aquatic basketball in the swimming pool of the Park Hyatt St. Kitts Resort when he was struck over the head by the aquatic basketball hoop he was playing with. (Compl. ¶¶ 1-3, 58).

140343908.1

10. The Complaint further alleges that the impact resulted in "significant laceration medial to Z.A.'s left eyebrow, extending leftward across his forehead", as well as severe and permanent injuries and facial disfigurement. (Compl. ¶¶ 59).

11. According to the Complaint, the amount of damages sought exceed the jurisdictional limits of all lower courts that might otherwise have jurisdiction. (Compl. ¶¶ 80).

12. Additionally, Plaintiffs seek: "general damages…special damages…damages for loss of earning capacity…damages for other economic losses…interest on general and special damages, to the maximum extent permitted by law; [and] costs for suit incurred herein." (Compl. ¶¶ Prayer for Relief, a-f).

13. Where, as here, Plaintiffs have not specifically alleged an amount in controversy greater than $75,000 to satisfy the jurisdictional threshold of 28 U.S.C. § 1332(a), a defendant may assert such amount in controversy in its notice of removal. *See* 28 U.S.C. § 1446(c)(2). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id*. at 554. Based on the foregoing, while Hyatt Corporation denies any liability and reserves the right to assert any and all defenses, Hyatt Corporation asserts that the amount in controversy exceeds the jurisdictional threshold of 28 U.S.C. § 1332.

**III. PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED:**

A. <u>Removal is Timely</u>

14. Pursuant to 28 U.S.C. § 1446(b)(1), a Notice of Removal shall be filed within thirty (30) days after receipt by defendant, by service or otherwise, of the initial pleading or of an

amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. Defendant was personally served with the Summons and Complaint on April 24, 2024, annexed hereto as **Exhibit "A".**

15. Pursuant to 28 U.S.C. § 1446(c)(1), this diversity action is removed less than one year after the action was commenced.

16. Therefore, this Petition for Removal is timely filed since it is filed within thirty (30) days of receipt of Plaintiff's Complaint, and less than one year after the action was commenced.

B. **Venue is Proper**

17. Venue is proper in the Southern District of New York, as the District embracing the place where the action is pending, the State of New York and County of New York. *See* 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(a); Civil L.R. 3-2(e).

18. Further, the within action is one of which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332.  Therefore, the Southern District of New York is a proper venue for this action.

C. **Notice to Adverse Parties and State Court**

19. Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, orders, and other documents served on Hyatt Corporation by Plaintiffs are attached hereto.

20. In accordance with 28 U.S.C. § 1446(d), Hyatt Corporation will promptly file a copy of this Notice of Removal with the Superior Court of the State of New York for the County of New York, and serve a copy of the same on counsel for all parties.

D. **Reservation of Rights**

21. By filing this Notice of Removal, Defendant-Petitioner Hyatt Corporation does not waive any defense which may be available to it, specifically including but not limited to, the rights

140343908.1

to assert any and all defenses and objections, including the right to contest in personam jurisdiction, improper service of process, and the absence of venue in this Court or in the court from which the action has been removed.

22. Hyatt Corporation intends to contest personal jurisdiction in Plaintiffs' case and will timely file a motion to dismiss. The removal of a case by a defendant pursuant to 28 U.S.C. § 1332 does not constitute a waiver of the defense of personal jurisdiction by the removing defendant. *WMCV Phase 3, LLC v. Shushok & McCoy, Inc.*, 750 F. Supp. 2d 1180, 1186 (D. Nev. 2010) (citing *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929)).

23. For the foregoing reasons, all parties to the Civil Action pending in the Supreme Court of the State of New York, County of New York, Index No. 153296/2024 are ***hereby notified*** pursuant to 28 U.S.C. §1446 that Removal of this action and all claims and causes of action therein is effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to 28 U.S.C. §1446; the Civil Action is removed from the State Court to the United States District Court, SOUTHERN DISTRICT of New York; and, the parties to the Civil Action shall proceed no further in the State Court.

**WHEREFORE,** Hyatt Corporation prays that the above-entitled action be removed from the Supreme Court of the State of New York for the County of New York, to the United States District Court for the Southern District of New York.

Dated: New York, New York
May 15, 2024

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP
By:
  /s/*Amneet Mand*
Amneet Mand, Esq.
Attorneys for Defendant-Petitioner
HYATT CORPORATION,

140343908.1

                                                77 Water Street, Suite 2100  
                                                New York, NY  10005  
                                                Tel. No.:  (212) 845-9006  
                                                amneet.mand@lewisbrisbois.com

To:     EVAN MILES GOLDBERG, PLLC  
         Attorneys for Plaintiff  
         Z.A., et al.  
         400 East 57th Street, Ste. 4M  
         New York, NY 10022  
         Tel: 212-888-6497  
         egoldberg@emglawfirm.com