

Amneet Mand
77 Water Street, Suite 2100
New York, New York 10005
Amneet.Mand@lewisbrisbois.com
Direct: 212.845.9006

July 24, 2024                                                    File No. 26756.88

<u>*Via ECF*</u>

Hon. Sarah L. Cave, Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

     Re:    Z.A., an infant by and through his Parents and Natural Guardians, and Carmit
               Archibald, George Archibald v. Hyatt Corporation
               Docket No. 1:24-cv-03742-VSB

Dear Judge Cave:

      Our firm is counsel to Defendant, Hyatt Corporation ("Defendant"), in the above-referenced matter. We are writing to Your Honor to address the recent filings in this matter including the July 19, 2024 Certificate of Default (ECF Doc. No 13) and Your Honor's July 23, 2024 Order requesting action to be taken within thirty ("30") days of the Order (ECF Doc. No. 14).  We are respectfully requesting that the Court not enter a default as to Hyatt Corporation and permit the Defendant to file a response to Plaintiff's Complaint (the "Complaint") for the reasons set forth below.

      As this Court is aware, in the event that a Defendant's Answer, is filed late, a court is permitted to consider the issue as one of default. *See John v. Sotheby's, Inc.*, 141 F.R.D. 29, 35 (S.D.N.Y. 1992). The court may then consider whether, under the factors discussed in *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993), default should not be entered.. *Liang v. Home Reno Concepts, LLC*, 803 F. App'x 444, 446 n.2 (2d Cir. 2020).

      Three criteria must be assessed in order to decide whether to relieve a party from default or from a default judgment, which are: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. *Enron Oil Corp.*, 10 F.3d 90 at 96.  Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

143168225.1

Hon. Sarah L. Cave, Magistrate Judge
July 24, 2024
Page 2

default would bring about a harsh or unfair result. *See Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 320 (2d Cir. 1986). As discussed in detail below, the application of the *Enron* factors to the instant matter weigh heavily against the entry of a default and in favor of permitting the Defendant to file a response to the Complaint. A copy of the Defendant's Proposed Answer, is annexed hereto as "Exhibit 1".

## I.     Defendant Did Not Willfully Fail to File an Answer.

Willfulness is the factor that carries the most weight. *De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013). In the context of a default, willfulness "'refer[s] to conduct that is more than merely negligent or careless,' but is instead 'egregious and not satisfactorily explained.'" *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015). Default is willful where a defendant demonstrates "a clear pattern of willful and deliberate disregard for the litigation." *Id.* at 187. Gross negligence may weigh against the defaulting defendant, but it does not amount to willfulness. *See American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996); *Nikolaeva v. Home Attendant Servs. of Hyde Park*, No. 15-CV-6977 (NGG) (RER), 2018 WL 6984837, at *2 (E.D.N.Y. 2018), *adopted by* 2019 WL 147721 (2019).

Here, Defendant Hyatt did not engage in any willful behavior with respect to failing to file an Answer to the Complaint. Hyatt Corporation was served with the Summons and Complaint on April 24, 2024. Hyatt then moved promptly to retain litigation counsel. The undersigned, having reviewed the Complaint and noting that it evidences diversity jurisdiction, timely removed the matter to the instant Court, with a Notice of Removal filed on May 15, 2024. (ECF Doc. No. 1).

Thereafter, the Clerk of this Court requested Defendant Hyatt to re-file the Rule 7.1 Corporate Disclosure Statement ("Statement"), which was filed incorrectly twice. The undersigned submits these filings were firm errors as the staff did not understand the reason that the Statement had been returned as a deficient filing. A correct Statement was finally filed with this Court on June 25, 2024. In the confusion of filing and re-filing several Statements, our firm neglected to file Hyatt Corporation's Answer. The failure to file a timely Answer was not willful nor deliberate, it was an oversight. The Defendant's filing of numerous Corporate Disclosure Statements in response to the Clerk's requests for corrections evidences the Defendant's intent to appear in this matter, and to participate meaningfully in this litigation.

## II.     The Defendant Has a Meritorious Defense.

The Defendant also has a meritorious defenses to this lawsuit. "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp.*, 10 F.3d at 98. This standard is not demanding, and defendants are not required to show a likelihood of success on their defense; however, they must "articulate a defense with a degree of specificity which directly

Hon. Sarah L. Cave, Magistrate Judge
July 24, 2024
Page 3

relates that defense to the allegations set forth in the plaintiff's pleadings and raises a 'serious question' as to the validity of those allegations." *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 339 (S.D.N.Y. 2013). In other words, an examination of the merits of the defense is not appropriate at the default judgment stage. *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996).

