# Evan Miles Goldberg PLLC
Attorney & Counselor at Law

400 East 57th Street, Suite 4M | New York, NY 10022 | P: (212) 888-6497 | F: (646) 751-7938 | egoldberg@emglawfirm.com

---

July 29, 2024

**VIA ECF**
The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    RE: **Z.A., an Infant, *et al*. v. Hyatt Corporation**
       **Docket No. 1:24-cv-03742-VSB**

Dear Judge Broderick:

  I write on behalf of Plaintiffs to respectfully oppose Defendant Hyatt Corporation's request to extend their time to file an answer and vacate the Clerk's Certificate of Default.[1]

**Case Background and Procedural History**

  This case involves severe injuries sustained by Z.A., an infant, while on a family vacation at the Park Hyatt St. Kitts Christophe Harbour Resort in the British West Indies. Plaintiffs allege that Defendant Hyatt Corporation is vicariously liable for these injuries under theories of apparent agency or agency by estoppel. The case's relevant procedural history is as follows:

- **April 9, 2024:** Plaintiffs filed a Summons and Verified Complaint in New York State Supreme Court, County of New York.
- **April 15, 2024**: Defendant Hyatt Corporation was served via the New York Secretary of State as registered agent.
- **May 15, 2024:** Defendant filed a Notice of Removal and a deficient Rule 7.1 Corporate Disclosure Statement (ECF 1-3).
- **May 16, 2024:** Court clerk notified defense counsel of the deficient Rule 7.1 Corporate Disclosure Statement.
- **May 17, 2024:** Plaintiffs' counsel entered a notice of appearance (ECF 4).
- **May 20, 2024:** Defense counsel entered a notice of appearance (ECF 5).
- **June 20, 2024:** Plaintiffs filed a Request for Certificate of Default, Affirmation in Support, Proof of Service, and Proposed Order (ECF 6).
- **June 20, 2024:** The same day as Plaintiff's first Request for Certificate of Default, defense counsel filed another deficient Rule 7.1 Corporate Disclosure Statement and was again notified of the deficiency (ECF 7).

---

[1] Defendant's letter motion was addressed to Magistrate Judge Cave but it should have been directed to Judge Broderick,

- **June 24, 2024:** Court clerk issued another notice regarding the deficient Rule 7.1 Disclosure Statement.
- **June 25, 2024:** Defense counsel filed their third Rule 7.1 Corporate Disclosure Statement (ECF 8).
- **July 11, 2024:** Plaintiffs again filed a Proposed Clerk's Certificate of Default, Request for Clerk's Certificate of Default, and Affirmations in Support (ECF 9-12).
- **July 19, 2024:** Clerk issued a Certificate of Default (ECF 13).
- **July 22, 2024**: Court issued an Order directing plaintiffs to proceed with default judgment (ECF 14).
- **July 24, 2024:** Defense counsel filed a letter motion requesting an extension of time to answer and to vacate the Clerk's entry of default (ECF 15).

### Argument in Opposition

Defendant Hyatt Corporation has not shown good cause for the delay in failing to answer. A showing of "good cause" is required to set aside an entry of default. Fed. R. Civ. P. 55(c). A decision to set aside a default is a decision left to the sound discretion of the district court because "it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). The standard applied to gauge "good cause" under Rule 55(c) depends on (1) whether the default was willful; (2) whether a meritorious defense is presented; and (3) whether setting it aside would potentially prejudice the adversary. *Id* at 96; *see also Meehan v. Snow*, 652 F.2d 274, 277 (2d. Cir. 1981).

In its letter motion (ECF 15), Defendant claims that the default was due to what it vaguely described as an "oversight," yet it provided no supporting affidavit from a person with personal knowledge, and thereby failed to establish good cause. Plaintiffs twice requested the Clerk to issue a Certificate of Default, each time submitting supporting affirmations. Defendant was served notice via ECF on both occasions. Despite this, Defendant did not act until after the Clerk issued the Certificate of Default and Your Honor ordered Plaintiffs to proceed pursuant to the Court's local rules. Plaintiffs were ordered to take action within 30 days by Order to Show Cause to enter the default judgment. Only then did Defendant move to vacate the default and request an extension of time to file an answer.

The Second Circuit has established that "a defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense." *Enron Oil Corp*, 10 F.3d at 98. Here, Defendant has not provided an affidavit from an individual with personal knowledge of the facts to support any their purported defenses. This absence is significant because affidavits provide the necessary detail and factual basis for the Court to evaluate the potential merits of the defense. While a party seeking to vacate a default need not conclusively establish the validity of their defense, they must provide more than mere conclusory statements. *Enron Oil Corp.* at 98. General denials and boilerplate affirmative defenses to not meet this threshold.

Granting defendant's an extension to answer and vacating the clerk's certificate of default would unfairly disadvantage Plaintiffs, who have diligently pursued their claims and expended

resources in pursuing a default. Defendant's request for an extension of time to answer should have been made before the time the answer was due.

This Court should deny defendant's letter motion (ECF 15) in its entirety.

Respectfully submitted,

/s/ Evan M. Goldberg

Evan M. Goldberg
EVAN MILES GOLDBERG, PLLC

cc: Amneet Mand, Esq. (Via ECF)
      Counsel for Defendant Hyatt Corporation