UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
Z.A., *et. al.*, :
:
                          Plaintiffs, :
:      24-CV-3742 (VSB)
            -against- :
:      **OPINION & ORDER**
:
HYATT CORPORATION, :
:
                         Defendant. :
------------------------------------------------------------X

Appearances:

Evan Goldberg
Evan Miles Goldberg, PLLC
New York, NY
*Counsel for Plaintiffs*

Amneet Mand
Lewis Brisbois Bisgaard & Smith LLP
New York, NY 10005
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

      Before me is a letter motion filed by Defendant Hyatt Corporation ("Hyatt") to set aside and vacate the entry of default against it and for leave to file a responsive pleading. Because I find that Hyatt has demonstrated "good cause" for the relief requested, *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) (quoting Fed. R. Civ. P. 55(c)), Defendant's motion to vacate the default and its motion for leave to file a responsive pleading is GRANTED.

      **I.**    **Factual and Procedural Background**

      On April 9, 2023, an aquatic basketball hoop located at the Park Hyatt in St. Kitts toppled over and caused Plaintiff Z.A., an individual under the age of fourteen, permanent injuries. On

April 9, 2024, Plaintiff ZA's parents, Carmit and Georges Archibald (collectively, "Plaintiffs"), originally filed this action in New York Supreme Court, County of New York.  (Doc. 1-1 ("Complaint").)  Defendant was served with the Summons and Complaint through the use of the New York State Secretary of State on April 15, 2024.  (*See* Doc. 6-2.)  On May 15, 2024, prior to filing its answer or otherwise responding to the Complaint, Defendant Hyatt removed this action to this Court on the basis of diversity jurisdiction.  (Doc. 1 ¶ 4 (citing 28 U.S.C. § 1446).)  That same day, Defendant attempted to file its Rule 7.1 Corporate Disclosure statement, (Doc. 3), but was notified by the Clerk of Court that the filing was deficient.  On June 20, 2024, due to Defendant's failure to timely answer, Plaintiffs requested that the Clerk of Court issue a certificate of default.  (Doc. 6.)  Defendant again filed a deficient 7.1 Corporate Disclosure Statement on that same day.  (Doc. 7.)  After the Clerk of Court issued another notice to counsel regarding the filing's deficiencies, Defendant refiled its Rule 7.1 Corporate Disclosure Statement for the third time, this time correctly.  (Doc. 8.)

On July 11, 2024, Plaintiffs filed a second Proposed Clerk's Certificate of Default, (Doc. 9), accompanying attorney affirmations, (Docs. 10–11), and a Certificate of Service, (Doc. 12).  The Clerk of Court entered the Certificate of Default on July 19, 2024.  (Doc. 13 ("Certificate of Default").)  On July 22, 2024, I issued an Order directing Plaintiffs to take action in accordance with my Individual Rule 4.H governing default judgments within thirty days.  (Doc. 14.)  On July 24, 2024, Defendant filed the instant letter motion seeking to vacate the Clerk's Certificate of Default and requesting leave to file a responsive pleading.  (Doc. 15.)  After notifying me of its intent to file a letter in opposition, (Doc. 16), Plaintiffs filed their letter response on July 29, 2024, (Doc. 17).

## II. **Legal Standard**

"Where, as here, the Clerk of Court has entered a Certificate of Default, but no default judgment has yet been entered, the Court decides a motion to vacate the entry of default pursuant to the 'good cause' standard under Fed. R. Civ. P. 55(c), which is more lenient than the standard to set aside a default judgment under Rule 60(b)." *Bizelia v. Clinton Towers Mgmt.*, No. 20-CV-8065, 2023 WL 8258884, at *1 (S.D.N.Y. Nov. 29, 2023); *see also Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012) (summary order) ("Rule 55(c) permits a party to be relieved of default 'for good cause,' whereas a default judgment may only be set aside in accordance with Rule 60(b)."). Although Rule 55(c) does not define "good cause," the Second Circuit has advised district courts to consider three criteria in deciding a motion to vacate a default judgment: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron*, 10 F.3d at 96; *accord Peterson*, 467 F. App'x at 33. Courts may also consider "whether the entry of default would bring about a harsh or unfair result." *Enron*, 10 F.3d at 96. The Second Circuit generally disfavors defaults and "has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995); *see also Enron*, 10 F.3d at 95; *Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995) (noting that there is a "limitation on the scope of the district court's discretion" because of the Second Circuit's "preference for resolving disputes on the merits"). Accordingly, "in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

