**SO ORDERED:** 9/11/2024

*[Signature]* Vernon Broderick
**HON. VERNON S. BRODERICK**
**UNITED STATES DISTRICT JUDGE**

# Evan Miles Goldberg PLLC
### Attorney & Counselor at Law
400 East 57th Street, Suite 4M | New York, NY 10022 | P: (212) 888-6497 | F: (...)

September 10, 2024

It is hereby ORDERED that Defendant's motion to dismiss and motion to stay discovery shall be filed on or before October 2, 2024; Plaintiff's opposition shall be filed on or before October 16, 2024; Defendant's reply shall be filed on or before October 23, 2024.

**VIA ECF**
The Honorable Vernon S. Broderick
United States District Judge, S.D.N.Y.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

RE:  **Z.A., an Infant, *et al*. v. Hyatt Corporation (Docket No. 1:24-cv-03742-VSB)**

Dear Judge Broderick:

I represent the Plaintiffs in the above-referenced action. Together with counsel for the Defendant, Amneet Mand, I submit this joint letter in response to Your Honor's Order dated August 27, 2024 (ECF 20). The parties have not reached an agreement on a proposed case management plan and scheduling order. Defendant contends that discovery should be stayed until its forthcoming motion to dismiss is resolved, while Plaintiffs argue that pre-motion discovery is warranted. As such, the attached proposed case management plan is submitted by Plaintiffs only, without concurrence from Defendant.

1. **Nature of the Action and Principal Defenses.**

**Plaintiffs' Response**: Plaintiff, Z.A., an infant, was severely injured while on a family vacation at a Park Hyatt resort in St. Kitts and Nevis. The injury occurred when an aquatic basketball hoop toppled over, causing severe and permanent injuries and facial disfigurement to Z.A. Plaintiffs, which include Z.A. and his parents, all residents of New York, seek to hold Hyatt Corporation liable based on theories of apparent agency and agency by estoppel, asserting that Hyatt Corporation had a significant degree of control over the resort and its operations, including the marketing, advertising, selling, and confirmation of plaintiff's vacation on the Hyatt website using World of Hyatt rewards points. Hyatt Corporation denies these allegations in its Answer and raises several affirmative defenses, including lack of personal jurisdiction. Hyatt denies liability for the incident.

**Defendant's Response:** Plaintiffs Z.A., by and through his Parents and Natural Guardians, CARMIT ARCHIBALD and GEORGES ARCHIBALD, and CARMIT ARCHIBALD individually, (hereinafter collectively "Plaintiffs") allege that Plaintiffs were injured on April 9, 2023 by an aquatic basketball hoop in the pool at Park Hyatt St. Kitts Christophe Harbour Resort. Defendant Hyatt Corporation denies these allegations, and denies any ownership, operation, management, supervision, control, and involvement in the Park Hyatt St. Kitts Christopher Harbour Resort.

2. **Explanation of why jurisdiction and venue lie in this Court.**

**Plaintiffs' Response:** Plaintiffs are residents and citizens of New York, New York. Defendant Hyatt is a Delaware Corporation with its principal place of business in Chicago, Illinois. The parties are citizens of different states and the amount in controversy exceeds $75,000. Plaintiffs allege that Hyatt Corporation, through is agency/apparent agency relationship with the Park Hyatt St. Kitts, made a deliberate business decision to continuously and systematically reach into the United States, and into New York specifically, to acquire nearly all its customers, rather than confining its business activities to St. Kitts and Nevis. Hyatt Corporation conducts systematic and continuous business activities in New York by operating, managing, and promoting various hotel properties within this district. Hyatt actively solicits and secures business from New York residents, including Plaintiffs, through its website and the World of Hyatt (WOH) loyalty rewards program, whereby Plaintiffs used WOH points to book their stay at the Park Hyatt St. Kitts. Plaintiffs' claims arise from actions that Hyatt Corporation directed toward New York residents, including marketing, advertising, and booking of Plaintiffs' vacation at a Hyatt-branded resort. Z.A.'s injuries are directly linked to these actions, establishing a connection between Hyatt's activities in New York. Venue is proper because all the plaintiffs reside in this district, and defendant is a resident of a different state. Venue is also proper because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, which, in this case, includes the booking of Plaintiff's vacation in New York.

**Defendant's Response:** Defendant Hyatt Corporation asserts that this court lacks personal jurisdiction over Hyatt Corporation. The affirmative defense of lack of personal jurisdiction was raised in Hyatt Corporation's answer and pre-answer letter motion to this Court. Defendant Hyatt Corporation intends on seeking an Order to dismiss the complaint based on lack of personal jurisdiction (see below Response to No. 3). Further, Defendant's Rule 7.1 Corporate Disclosure Statement identifying Hyatt Corporation's corporate parent as *Hyatt Hotels Corporation* filed on 6/24/24 is identified as Document No. 8 on this case's docket.

