EXHIBIT D

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/25/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

H.H., an infant by NANCY HELD,
mother and natural guardian, and
Nancy Held individually,

                    Plaintiffs,

        - against -

HYATT HOTELS CORPORATION d/b/a GRAND
HYATT BAHA MAR, CTF BM OPERATIONS,
LTD. d/b/a BAHA MAR, and HYATT
SERVICES CARIBBEAN LLC,

                    Defendants.

23 Civ. 7083 (LLS)

OPINION & ORDER

    Plaintiffs, infant H.H. and her mother Nancy Held, allege
that H.H. suffered personal injuries due to a dangerous and
hazardous condition at the water park at the Grand Hyatt Baha
Mar. Defendants (hereinafter "Hyatt") Hyatt Hotels Corporation
("HHC"), CTF BM Operations Ltd. ("CTF"), and Hyatt Services
Caribbean LLC ("Hyatt Services") brought this motion pursuant to
Fed. R. Civ. P. 12(b)(2) to dismiss the action based on lack of
personal jurisdiction over defendants, or alternatively based on
forum non conveniens (Dkt. No. 20). They also moved to seal
certain supporting exhibits (Dkt. No. 32). In response,
plaintiffs requested a transfer to the District of Delaware or
the Northern District of Illinois (Dkt. No. 35). For the
following reasons, the Court finds that it has no personal
jurisdiction over the defendants and transfer would be improper,
and defendants' motion to seal is denied.

-1-

**BACKGROUND**

The following facts are alleged in the First Amended Complaint ("Compl.") (Dkt. No. 17) and assumed true for the purposes of this motion.

Plaintiffs H.H., an infant, and Nancy Held, H.H.'s mother and natural guardian, are residents of New York. Compl. ¶¶ 2-4. Defendants Hyatt and Hyatt Services are Delaware corporations with their principal places of business in Illinois. Id. ¶¶ 5, 23; HHC Decl. ¶ 4 (Dkt. No. 23); Hyatt Services Decl. ¶ 4 (Dkt. No. 22). Defendant CTF is a foreign business organized under the laws of the Bahamas with its principal place of business there. Compl. ¶ 14; CTF Decl. ¶ 7 (Dkt. No. 25).

Defendants Hyatt and CTF own a property in the Bahamas called the Grand Hyatt Baha Mar. Compl. ¶¶ 33-34. They lease that property to defendant Hyatt Services, the sole and exclusive agent of the Grand Hyatt Baha Mar. Id. ¶¶ 32, 35-40. Plaintiffs allege that all defendants regularly conduct, market, advertise, and/or solicit business within the State of New York, deriving substantial revenue from those services and interstate commerce. Id. ¶¶ 6-13, 15-22, 24-31.

On or around April 8, 2023, H.H. was on vacation at the Grand Hyatt Baha Mar. Id. ¶¶ 1, 45. While riding an inner tube in the lazy river, H.H. was pushed by water jets into a side wall, which was jagged and sharp. Id. ¶¶ 1, 45. H.H. sustained

personal bodily injuries, including a laceration of her foot,
permanent scarring, and disfigurement. Id. ¶¶ 1, 45, 48. After
reporting the incident to Hyatt employees and receiving
treatment from medical staff, H.H. was directed to stay off her
feet and refrain from participating in any activities at the
resort for the rest of the trip. Id. ¶¶ 49, 50. Plaintiffs
allege that defendants were aware of the dangerous condition
because of prior similar injuries, yet they failed to cure it.
Id. ¶¶ 47, 51, 66.

     Plaintiffs brought this action for negligence and product
liability on August 8, 2023 (Dkt. No. 1). On March 11, 2024,
defendants moved to dismiss for lack of personal jurisdiction or
forum non conveniens (Dkt. No. 20).

<b>DISCUSSION</b>

     On a motion to dismiss, the Court accepts "all factual
allegations in the complaint as true, drawing all reasonable
inferences in favor of the plaintiff." Kelly-Brown v. Winfrey,
717 F.3d 295, 304 (2d Cir. 2013). To survive a motion to
dismiss, a complaint must plead "enough facts to state a claim
to relief that is plausible on its face." Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible
"when the plaintiff pleads factual content that allows the court
to draw the reasonable inference that the defendant is liable
for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009).

"In order to survive a motion to dismiss for lack of personal jurisdiction, plaintiffs must make a prima facie showing that jurisdiction exists." Penguin Grp. (USA) Inc. v. Am. Buddha, 609 F.3d 30, 34-35 (2d Cir. 2011) (internal citations and quotations omitted). Plaintiffs must make "'legally sufficient allegations of jurisdiction,' including 'an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant.'" Id. at 35 (alteration in original) (quoting In re Magnetic Audiotape, 334 F.3d 204, 206 (2d Cir. 2003)).

This Court has personal jurisdiction over the defendants if (A) they consented to a valid and enforceable forum selection clause or (B) the Court's exercise of jurisdiction is proper under the laws of New York and comports with the Due Process Clause of the U.S. Constitution. See D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 103-04 (2d Cir. 2006); Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005). A forum selection clause is presumptively enforceable if the party seeking to enforce it can show that: (1) "the clause was reasonably communicated to the party resisting enforcement"; (2) the clause was mandatory and not merely permissive; and (3) "the claims and parties involved in the suit are subject to the forum selection clause." Phillips v. Audio Active Ltd., 494 F.3d

-4-

378, 383 (2d Cir. 2007).

