# EXHIBIT E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
INA KAPLAN,

                Plaintiff,                      **MEMORANDUM & ORDER**
                                                                        23-CV-2598 (MKB)

            v.

HYATT HOTELS CORPORATION and HYATT
ZIVA ROSE HALL,

                Defendants.
-----------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

       Plaintiff Ina Kaplan commenced the above-captioned action on April 5, 2023 against Defendants Hyatt Hotels Corporation ("Hyatt") and Hyatt Ziva Rose Hall ("Rose Hall"), alleging state law personal injury claims pursuant to N.Y. Civil Practice Law & Rules ("C.P.L.R.") § 1602 and invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Compl. 2, Docket Entry No. 1.)[1] Defendants moved to dismiss Plaintiff's claims, and Plaintiff opposes Defendants' motion.[2]

       For the reasons discussed below, the Court grants Defendants' motion to dismiss.

---

     [1] Because the internal paragraph numbering in the Complaint is inconsistent, the Court refers to the page numbers assigned by the electronic case filing system.

     [2] (Defs.' Mot. to Dismiss ("Defs.' Mot."), Docket Entry No. 14; Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem."), Docket Entry No. 14-6; Defs.' Reply in Supp. of Mot. to Dismiss ("Defs.' Reply"), Docket Entry No. 15; Pl.'s Mem. in Opp'n to Defs.' Mot. ("Pl.'s Opp'n"), Docket Entry No. 16-4.)

## I. Background

The Court assumes the truth of the factual allegations in the Complaint for the purposes of this Memorandum and Order.

### a. Factual background

On April 19, 2022, Plaintiff was staying at Rose Hall when she slipped and fell, sustaining personal injury. (Compl. 4). Plaintiff asserts that the premises where she stayed in April of 2022 is owned and operated by both Hyatt and Rose Hall.[3] (*Id.* at 2–3.) Plaintiff is a resident of the New York state. (*Id.* 1.) Hyatt is incorporated in and maintains its principal place of business in the State of Illinois.[4] (*Id.*) Rose Hall is incorporated and maintains its principal place of business in Jamaica. (*Id.* at 1–2.)

### b. Procedural background

Plaintiff commenced the above-captioned action on April 5, 2023, alleging state law personal injury claims against Defendants pursuant to C.P.L.R. § 1602, and invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Compl. 2.)

Defendants moved to dismiss Plaintiff's claims pursuant to (1) Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction, (2) a forum selection clause Defendants contend requires Plaintiff to bring any claims asserted against Defendants in the

---

[3] Defendants dispute this fact and assert that Hyatt does not own, operate, manage, maintain, or franchise the Rose Hall resort. (Decl. of Christina Urbanski ("Urbanski Decl.") ¶¶ 9–11, annexed to Defs.' Mot. as Ex. B, Docket Entry No. 14-3.) Defendants also assert that Rose Hall is not a legal entity but rather merely the trade name for the hotel's owner, Playa Hall Jamaican Resort Limited ("Playa Hall"). (Defs.' Mem. 4–5; Urbanski Decl. ¶ 10; Decl. of Panna Utpaul ("Utpaul Decl."), annexed to Defs.' Mot. as Ex. C, Docket Entry No. 14-4.)

[4] Defendants dispute this fact and assert that Hyatt is incorporated in Delaware. (Urbanski Decl. ¶ 5.)

2

courts of Jamaica, and (3) Rule 12(b)(3) of the Federal Rules of Civil Procedure under the doctrine of *forum non conveniens*.  (Defs.' Mem.)  Plaintiff opposes the motion.  (Pl.'s Opp'n.)