The defaulting defendant need only meet a low threshold to satisfy this factor. *Patrick v. Local 51, Am. Postal Workers Union*, 2020 U.S. Dist. LEXIS 80219 (S.D.N.Y. 2020); *Meehan v. Snow*, 652 F.2d 274 (2d Cir. 1981). A court will find that a "defendant's allegations are meritorious if they contain 'even a hint of a suggestion'' which, if proven at trial, would constitute a complete defense." *Puddu v. 6D Glob. Techs., Inc.*, 2020 U.S. Dist. LEXIS 95460, at *13 (S.D.N.Y. 2020). Inasmuch as the Defendants deny all material allegations and stand ready to assert several affirmative defenses, they satisfy the low threshold necessary to establish a meritorious defense under the third prong of this test. *Holford USA v. Harvey*, 169 F.R.D. 41, 44 (S.D.N.Y. 1996). For example, in the context of a motion to vacate a default, a defense that the parties were properly paid constitutes a "meritorious defense." *See Franco v. Ideal Mortg. Bankers, Ltd.*, No. 07-CV-3956, 2010 U.S. Dist. LEXIS 98916, 2010 WL 3780972, at *3 (E.D.N.Y. 2010). Moreover, "standard procedural defenses (such as failure to state a claim... and limits on plaintiff's ultimate recovery of compensatory damages under state law), which go beyond conclusory denials and raise serious question about the validity of plaintiff's allegations, make them meritorious." *Nelson v. Gleason*, No. 14CV870A, 2016 U.S. Dist. LEXIS 161886, at *12 (W.D.N.Y. 2016).

Here, Hyatt's proposed Answer, which is annexed hereto as "Exhibit 1", asserts several affirmative defenses which would raise a serious question about the validity of the Plaintiffs' allegations, and potentially bar recovery Plaintiffs' claims, including failure to state a claim, and limits on Plaintiffs' recovery of compensatory damages. Moreover, in the Defendant's Notice of Removal, they notified this Court and opposing counsel of their intent to contest personal jurisdiction and file a motion to dismiss. (Para 22 of ECF Doc. No. 8). In accordance with the case law detailed above, such defenses, and the additional affirmative defenses detailed in Hyatt's Proposed Answer, constitute meritorious defenses.

### III.    Extending Defendant's Time to Answer Will Not Result in Any Prejudice to Plaintiffs.

Courts have long held that "prejudice here is more than mere delay; the plaintiff must show that the delay caused a loss of evidence, adds difficulties in discovery, or "provide[s] greater opportunity for fraud and collusion." *See Jones v. Herbert*, 2004 U.S. Dist. LEXIS 30167 (W.D.N.Y. 2004); *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir.1983).

In this matter, allowing Defendant Hyatt to file a late Answer will not affect any appearances or other deadlines, as none have been scheduled to date. There has been no discovery, and there is no

Hon. Sarah L. Cave, Magistrate Judge
July 24, 2024
Page 4

lengthy delay that would raise an issue as to potential loss of evidence, nor opportunity for fraud or collusion.

The undersigned has conferred with Plaintiffs' counsel regarding their request for default, to apologize for the oversight, and to assure counsel that the failure to file the Answer was not willful nor deliberate. The undersigned further advised that an Answer is ready to be filed and requested permission to file a late Answer on consent, assuring counsel that all future deadlines will be met.* The parties discussed potential prejudice as well. Plaintiff's counsel raised the concern that permitting Hyatt to file a late Answer would give Hyatt leave to make a motion to dismiss for lack of personal jurisdiction, as noted in their removal papers. The undersigned explained that courts typically do not consider this to be the type of "prejudice" that would merit a default. Indeed, the question of whether a Defendant has a meritorious defense that would support a motion to dismiss is a factor that weighs *against* default. It should be noted that Plaintiff's counsel requested that Hyatt waive personal jurisdiction, in considering consent to file a late Answer, which the undersigned denied. It goes without saying that Hyatt does not waive any rights or affirmative defenses. In sum, Plaintiffs have not shown a prejudice exists which is sufficient to merit such an extreme sanction as a default judgment.