### III. <u>Discussion</u>

#### A. *Willfulness*

First, I must evaluate whether Defendant's default was willful. In the context of default judgment, willfulness refers to conduct that is "more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). In other words, willfulness is "egregious or deliberate conduct," such as where a defaulting defendant makes "a strategic decision to default." *OEC Freight (NY) Inc. v. Stanley Furniture Co.*, No. 20-CV-9556, 2023 WL 3080775, at *3 (S.D.N.Y. Apr. 25, 2023) (quoting *Am. Alliance Ins. Co., v. Eagle Ins. Co.*, 92 F.3d 57, 60 (2d Cir. 1996)). The inquiry for determining whether a defendant acted willfully focuses on what actions, if any, the defaulting party took "after it became aware of the existence of the litigation or entry of default." *Haran v. Orange Bus. Servs. Inc.*, No. 21-CV-10585, 2022 WL 2306945, at *2 (S.D.N.Y. June 27, 2022) (internal quotation marks omitted). "Thus, even where notice was adequate and the defaulting party failed to rebut the presumption of receipt, if the party responded promptly after learning of the action, courts have found that the party's default was not willful." *Id.* (internal quotation marks omitted).

Here, I find that Defendant did not act willfully for three at least reasons. First, Defendant "actively defended" this action even prior to the issuance of the Certificate of Default by removing the action to federal court and stating in its removal papers its intention to file a motion to dismiss. *See Youth Alive v. Hauppauge Sch. Dist.*, No. 08-CV-1068, 2011 WL 4628751, at *4 (E.D.N.Y. Sept. 30, 2011) (deeming the defendants' active defense of the action to be a sufficient basis for finding that defendants lacked an improper motive in failing to timely answer). Second, Defendant took "quick actions upon [its] receipt of the notice of default." *OEC Freight*, 2023 WL 3080775, at *3. The Second Circuit has found that a defendant's prompt

application for a motion to set aside an entry of default suggests that the default was not willful. *See Enron Oil Corp.*, 10 F.3d at 98. Here, two days after the Certificate of Default was issued, Defendant filed the instant letter motion after having previously conferred with Plaintiffs' counsel regarding its intention to seek such relief. (*See* Doc. 15 at 4.) Such a prompt response suggests that Defendant did not act willfully, but rather fully intended on defending itself in this suit. *See Swarna v. Al–Awadi*, 622 F.3d 123, 142–43 (2d Cir. 2010) (determining that default was not willful where the defendants retained counsel one day after receiving the motion for default judgment and where counsel moved for an extension of time to respond one week later); *Peoples v. Fisher*, 299 F.R.D. 56, 59–60 (W.D.N.Y. 2014) (finding that the defendants did not act willfully where settlement discussions were ongoing between the parties and where, upon entry of default, the defendants immediately moved to vacate the default); *Tripmasters, Inc. v. Hyatt Int'l Corp.*, No. 82-CV-6792, 1984 WL 1057, at *3 (S.D.N.Y. Oct. 23, 1984) (vacating default judgment under the heightened standard for Rule 60(b) where the defaulting party "moved promptly to vacate the default judgment once it discovered that the judgment had been entered"). Third, I credit Defendant's explanation that its failure to timely answer was "an oversight" due to the "confusion of filing and re-filing" its Rule 7.1 Corporate Disclosure Statement, which evinces its "intent to appear in this matter, and to participate meaningfully in this litigation." (Doc. 15 at 2.) Thus, Defendant's neglect was not willful. *See Holford USA Ltd. v. Harvey*, 169 F.R.D. 41, 44 (S.D.N.Y. 1996) (finding that attorney oversight in failing to timely file an answer was not willful where attorney participated in litigation before and after default and therefore vacating default); *Lutwin v. New York*, 106 F.R.D. 502, 504 (S.D.N.Y. 1985) (vacating default where Defendants missed deadline due to inadvertence and mistake), *aff'd*, 795 F.2d 1004 (2d Cir. 1986).