3. **Contemplated and/or Outstanding Motions**

**Plaintiffs' Response**: Plaintiff is informed that Defendant intends to file a motion premised on, *inter-alia*, lack of personal jurisdiction and *forum non conveniens* (FNC). At minimum, Plaintiffs request leave to conduct discovery on the issues defendant intends to raise in its motion prior to the Court hearing Hyatt's or permitting Hyatt's motion. Plaintiffs will oppose any such motion on grounds including that Hyatt's extensive business activities in New York, including its control and promotion of the Park Hyatt St. Kitts, establish sufficient contacts with the forum. Indeed, a defendant's marketing efforts directed to the residents of New York are particularly germane to the issue of personal jurisdiction. The Supreme Court stated in *Burger King Corp. v. Rudzewicz*, "So long as a commercial actor's efforts are 'purposefully directed' toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." 471 U.S. 462, 476 (1985). Moreover, defendant did not plead FNC as an affirmative defense in its answer. As such, plaintiff maintains that defendant has waived the ability to seek dismissal of this action on that basis. Plaintiff will also maintain there is no adequate alternative forum, and substantial deference is given to the Plaintiff's choice of forum.

**Defendant's Response:** Defendant Hyatt Corporation is filing a motion seeking an Order: 1) dismissing the complaint on the ground that there is no issue of material fact to dispute that i) this

court lacks personal jurisdiction over the Defendant, ii) the Defendant is an improper party to this action, and iii) pursuant to the doctrine of *forum non conveniens,* an adequate alternative forum exists in which to litigate this dispute; 2) granting a stay of all discovery until the aforementioned motion is decided; 3) granting such other and further relief that this court deems just and proper.

4. **Discovery That Has Already Taken Place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations.**

**Plaintiffs' Response:** No discovery has taken place yet. Pre-motion discovery between the parties is necessary to determine whether this Court has personal jurisdiction over Hyatt Corporation. If defendant is permitted to make an FNC motion, Plaintiff shall maintain that an alternative more convenient forum does not exist. The facts upon which a determination of defendant's motion to dismiss will rest are complicated and nearly entirely unknowable to plaintiffs without discovery. The evidence presently available supports a finding that Hyatt purposefully directed their marketing efforts to the State of New York, and the plaintiffs purchased their vacation on the Hyatt website using World of Hyatt loyalty points.

There are relevant issues to personal jurisdiction that may be clarified via production of documents, interrogatories, and the deposition testimony of certain officers of Defendant and their marketing team. One such issue is whether an agency relationship exists between Hyatt Corporation and the Park Hyatt St. Kitts. Of additional significance is the extent of Defendant's ales to, and marketing efforts directed toward, New York residents through the website Hyatt.com. If defendants FNC affirmative defense is not considered waived for failing to include it in their answer, pre-motion discovery will also be necessary to argue that an adequate alternative forum does not exist.

Plaintiffs will seek documents related to Hyatt Corporation's management, control, and financial interest in the Park Hyatt St. Kitts, as well as communications regarding the marketing and booking of the resort to New York residents. Depositions of witnesses to the incident and medical experts regarding Z.A.'s injuries may be necessary. Interrogatories will address relevant factors in determining whether the minimum contacts sufficient to sustain personal jurisdiction are present, including the number and nature of contracts Defendant has entered into with persons and entities in New York, together with the volume of sales made in New York over time and its relationship to defendant's total sales are relevant to characterizing defendant's relationship with this forum.

There are also other practical reasons to grant jurisdictional discovery. The depositions of witnesses regarding the issue of personal jurisdiction will necessarily also address liability and FNC issues because those issues are intertwined. Considerations of economy and efficiency dictate that depositions be taken only once.

**Defendant's Response:** No discovery has taken place to date, and Defendant is seeking an Order staying all discovery proceedings until the aforementioned motion has been decided.

5. **A brief description of prior settlement discussions (without disclosing the parties' offers or settlement positions) and the prospect of settlement.**

**Plaintiffs' Response**: Prior to filing suit, Plaintiffs initiated settlement discussions on February 20, 2024 by submitting a comprehensive 85-page demand letter with supporting documents to AIG, detailing Z.A.'s injuries. Plaintiffs offered to mediate in good faith to reach a fair settlement and avoid litigation. Defendant's response has been limited. On March 27, 2024, AIG presented a settlement offer that did not adequately reflect the severity of Z.A.'s injuries or the comprehensive nature of the claim. Plaintiffs remain committed to pursuing this case through litigation but are open to continued settlement discussions should the Defendant engage meaningfully.

**Defendant's Response**: The undersigned counsel have not engaged in settlement negotiations.

6. **Estimated Length of Trial**

**Plaintiffs' Response:** Plaintiffs estimate that trial will take approximately seven (7) days.

**Defendant's Response**: If the aforementioned motion is denied, and any appeal of same, a trial of this matter could take up to seven (7) days.

7. **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

**Plaintiffs' Response:** A key issue in this case will be establishing the degree of control Hyatt Corporation had over the Park Hyatt St. Kitts and whether it can be held vicariously liable for the incident under the doctrines of apparent agency or agency by estoppel. The relationship between Hyatt and Park Hyatt St. Kitts, as well as Hyatt's representations to the public, will be central to this determination. Given the potential for complex legal arguments surrounding these issues, Plaintiffs suggest that early discovery on such issues would assist in narrowing the disputes and potentially facilitate settlement. The court should order a pre-motion conference before permitting defendant to file it its motion.

**Defendant's Response**: Defendant will file the aforementioned motion this week and requests oral argument in the event that motion is opposed.

Respectfully submitted,

/s/ Evan M. Goldberg

Evan M. Goldberg
EVAN MILES GOLDBERG, PLLC

Encl.: Plaintiff's Proposed CMP and Scheduling Order

cc: Amneet Mand, Esq. (Via ECF)
Counsel for Defendant Hyatt Corporation