Plaintiffs argue that the Court has personal jurisdiction over CTF because Baha Mar, which it owns and manages, has a New York forum selection clause on its website and has therefore consented to jurisdiction in New York. Pls.' Opp'n to Mot. to Dismiss. at 7 (Dkt. No. 35). The clause states:

> These Terms & Conditions and any dispute arising out of or related to the Terms & Conditions or use of the Site shall be governed in all respects by and construed and enforced in accordance with the laws of the State of New York, U.S.A., without regard to its conflicts of law principles. Exclusive jurisdiction over any cause of action arising out of these Terms & Conditions or your use of the Site shall be in state or federal courts located in or near New York, NY, U.S.A. You further agree to submit to the exercise of personal jurisdiction of such courts for the purpose of litigating any such claim or action.

Id. (citation omitted). However, plaintiffs made no reference to that forum selection clause in the Complaint or attached exhibits, meaning the Court cannot consider it. See Goldman v. Sol Goldman Invs., LLC, 559 F. Supp. 3d 238, 243 (S.D.N.Y. 2021) ("Upon a motion to dismiss, courts must only consider the complaint and documents attached to the complaint, unless any extrinsic documents have been incorporated by reference."). Even if they had, that provision clearly applies to disputes that arise out of the use of Baha Mar's website or its Terms & Conditions, making it irrelevant here.

Absent a forum selection clause, courts may assert personal

jurisdiction over a defendant in two ways. First, a court located in a particular State may exercise general jurisdiction over defendants where their "affiliations with the State are so `continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (quoting Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement, 326 U.S. 310, 317 (1945)). Where defendants are not at home in the forum State, a plaintiff must establish specific jurisdiction by demonstrating "an affiliation between the forum and the underlying controversy." Id. (citation omitted).

General Jurisdiction

"[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." Daimler AG v. Bauman, 571 U.S. 117, 137 (2014). "For an individual, the paradigm forum for the exercise of personal jurisdiction is the individual's domicile." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011). "[F]or a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home," including a place of incorporation or principal place of business. Id.

None of the defendants is at home in New York. Hyatt and Hyatt Services are both Delaware corporations with their principal places of business in Illinois. CTF is a Bahamas

corporation with its principal place of business there. The defendants therefore cannot be said to be "at home" in New York, and this Court does not have general jurisdiction over them.

Specific Jurisdiction

Specific jurisdiction requires the Court to examine the relationship between the "defendant, the forum, and the litigation." In re del Valle Ruiz, 939 F.3d 520, 528 (2d Cir. 2019). For specific jurisdiction to exist, defendants "must have sufficient minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Id. at 529 (internal citations and quotations omitted). There must be "an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. Goodyear, 564 U.S. at 919 (internal citations and quotations omitted). Specific jurisdiction "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." Id. (internal citations and quotations omitted).

Under New York's long-arm statute, N.Y. C.P.L.R. § 302(a)(1), "jurisdiction over a nondomiciliary exists where (i) a defendant transacted business within the state and (ii) the cause of action arose from that transaction of business."

-7-

Johnson v. Ward, 4 N.Y.3d 516, 519 (2005). For a foreign tort, "either the duty that was breached or the injury to the plaintiff must have originated in New York to satisfy § 302(a)(1)." Kerman v. InterContinental Hotels Grp. Res. LLC, 2021 WL 930253, at *4 (E.D.N.Y. Mar. 11, 2021) (citing Pichardo v. Zayas, 122 A.D.3d 699, 701 (N.Y. App. Div. 2014), perm. app. denied, 26 N.Y.3d 905 (2015)).

New York courts have routinely dismissed foreign tort claims against Hyatt for lack of personal jurisdiction. See, e.g., Herlihy v. Hyatt Corp., 2022 WL 4119921 (N.Y. Sup. Ct. Sep. 06, 2022) (finding no jurisdiction over claims related to a slip and fall accident at Baha Mar); Christie v. Hyatt Corp., 2024 WL 2387513 (E.D.N.Y. May 23, 2024) (finding no jurisdiction over negligence claims related to an assault and robbery in the Dominican Republic); Kaplan v. Hyatt Hotels Corporation, 23-cv-02598 (E.D.N.Y. Mar. 8, 2024) (finding no jurisdiction over personal injury claims that arose in Jamaica even though the hotel stay was booked through a website in New York).

Plaintiffs here also cannot establish specific jurisdiction over Hyatt. While the Complaint makes general statements about Hyatt's business dealings in New York, H.H.'s injury clearly arose in the Bahamas, and plaintiffs fail to establish a strong relationship between their claims and the state of New York, negating the possibility of specific jurisdiction.

-8-

### Transfer

In lieu of dismissal, plaintiffs request a transfer to the District of Delaware or the Northern District of Illinois. 28 U.S.C. § 1404(a) allows courts to transfer a case to "any other district or division where it might have been brought." However, as CTF is a Bahamas corporation, those courts similarly would not have personal jurisdiction, and transfer would be improper.

### Sealing

Defendants' request to seal is dismissed for failure to follow the Court's Individual Practices Rule 3B.

### **CONCLUSION**

For the foregoing reasons, defendants' Motion to Dismiss is granted, and the Complaint is dismissed without prejudice. Plaintiffs' request to transfer and defendants' request to seal are denied.

So ordered.

Dated:    New York, New York
          July 25, 2024

Louis L. Stanton

LOUIS L. STANTON
U.S.D.J.