## II. Discussion

### a. Standard of review

On a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, "[a] plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." *Troma Ent., Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir. 2013) (quoting *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010)).  The showing a plaintiff must make to meet that burden is governed by a "sliding scale," which "varies depending on the procedural posture of the litigation." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (per curiam) (quoting *Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)). If a defendant challenges personal jurisdiction by filing a Rule 12(b)(2) motion, "the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant." *JCorps Int'l, Inc. v. Charles & Lynn Schusterman Fam. Found.*, 828 F. App'x 740, 742 (2d Cir. 2020) (quoting *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001)); *see also Holmes v. Apple Inc.*, 797 F. App'x 557, 559 (2d Cir. 2019) ("A plaintiff has the burden of establishing personal jurisdiction over an entity against which it seeks to bring suit, and to survive a motion to dismiss for lack of such jurisdiction, 'a plaintiff must make a prima facie showing that jurisdiction exists.'" (quoting *Penguin Grp.*, 609 F.3d at 34–35)); *Eades v. Kennedy, PC L. Offs.*, 799 F.3d 161, 167–68 (2d Cir. 2015) ("In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL (Licci IV)*, 732

3

F.3d 161, 167 (2d Cir. 2013))). Prior to discovery, a plaintiff need only plead "an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *Holmes*, 797 F. App'x at 559–60 (quoting *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010)); *see also Dix v. Peters*, 802 F. App'x 25, 27 (2d Cir. 2020) ("Where the district court grants a Rule 12(b)(2) motion without an evidentiary hearing, we credit the plaintiff's averment of jurisdictional facts as true." (citing *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996))); *Chirag v. MT Marida Marguerite Schiffahrts*, 604 F. App'x 16, 19 (2d Cir. 2015) ("A prima facie case requires non-conclusory fact-specific allegations or evidence showing that activity that constitutes the basis of jurisdiction has taken place." (citing *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998))). After discovery, the plaintiff's "*prima facie* showing must be factually supported." *Dorchester Fin. Sec., Inc.*, 722 F.3d at 85 (quoting *Ball*, 902 F.2d at 197). "Conclusory allegations based only on information and belief are not sufficient" to provide such factual support. *McGlone v. Thermotex, Inc.*, 740 F. Supp. 2d 381, 383 (E.D.N.Y. 2010) (citing *Jazini*, 148 F.3d at 184).

In resolving a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), a district court may consider materials outside the pleadings. *Dorchester Fin. Sec., Inc.*, 722 F.3d at 86 (citing *S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010)); *see also Johnson v. UBS AG*, 791 F. App'x 240, 241 (2d Cir. 2019) ("Courts may consider materials outside the pleadings on a motion to dismiss for lack of personal jurisdiction without converting it into a summary judgment motion."); *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 676–77 (2d Cir. 2013) (noting that jurisdictional discovery had taken place and requiring evidentiary support for jurisdictional allegations). In addition, the court must "construe the pleadings and any supporting materials in the light most favorable to the

4

plaintiffs." *Licci IV*, 732 F.3d 161, 167 (2d Cir. 2013) (citing *Chloé*, 616 F.3d at 163); *see also Lelchook v. Société Générale de Banque au Liban SAL*, 67 F.4th 69, 72 n.1 (2d Cir. 2023); *JCorps Int'l*, 828 F. App'x at 742 (quoting *DiStefano*, 286 F.3d at 84).  However, the court need not "accept as true a legal conclusion couched as a factual allegation." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d at 673 (quoting *Jazini*, 148 F.3d at 185); *see also Lelchook*, 67 F.4th at 72 n.1 (quoting *Jazini*, 148 F.3d at 185).

### b. The Court does not have personal jurisdiction over Defendants

Defendants argue that the Court may not exercise either specific or general jurisdiction over them. (Defs.' Mem. 6–15.)  In support, they argue that the Court does not have specific jurisdiction because the Complaint alleges that each element of Plaintiff's negligence cause of action arises from acts, omissions, and injuries that occurred exclusively in Jamaica, and therefore does not meet any of the acts enumerated in C.P.L.R. § 302(a).  (*Id.* at 5, 8–14; Defs.' Reply 4–6).  Defendants also argue that even if Plaintiff has satisfied C.P.L.R. § 302 requirements, the Court nevertheless cannot exercise personal jurisdiction over them because Plaintiff failed to plead that the exercise of specific jurisdiction comports with due process. (Defs.' Mem. 14–15.)  Specifically, Defendants argue that Plaintiff failed to allege that (1) there are "minimum contacts" sufficient to establish an affiliation between New York state and the underlying controversy, or (2) the maintenance of the suit would not offend traditional notions of fair play and substantial justice.  (Defs.' Mem. 14–15; Defs.' Reply 3–4.)  Finally, Defendants argue that the Court does not have general jurisdiction because the Complaint does not allege that Defendants are either incorporated or have their principal places of business in New York state. (Defs.' Mem. 7–8.)