*At the time this letter is being filed, the undersigned has been notified that Plaintiffs do not consent to a late Answer, and will not withdraw their request for default.

### IV.   Equitable Factors Also Support Granting Defendant An Extension of Time to Answer.

A balance of equities also weighs heavily in favor of setting aside the default. An entry of default would result in "a harsh or unfair result" by denying the defendant's an opportunity to defend the action on the merits. *See Joe Hand Promotions, Inc. v. Capomaccio*, No. 09-CV-6161, 2009 U.S. Dist. LEXIS 92979, at *19 (W.D.N.Y. 2009). The Second Circuit has consistently held that "[d]efaults are not favored... and doubts are to be resolved in favor of a trial on the merits." *Meehan*, 652 F.2d at 277 (2d Cir. 1981). "The extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." *First Choice Sourcing Sols., LLC v. Future Tire Co., Ltd.*, No. 2:20-cv-01299-ARR-AYS, 2020 U.S. Dist. LEXIS 238929, at *5 (E.D.N.Y. 2020); *see also Davis v. Musler*, 713 F.2d 907 at 916.

Hon. Sarah L. Cave, Magistrate Judge
July 24, 2024
Page 5


     Based upon the foregoing, it is respectfully submitted that this Honorable Court extend the Defendant's time to file, and accept the annexed Proposed Answer, "Exhibit 1", and vacate the Certificate of Default (ECF Doc. No. 13).

          Very truly yours,

          *Amneet Mand*

          Amneet Mand of
          LEWIS BRISBOIS BISGAARD &
          SMITH LLP


AM

CC:
Evan Miles Goldberg, PLLC
Evan Goldberg, Esq.,
Attorneys for Plaintiffs
400 East 57th Street
New York, NY 10022
212-888-6497
egoldberg@emglawfirm.com

143168225.1

EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

Z.A., an Infant, by and through his Parents and Natural
Guardians, CARMIT ARCHIBALD and GEORGES
ARCHIBALD, and CARMIT ARCHIBALD, *individually*

|  |  |
|---|---|
| *Plaintiffs,* | Civil Docket No. 1:24-cv-03742 |
| -against- | |
| | **ANSWER WITH** |
| | **AFFIRMATIVE DEFENSES** |
| HYATT CORPORATION, | |
| *Defendant.* | |

------------------------------------------------------------------------ x

## DEFENDANT HYATT CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant, HYATT CORPORATION, by way of Answer to Plaintiff's Complaint with Affirmative Defenses, hereby avers as follows:

## NATURE OF ACTION

1. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

2. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

3. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

**WHEREFORE**, Defendant Hyatt Corporation demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees in this matter.

## PARTIES

**A. <u>PLAINTIFFS</u>**

4. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

5. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

6. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

**WHEREFORE**, Defendant Hyatt Corporation demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees in this matter.

**B. <u>DEFENDANT HYATT CORPORATION</u>**

7. Admitted in part and denied in part. It is admitted only that Hyatt Corporation is incorporated in Delaware. The remaining averments in this paragraph are denied.

8. Admitted.

9. Admitted in part and denied in part. It is admitted only that Hyatt Corporation has a principal place of business in Chicago, Illinois. The remaining averments in this paragraph are denied.

10. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

11. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

12. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

13. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

**WHEREFORE**, Defendant Hyatt Corporation demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees in this matter.

## JURISDICTION AND VENUE

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

29. Denied.

30. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

31. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

36. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

**WHEREFORE**, Defendant Hyatt Corporation demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees in this matter.

## AS AND FOR A CAUSE OF ACTION FOR VICARIOUS LIABILITY BASED ON APPARENT AGENCY OR AGENCY BY ESTOPPEL

37. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

38. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

39. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

40. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

41. Denied. Hyatt Corporation lacks sufficient knowledgeor information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

42. Denied.

43. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

**WHEREFORE**, Defendant Hyatt Corporation demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees in this matter.

### A.  Plaintiffs' Reliance on Hyatt's Representations

44. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

45. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

46. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

47. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

48. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

49. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

50. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

51. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

52. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

53. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

54. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

55. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

56. Denied.

57. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

**WHEREFORE**, Defendant Hyatt Corporation demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees in this matter.

### B. <u>Z.A.'s Severe Injury, Facial Disfigurement and Toppling of the Unsecured Aquatic Basketball Hoop</u>

58. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

59. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

60. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

61. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

62. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

63. Denied. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

64. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

65. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

66. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

67. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

68. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

69. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

70. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

71. Denied.

72. Denied.

73. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied. Hyatt Corporation lacks sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph; therefore, they are denied.