5

### B.     *Prejudice*

Next, I must consider the level of prejudice that Plaintiffs may suffer if I were to grant the motion to vacate. "Because relief from a default entry essentially is a matter of fairness and judicial discretion, the single most persuasive reason for denying a Rule 55(c) motion is prejudice to the non-defaulting party caused by reopening the action." *Select Harvest USA LLC v. Indian Overseas Bank*, No. 22-CV-3931, 2023 WL 2664079, at *12 (S.D.N.Y. Mar. 28, 2023) (alterations omitted) (quoting 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2699 (4th ed. 2023)). Delay alone does not establish the prejudice required to defeat a motion to vacate a default. *See Johnson v. New York Univ.*, 324 F.R.D. 65, 71 (S.D.N.Y. 2018) (citing *Enron Oil Corp.*, 10 F.3d at 98). "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id*. (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)).

Vacating the default in this case would not prejudice Plaintiffs. The only prejudice Plaintiffs claim—that they will be "unfairly disadvantage[d]" because they have "expended resources in pursuing a default," (Doc. 17 at 2)—is conclusory, insufficient to establish any cognizable prejudice at this early stage, and greatly outweighed by the Second Circuit's strong preference for resolving disputes on the merits. *See Enron*, 10 F.3d at 95. Thus, this case does not present the requisite level of prejudice to Plaintiffs.

### C.     *Meritorious Defense*

Lastly, I must consider whether Defendant has proffered "a meritorious defense," which is measured "not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp.*, 10 F.3d at 98. In other words, to make a sufficient showing of a meritorious defense, a defendant

6

"need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004) (quoting *McNulty*, 137 F.3d at 740).

Here, Defendant's Proposed Answer, (*see* Doc. 15 at 8–17), includes a number of affirmative defenses that raise potentially viable grounds for defending against Plaintiffs' claims, including that I do not have personal or subject matter jurisdiction, and that Hyatt is not a proper party to this action, (*id*. at ¶¶ 2–4). Although Plaintiffs make much of the fact that Defendant did not submit an affidavit to support its defenses, I must resolve "all doubts . . . in favor of the party seeking relief." *Green*, 420 F.3d at 104; *see also Trisura Ins. Co. v. Bighorn Constr. & Reclamation, LLC*, No. 23-CV-11053, 2024 WL 1658853, at *4 (S.D.N.Y. Apr. 17, 2024). Therefore, I find that the affirmative defenses pled by Defendant meet the "low threshold" for raising a meritorious defense. *Levy v. Nierman*, No. 17-CV-4022, 2019 WL 147462, at *3 (S.D.N.Y. Jan. 8, 2019); *see also Franco v. Ideal Mortgage Bankers, Ltd.*, No. 07-CV-3965, 2010 WL 3780972, at *3 (E.D.N.Y. Aug. 23, 2010) (recommending that Defendant who filed an answer asserting twenty-five affirmative defenses be considered to have raised a meritorious defense), *report and recommendation adopted*, No. 07-CV-3956, 2010 WL 3780984 (E.D.N.Y. Sept. 17, 2010).

Accordingly, after balancing the Rule 55(c) factors, I find that Defendant has established good cause to set aside the Certificate of Default.

**IV.    Conclusion**

For these reasons, Defendant's motion to vacate the default and its motion for leave to file a responsive pleading is GRANTED. The Clerk of Court is respectfully directed to terminate

the open motion at Doc. 15. Defendant is ORDERED to file a responsive pleading on or before August 27, 2024.

SO ORDERED.

Dated: August 13, 2024
      New York, New York

*[signature]*

Vernon S. Broderick
United States District Judge