5

Plaintiff argues that the Court may exert both general and specific jurisdiction over Defendants. Plaintiff contends that the Court can exercise specific jurisdiction pursuant to C.P.L.R. § 302(a)(1) because (1) Hyatt conducts business in New York state as it owns, operates, and manages over five hundred hotels within the state, and (2) Plaintiff's injuries arise from a hotel stay booked in New York through Hyatt's website. (Pl.'s Opp'n 9–10, 12–14.) Plaintiff also argues that Rose Hall is a "mere department" of Playa Hall and ultimately Hyatt and is therefore also subject to personal jurisdiction in New York state. (*Id.* at 10–12.) Finally, Plaintiff argues that Defendants have purposefully established minimum contacts with New York state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice because Hyatt's "World of Hyatt" website affirmatively solicited and allowed patrons to book directly on the website. (*Id.* at 15–17.)

"There are two types of personal jurisdiction: specific and general." *Sonera Holding B.V. v. Çukurova Holding A.Ş.*, 750 F.3d 221, 225 (2d Cir. 2014). General jurisdiction permits a court to exercise personal jurisdiction over a defendant regardless of whether the underlying claim has a connection to the forum. *Id.* ("A court with general jurisdiction over a corporation may adjudicate *all* claims against that corporation — even those entirely unrelated to the defendant's contacts with the state."). Specific jurisdiction requires a connection between the forum exercising jurisdiction over the defendant and the underlying controversy that gave rise to the claim. *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 331 (2d Cir. 2016) ("Specific jurisdiction . . . depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum [s]tate and is therefore subject to the [s]tate's regulation." (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011))). Under New York law, courts exercise specific jurisdiction pursuant to

6

C.P.L.R. § 302 and general jurisdiction pursuant to C.P.L.R. § 301. *See, e.g.*, *DeLorenzo v. Viceroy Hotel Grp., LLC*, 757 F. App'x 6, 8 (2d Cir. 2018) ("Under New York Law, [the plaintiff] first had to demonstrate that the [Defendants] were either (1) 'present' and 'doing business' within the meaning of [C.P.L.R.] § 301, or (2) that they committed acts within the scope of New York's long-arm statute, [C.P.L.R.] § 302.").

> i. **Plaintiff fails to satisfy the specific personal jurisdictional requirements**

Under C.P.L.R. § 302(a), the New York long-arm statute, there are four bases for extending specific personal jurisdiction over a non-domiciliary defendant. *See, e.g.*, *Edwardo v. Roman Cath. Bishop of Providence*, 66 F.4th 69, 73 (2d Cir. 2023) (identifying C.P.L.R. § 302(a) as New York's long-arm statute); *Holmes*, 797 F. App'x at 560 (describing the four bases for specific personal jurisdiction under New York's long-arm statute); *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 244 (2d Cir. 2007) (same). Section 302(a)(1) permits courts to "exercise personal jurisdiction over [a] non-domiciliary" where the "cause of action aris[es] from any of the acts enumerated in th[e] [statute]" and the defendant "transacts any business within the state or contracts anywhere to supply goods or services in the state." C.P.L.R. § 302(a)(1);[5] *see also*

---

[5] Under C.P.L.R. §§ 302(a)(2)–(4), the Court also has personal jurisdiction over a non-domiciliary defendant who: (1) "commits a tortious act within the state"; (2) "commits a tortious act without the state causing injury to person or property within the state," subject to certain specifications, or (3) "owns, uses or possesses any real property situated within the state." Because Plaintiff argues only that the Court has specific jurisdiction over Defendants pursuant to section 302(a)(1), the Court declines to consider Defendants' arguments pursuant to sections 302(a)(2)–(4). The Court notes, however, that Plaintiff cannot satisfy any of these additional bases for exercising specific jurisdiction. Section 302(a)(2) requires that the tortious act be committed within the state, which it was not. (Compl. 2–4.) Section 302(a)(3) requires that the tortious act be committed without the state but cause injury to a person or property within the state, but Plaintiff was in Jamaica when the alleged tort occurred. (*Id.*) Finally, section 302(a)(4) requires that Defendants own, use, or possess any real property situated within the state. Although Plaintiff asserts that Hyatt owns over five hundred hotels in New York state, (Pl.'s Opp'n 9), in order to meet the requirements of section 302(a)(4), "it is not enough for the