78. Denied

79. Denied

80. Denied.

**WHEREFORE**, Defendant Hyatt Corporation demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees in this matter.

## <u>AFFIRMATIVE DEFENSES</u>

1. Plaintiffs have failed to state a claim upon which relief can be granted, and as such, the Complaint must be dismissed.

2. The Court lacks personal jurisdiction over Hyatt Corporation for the claims and causes of action alleged in the Complaint.

3. The Court lacks subject matter jurisdiction over the claims and causes of action set forth in the Complaint.

4. Hyatt Corporation is not a proper party to this action.

5. Hyatt Corporation did not own, operate, manage, or control Park Hyatt St. Kitts Christophe Harbour Resort in St. Kitts and Nevis in the British West Indies.

6. Hyatt Corporation did not design, or manufacture or sold the product that allegedly injured the Plaintiffs..

7. Hyatt Corporation made no representations, either impliedly or expressly, upon which Plaintiffs' allegedly relied.

8. Hyatt Corporation breached no express or implied warranties.

9. Hyatt Corporation had not actual or constructive notice of any condition or defect alleged by Plaintiffs'.

10. Hyatt Corporation did not breach any duty of care to Plaintiffs.

11. Hyatt Corporation complied with all applicable laws, rules, regulations, and standards at all material times.

12. Plaintiffs' losses and/or damages, if any, were not caused in fact or proximately caused by Hyatt Corporation.

13. The alleged incident and injuries occurred as a result of the Plaintiffs' own contributory or comparative negligence.

14. The alleged incident and injuries occurred as a result of the Plaintiffs' highly reckless conduct.

15. The alleged incident and injuries occurred as a result of the Plaintiffs' product misuse.

16. The alleged incident and injuries occurred as a result of the Plaintiffs' altering the product and/or its accessory components prior to the use of the product.

17. Hyatt Corporation is not aware of any defects with respect to the subject product.

18. Hyatt Corporation reserves the right to assert the defense that the product and its accessory components were state of the art.

9

19. The alleged incident and injuries occurred as a result of a known risk, which was assumed.

20. The alleged incident resulted from circumstances beyond Hyatt Corporation's control.

21. The alleged incident resulted from a force majeure.

22. The Plaintiffs' damages were caused by a person, persons or entity over which Hyatt Corporation has no control.

23. Hyatt Corporation does not have agency, employment, respondent superior and/or vicarious liability with any person, persons, or entity that caused Plaintiffs' damages.

24. Plaintiffs' injuries or losses are due solely, or in party, to the actions and omissions of a third-party or parties.

25. Plaintiffs' injuries or losses are due solely, or in party, to the actions and omissions of a third-party or parties over whom Hyatt Corporation exercised no control.

26. Plaintiff failed to join indispensable parties.

27. If Plaintiffs' failed to follow the advice of their health care providers, then Plaintiffs' recovery is barred or reduced by their failure to mitigate damages.

28. Plaintiffs' are not entitled to maintain the cause of action on the grounds that they have not met the statutory prerequisites and are therefore barred from recovery.

29. Plaintiffs' claims against Hyatt Corporation, if established at trial, do not arise to the level required to obtain an award of punitive damages.

30. Hyatt Corporation reserves the right to assert all defenses disclosed or developed in the course of discovery, arbitration and/or trial.

**WHEREFORE**, Defendant Hyatt Corporation demands judgment in its favor and against

Plaintiffs, together with costs and attorneys' fees in this matter.

Dated: July 24, 2024
      New York, NY

                     Respectfully submitted,

                     LEWIS BRISBOIS BISGAARD & SMITH LLP
                     By:

                        *Amneet Mand*

                     _____
                     Amneet Mand, Esq.
                     Attorneys for Defendant,
                     HYATT CORPORATION,
                     77 Water Street, Suite 2100
                     New York, NY  10005
                     Tel.:  (212) 845-9006
                     amneet.mand@lewisbrisbois.com

To:     EVAN MILES GOLDBERG, PLLC
         Attorneys for Plaintiff
         Z.A., et al.
         400 East 57th Street, Ste. 4M
         New York, NY 10022
         Tel: 212-888-6497
         egoldberg@emglawfirm.com