7

*DeLorenzo*, 757 F. App'x at 9–10 ("Under [C.P.L.R.] § 302(a)(1), a court may exercise personal jurisdiction over a defendant if (1) the defendant 'transacts any business' in New York and (2) the plaintiff's cause of action arises from such a transaction." (citing *Best Van Lines*, 490 F.3d at 246)); *Kurzon LLP v. Thomas M. Cooley L. Sch.*, No. 12-CV-8352, 2014 WL 2862609, at *5 (S.D.N.Y. June 24, 2014) (defining circumstances under which a court may exercise specific personal jurisdiction over non-domiciliary defendant pursuant to section 302(a)(1)). In addition, even if a plaintiff can establish jurisdiction under New York law, the court must also determine whether the "exercise of personal jurisdiction over a foreign defendant comports with due process protections established under the United States Constitution." *Lelchook*, 67 F.4th at 76 (citing *Licci IV*, 732 F.3d at 168).

"In order to evaluate whether personal jurisdiction exists pursuant to C.P.L.R. § 302(a)(1), [the court] must determine: (1) whether [the defendants] transacted any business in New York, and, if so, (2) whether there was an articulable nexus, or substantial relationship, between the [conduct] and the actions that occurred in New York." *Penachio v. Benedict*, 461 F. App'x 4, 5 (2d Cir. 2012) (citing *Best Van Lines*, 490 F.3d at 246); *see also Yih v. Taiwan Semiconductor Mfg. Co.*, 815 F. App'x 571, 574 (2d Cir. 2020) (quoting C.P.L.R. § 302(a)(1)); *Licci IV*, 732 F.3d at 168 (stating that section 302(a)(1) has two prongs: (1) the defendant must "have transacted business within the state," either itself or through an agent, and (2) the cause of

---

property to be related in some way to the parties' dispute; the plaintiff's 'cause of action [must] arise[] out of the fact of ownership, use or possession of New York realty,'" *Elsevier, Inc. v. Grossman*, 77 F. Supp. 3d 331, 346 (S.D.N.Y. 2015) (first quoting *Tebedo v. Nye*, 256 N.Y.S.2d 235, 236 (Sup. Ct. 1965); and then citing *Lancaster v. Colonial Motor Freight Line, Inc.*, 581 N.Y.S.2d 283, 288 (App. Div. 1992)); *see also Newton v. Meyer*, No. 22-CV-540, 2023 WL 2563115, at *7 (S.D.N.Y. Mar. 17, 2023) (same). There is no alleged "relationship between the property and the cause of action sued upon" to satisfy section 302(a)(4). *Elsevier*, 77 F. Supp. 3d at 346 (quoting *Lancaster*, 581 N.Y.S.2d at 288).

8

action "must arise from that business activity" (quoting *Solé Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006))). Under New York state law, a defendant's lack of physical presence in the state is not dispositive of whether he transacts business within the state, "so long as the defendant's activities [within the state] were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Fischbarg v. Doucet*, 9 N.Y.3d 375, 380 (2007) (quoting *Deustche Bank Sec., Inc. v. Mont. Bd. of Invs.*, 7 N.Y.3d 65, 71 (2006)); *see also Licci ex. rel. Licci v. Lebanese Canadian Bank, SAL (Licci II)*, 673 F.3d 50, 61 (2d Cir. 2012) ("A defendant need not physically enter New York State in order to transact business, 'so long as the defendant's activities here were purposeful.'" (quoting *Fischbarg*, 9 N.Y.3d at 380)); *C. Mahendra (N.Y.), LLC v. Nat'l Gold & Diamond Ctr., Inc.*, 3 N.Y.S.3d 27, 30 (App. Div. 2015) ("The statute applies where the defendant's New York activities were purposeful and substantially related to the claim." (citing *D & R Glob. Selections, S.L. v. Piñeiro*, 934 N.Y.S.2d 19, 20–21 (App. Div. 2011))). "Purposeful activities are those with which a defendant, through volitional acts, avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws." *Eades*, 799 F.3d at 168 (quoting *Fischbarg*, 9 N.Y.3d at 380).

In determining whether a defendant is purposefully transacting business in New York, a court must look at "the quality of the defendant['s] New York contacts." *Fischbarg*, 9 N.Y.3d at 380 (citations omitted); *see Best Van Lines*, 490 F.3d at 246 ("Courts look to 'the totality of the defendant's activities within the forum' to determine whether a defendant has 'transact[ed] business' in such a way that it constitutes 'purposeful activity' satisfying the first part of the test." (alteration in original) (quotation omitted) (first quoting *Sterling Nat'l Bank & Tr. Co. of N.Y. v. Fidelity Mortg. Invs.*, 510 F.2d 870, 873–74 (2d Cir. 1975); and then citing *Longines-*

9

*Wittnauer Watch Co. v. Barnes & Reinecke, Inc.*, 15 N.Y.2d 443, 457 (1965))); *see also Licci II*, 673 F.3d at 62 (noting that a single act or "an ongoing course of conduct or relationship in the state may" suffice to establish jurisdiction). "[M]ore limited contacts regarding services to be performed outside New York would not satisfy [section] 302(a)(1)." *Yih*, 815 F. App'x at 574 (citing *Fischbarg*, 9 N.Y.3d at 380).

To satisfy the "arising from" prong, a plaintiff must show that there is a "substantial relationship" or "articulable nexus" between the claim asserted and the actions taken in New York. *Best Van Lines*, 490 F.3d at 246 (quoting *Henderson v. INS*, 157 F.3d 106, 123 (2d Cir. 1998)); *see also Licci ex rel. Licci v. Lebanese Canadian Bank, SAL (Licci III)*, 20 N.Y.3d 327, 341 (2012) ("[W]here at least one element [of the cause of action pleaded] arises from the New York contacts, the relationship between the business transaction and the claim asserted supports specific jurisdiction under [section 302(a)(1)].").

Assuming without deciding that Defendants have transacted business in New York, Plaintiff has not shown that there is an "articulable nexus" between her negligence claim and any actions taken in New York. *Best Van Lines*, 490 F.3d at 246. Plaintiff's injury occurred at Rose Hall in Jamaica. The alleged nexus is the booking of the hotel stay through a website in New York. This nexus, however, is insufficient to establish that the injury arises from business transacted in New York. *See DeLorenzo*, 757 F. App'x at 9–10 (concluding that the plaintiff's injury at a hotel in Anguilla did not "arise[] from the booking of her trip in New York through [the hotel's] website" but rather from the assault in Anguilla, and the connection was therefore too tangential to satisfy section 302(a)(1)); *Cannella v. Intercontinental Hotels Grp., PLC*, No. 21-CV-5204, 2023 WL 2574759, at *5 (S.D.N.Y. Mar. 20, 2023) (concluding that section 302(a)(1) did not provide for specific jurisdiction where the plaintiffs made a reservation to stay

10

at a hotel in Aruba through a website and were then injured while guests at the hotel, and noting that it "is not the law" that "courts in New York have personal jurisdiction over any foreign hotel that takes a reservation that was made from New York"); *Bain v. Paradise Beach Corp. Pan.*, No. 17-CV-1152, 2018 WL 6605853, at *2 (E.D.N.Y. Dec. 17, 2018) ("[C]ourts have consistently held that the in-state activity of booking a hotel room is too remote from negligence alleged to have taken place at a foreign hotel to satisfy [C.P.L.R. §] 302." (quoting *Snegur v. Grupo Iberostar*, No. 14-CV-4445, 2016 WL 74414, at *3 (E.D.N.Y. Jan. 6, 2016))); *Snegur*, 2016 WL 74414, at *1, *3 (concluding that arranging a hotel stay by phone with a New York-based travel agent was too remote from the injury that occurred at the hotel in Jamaica to satisfy section 302(a)(1)). Accordingly, the Court cannot exercise specific jurisdiction over Defendants pursuant to C.P.L.R. § 302(a)(1).

###### ii. General jurisdiction

Under New York law, a court may exercise general jurisdiction over a foreign defendant who is "doing business" in New York "with a fair measure of permanence and continuity." *Sonera Holding*, 750 F.3d at 225 n.2 (quoting *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267 (1917)); *see also Universal Trading & Inv. Co. v. Credit Suisse (Guernsey) Ltd.*, 560 F. App'x 52, 55 (2d Cir. 2014) (similar). For purposes of due process, "[w]ith respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (alteration in the original) (quotation omitted); *Sonera Holding*, 750 F.3d at 225 ("The paradigm forum for general jurisdiction over an individual is the individual's domicile, his home. For a corporation, it is an equivalent place, with the place of incorporation and the principal place of business being the paradigm bases."). However, "a court may assert jurisdiction over a foreign corporation 'to

11

hear any and all claims against it' only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render it essentially at home in the forum State.'" *Daimler*, 571 U.S. at 122 (alterations adopted) (quoting *Goodyear*, 564 U.S. at 919); *see also Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) ("[A] corporation may . . . be subject to general jurisdiction in a state only where its contacts are so 'continuous and systematic,' judged against the corporation's national and global activities, that it is 'essentially at home' in that state." (quoting *Daimler*, 571 U.S. at 139)). "[E]xcept in a truly exceptional case, a corporate defendant may be treated as essentially at home only where it is incorporated or maintains its principal place of business." *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 498 (2d Cir. 2020) (quoting *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016)).

Assuming without deciding that Defendants were "doing business" in New York, due process prevents the Court from exercising general jurisdiction over Defendants. Plaintiff has not alleged that Defendants' principal places of business are in New York, that Defendants are incorporated in New York, or that Defendants' activities in New York, such as operating a large number of hotels or having a booking website accessible from New York, as compared to their international activities or activities in other states, would otherwise indicate that Defendants are "at home" in New York state. *See, e.g.*, *Chufen Chen*, 954 F.3d at 500 (concluding that plaintiffs had not alleged facts sufficient to demonstrate that a national chain's contacts in New York sufficed to render it "at home" in New York where it was not incorporated or headquartered in New York and plaintiffs made "no showing that the company's relationship with New York was in any way significant or exceptional in relation to the company's nationwide business activity"); *Bain*, 2018 WL 6605853, at *2 (concluding that subjecting the defendants to general jurisdiction in New York would be "incompatible with due process" under *Daimler* because New York was

12

not the defendants' place of incorporation or principal place of business); *Muraco v. Sandals Resorts Int'l*, No. 14-CV-4896, 2015 WL 9462103, at *5 (E.D.N.Y. Dec. 28, 2015) (same). The Court thus cannot exercise personal jurisdiction pursuant to C.P.L.R. § 301.

Plaintiff's allegations fail to demonstrate that the Court may exercise specific or general jurisdiction over Defendants. Accordingly, the Court grants Defendants' motion and dismisses the Complaint for lack of personal jurisdiction.[6]

### III. Conclusion

For the foregoing reasons, the Court grants Defendants' motion and dismisses the Complaint without prejudice for lack of personal jurisdiction. *See Smith v. United States*, 554 F. App'x 30, 32 n.2 (2d Cir. 2013) ("[A] dismissal for want of personal jurisdiction is without prejudice." (citing *Elfenbein v. Gulf & W. Indus., Inc.*, 590 F.2d 445, 449 (2d Cir. 1978))); *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 348 (2d Cir. 2018) (Calabresi, J., concurring) ("A dismissal for lack of personal jurisdiction . . . must be without prejudice.").

Dated: March 8, 2024
       Brooklyn, New York

                                  SO ORDERED:

                                  s/ MKB
                                MARGO K. BRODIE
                                United States District Judge

---

[6] Because the Court concludes it does not have personal jurisdiction over either Defendant, it declines to consider Defendants' remaining forum selection clause and *forum non conveniens* arguments.