UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Z.A., an Infant, by and through his Parents and Natural Guardians, CARMIT ARCHIBALD and GEORGES ARCHIBALD, and CARMIT ARCHIBALD, *individually*,

                Plaintiffs,

- against -

HYATT CORPORATION,

                Defendant.

Docket No. 1:24-cv-03742

**MEMORANDUM OF LAW IN SUPPORT
OF SUMMARY JUDGMENT**

Amneet Mand, Esq.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
77 Water Street, Suite 2100
New York, New York 10005
212.232.1300
*Attorney for Defendant HYATT CORPORATION*

1

**PRELIMINARY STATEMENT**

Plaintiffs' allege that they were on a family vacation at the Park Hyatt St. Kitts, in St. Kitts, Nevis, when Z.A. was struck by an aquatic basketball hoop while playing basketball in the pool area on April 9, 2023. Ex. F, ¶2. Plaintiffs' claim that Hyatt Corporation is vicariously liable for this incident and the resulting injuries. *Id*. Hyatt Corporation ("HC") now moves this Court to dismiss the Complaint, and all allegations against Hyatt Corporation based on lack of personal jurisdiction. In support, HC attaches the sworn declarations of Hyatt Corporation and its parent, Hyatt Hotels Corporation ("HHC"), evidencing that they are both incorporated in Delaware and maintain principal places of business in Illinois. *See*, Ex. A, ¶2, and Ex. B, ¶2. In further support, HC submits the management agreement of the Park Hyatt St. Kitt's where Plaintiffs allege the accident occurred. *See*, Ex. C. The management agreement clearly shows that the Park Hyatt St. Kitt's was owned by Range Developments Limited, and exclusively managed, operated, controlled, and supervised by Hyatt Caribbean Services, L.L.C. *See*, Ex. C. Finally, the declarations of HC and HHC swear that Hyatt Caribbean Services, L.L.C, is a separate legal entity from Hyatt Corporation and Hyatt Hotels Corporation. See Ex. A, ¶6 and Ex. B, ¶ 5.

New York courts have consistently held that they do not have personal jurisdiction over Hyatt Corporation, Hyatt Hotels Corporation, and other Hyatt entities for tort accidents that occur at off-shore hotels. *H.H., an infant by Nancy Held v. Hyatt Hotels Corporation, et. al.,* 23-cv-7083 (S.D.N.Y)[1] (New York did not have personal jurisdiction over Hyatt Hotels Corporation where the accident occurred at a water park at the Grand Hyatt Baha Mar, and Plaintiff alleged general business activities in New York which was insufficient nexus); *Kaplan v. Hyatt Hotels*

---

[1] This decision and order is annexed hereto as Exhibit "D".

*Corporation*, 23-cv-02598 (E.D.N.Y. Mar. 8, 2024)[2] (finding no nexus even though the hotel stay was booked through a website in New York).

The same result should follow here, as in *H.H.* and *Kaplan* and the numerous additional New York cases that have been dismissed against Hyatt Corporation, Hyatt Hotels Corporation and other Hyatt entities for lack of personal jurisdiction which are discussed in turn below.

## STATEMENT OF FACTS

Hyatt Corporation's Statement of Material Facts in Support of their Motion for Summary Judgment, annexed as Exhibit "H" pursuant to F.R.C.P. Rule 56 are hereby incorporated as if stated fully herein.

## ARGUMENT

### I.     THE STANDARD APPLIED UNDER RULE 56

Rule 56 of the Federal Rules of Civil Procedure requires a Court grant summary judgment "if the pleadings, the discovery and disclosure of materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." See *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Thus, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323. If the moving party succeeds in demonstrating the absence of a material issue of fact, the burden then shifts to the nonmoving party to show the existence of a genuine issue. Id. at 332. A dispute as to a material

---

[2] This Decision and Order is annexed as Exhibit "E"

fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

## II.     THE STANDARD FOR PERSONAL JURISDICTION

The Supreme Court has identified two circumstances under which courts may assert personal jurisdiction over a defendant consistent with due process. First, a court located in a particular state may exercise "general jurisdiction" over a defendant if that defendant's "affiliations with the State are so `continuous and systematic' as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). However, where, as here, Defendants are not at home in the forum state, a Plaintiff must establish "specific jurisdiction" by showing "an affiliation between the forum and the underlying controversy." Id. (citation omitted).   A court's assertion of jurisdiction is "subject to review for compatibility with the Fourteenth Amendment's Due Process Clause." *Bristol-Myers Squibb Co. v. Superior Court of California,* 582 U.S. 255, 137 S.Ct. 1773, 1779 (2017).  Due process limits on a court's "adjudicative authority principally protect the liberty of the nonresident defendant — not the convenience of plaintiffs or third parties." *Walden*, 571 U.S. at 284.

For the reasons set forth below, Plaintiff cannot carry her burden of demonstrating that this Court has general or specific jurisdiction over Hyatt Corporation.

## III.    THIS COURT LACKS GENERAL JURISDICTION OVER THE DEFENDANT

The Supreme Court has explained that "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014), citing *Goodyear*, 564 U.S. at 924. "For an individual, the paradigm forum for the exercise of personal jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as home." *Goodyear*, 564 U.S.

4

at 924. For a corporation, "the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler*, 571 U.S, at 760 (internal citation and punctuation omitted). Only in an "exceptional case" can a court exercise general jurisdiction in a forum that is not "the corporation's place of incorporation [or] its principal place of business." *BNSF*, 137 S. Ct. at 1558. An example of an exceptional case is when war forces a "corporation's owner to temporarily relocate the enterprise from the Philippines to Ohio," which becomes "the center of the corporation's wartime activities." *Id*. (quoting *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 448 (1952)).

### a. Hyatt Corporation's state of incorporation and principal place of business are not in New York.

Here, Defendant Hyatt Corporation is not domiciled in New York because the evidence shows it is incorporated in Delaware and maintains its principal place of business in Illinois. Ex. A, "Declaration of Hyatt Corporation", ¶2. Hyatt Corporation has submitted a sworn Declaration regarding its *parent* company, as additional support that neither Hyatt Corporation nor its parent are domiciled/at home in New York. See Ex. B, "Declaration of Hyatt Hotels Corporation". Like Hyatt Corporation, it's parent - Hyatt Hotels Corporation is incorporated in Delaware and has its principal place of business in Chicago. Ex. B, ¶2. Since the state of incorporation and principal place of business are determinative for a Court in deciding where a corporation is domiciled, this Court must determine that Hyatt Corporation is not domiciled in New York as a matter of law.

### b. Hyatt Corporation does not engage in substantial, continuous and systematic business in New York and it is not at home in New York.

Further, this is not an exceptional case requiring this Court to look beyond the exemplar bases in *Goodyear* to exercise general jurisdiction over Hyatt Corporation. In *BNSF*, the Supreme Court held that Montana could not exercise general jurisdiction over BNSF even though BNSF

had "over 2,000 miles of railroad track and more than 2,000 employees in Montana." *Id*. at 1559. And in *Daimler*, the Supreme Court declined plaintiffs' invitation to "look beyond the exemplar bases *Goodyear* identified [place of incorporation and principal place of business], and approve the exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business.'" *Daimler*, 571 U.S. at 137-38. "That formulation … is unacceptably grasping" and would impermissibly result in "exorbitant exercises of all-purpose jurisdiction" in every "State in which [a company's] sales are sizable." *Id*. at 138, 139. The proper inquiry "is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so "continuous and systematic" as to render [it] essentially at home in the forum State.'" *Id*. at 138-39 (quoting *Goodyear*, 564 U.S. at 919). "A corporation that operates in many places can scarcely be deemed at home in all of them." *Id*. at 139 n.20. "Otherwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States." *Id*.

Here, the same result should follow as in *BNSF* and *Daimler.* HC is not at home in New York. New York is not HC's place of incorporation nor its principal place of business, and it does not have any continuous and systematic contacts with New York that could render this an "exceptional case." *BNSF*, 137 S. Ct. at 1558; Ex. A, HC Dec; Ex. B, HHC Dec. Hyatt Corporation does not do business in New York (Id. at ¶12); does not maintain employees in New York (Id. at ¶16); does not have accounts in New York (Id. at ¶17); does not have real property in New York (Id. at ¶18) and does not personal property in New York (Id. at ¶12). Similarly, its parent Hyatt Hotels Corporation, does not do business in New York (Ex. B, ¶13) and it does not

6

maintain: employees (Ex. B, ¶17); accounts (Ex. B, ¶18), real property (Ex. B, ¶19); nor personal property (Ex. B, ¶20) in New York.

Plaintiff cannot evidence that Hyatt Corporation conducts sufficient business, or maintain employees and offices in New York that is so "continuous and systematic" as to render it essentially at home in New York. Accordingly, there is no basis for exercising general jurisdiction over Hyatt Corporation, or it's parent corporation, without violating the Due Process Clause of the Fourteenth Amendment.

### IV. THE UNDISPUTED FACTS DEMONSTRATE THIS COURT LACKS SPECIFIC PERSONAL JURISDICTION OVER THE DEFENDANT

Specific jurisdiction requires the Court to determine the relationship between "defendant, the forum, and the litigation". *In re del Valle Ruiz*, 939 F.3d 520, 529 (2d Cir.2019) There must be an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation" *Goodyear*, 564 U.S. at 919(internal citations and quotations omitted). Specific jurisdiction to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* Under New York's long-arm statute, N.Y. C.P.L.R. §302(a)(1), "jurisdiction over a nondomiciliary exists where i) defendant transacted business within the state and ii) the cause of action arose from that transaction of business." *Johnson v. Ward*, 4 N.Y..3d 516, 519 (2005). For a foreign tort, "either the duty that was breached or the injury to the plaintiff must have originated in New York to satisfy §302(a)(1)." *Kerman v. InterContinental Hotels Grp. Res. LLC*, 2021 WL 930253 at 4 (E.D.N.Y. Mar. 11, 2011) (citing *Pichardo v. Zayas*, 122 A.D. 3d 699, 701 (N.Y.App.Div. 2014), *perm. app. denied*, 26 N.Y.3d 904 (2015)).

New York Supreme Courts and District Courts have consistently held that they have no personal jurisdiction over Hyatt Corporation, Hyatt Hotels Corporation and other Hyatt entities for tort claims that occur in other countries. *See e.g., Herlily v. Hyatt Corp.*, 2022 WL 4119921 (N.Y. Sup. Ct. Sep. 06, 2022)(finding no jurisdiction over claims related to a slip and fall accident at Baha Mar); *Christie v. Hyatt Corp.*, 2024 WL 2387513 (E.D.N.Y. May 23, 2024)(finding no jurisdiction over negligence claims related to an assault and robbery in the Dominican Republic); *Kaplan v. Hyatt Hotels Corporation*, 23-cv-02598 (E.D.N.Y. Mar. 8, 2024) (finding no nexus even though the hotel stay was booked through a website in New York).

In *H.H.,* this Court held that it had no personal jurisdiction over Hyatt Hotels Corporation, for an accident that occurred at a water park at the Grand Hyatt Baha Mar, in the Bahamas. *H.H., an infant by Nancy Held v. Hyatt Hotels Corporation, et. al.,* 23-cv-7083 (S.D.N.Y). There, the Court stated that the Complaints "general statements about Hyatt's business dealings in New York" were insufficient to establish a "strong nexus" where plaintiff's injury "clearly arose in the Bahamas". *See*, Ex. D, Decision and Order *H.H.* 23-cv-7083 (S.D.N.Y). Similarly, in *Herlily*, the Court held that *"*plaintiff ha[d] not proffered any evidence of activities by Hyatt in New York that resulted, or was related to the Plaintiff's slip and fall accident that occurred in the Bahamas". *Herlily v. Hyatt Corp.*, 2022 WL 4119921 (N.Y. Sup. Ct. Sep. 06, 2022).

Again, in March of this year, the Eastern District dismissed a claim against Hyatt Hotels Corporation regarding an alleged accident that occurred at a resort in Jamaica based on lack of jurisdiction, even though the plaintiff was a New York domiciliary and booked the vacation from a website while in New York. *Kaplan v. Hyatt Hotels Corporation*, 23-cv-02598 (E.D.N.Y. Mar. 8, 2024).

8

### a. The cause of action arose from an accident in the British West Indies.

Plaintiffs' allegations arise out of an accident they allege occurred while they were vacationing in the Park Hyatt St. Kitts (the "Resort"), in the British West Indies. Ex. F, ¶ 1. HC has established that it does not own (Ex. A ¶7); operate (Ex. A ¶5); maintain (Ex. A ¶9); or control (Ex. A ¶9) the Resort or any of its facilities. In fact, the management agreement evidences that the Resort is operated, managed, controlled and supervised by Hyatt Services Caribbean L.L.C. Ex. C. And, Hyatt Services Caribbean LLC is a separate legal entity from HC and its parent HHC. *See*, Ex. A. In fact, HC and HCC are not listed anywhere in the 90+ management agreement. Ex. C. Taking plaintiffs' allegations for the truth, that Z.A. was injured by an aquatic basketball hoop at the Resort, this Court must dismiss this matter against Hyatt Corporation due to the overwhelming evidence that HC had no involvement with the Resort.

### b. HC has not conducted business in New York related to the accident.

In fact, Plaintiffs cannot show *any* nexus between Hyatt Corporation and New York, plaintiffs', or the accident which occurred at the Resort in the British West Indies. HC has never commenced a lawsuit in New York related to Plaintiffs' stay at the Resort (Ex. A ¶13); it has not generated any revenue related to plaintiffs or their claims (Ex. A ¶14) and its representatives did not travel to the Resort to conduct any business related to Plaintiffs' or the accident alleged in their complaint (Ex. A ¶15). The same is true for its parent, HHC. *See*, Ex. B.

Plaintiffs allegation that New York has jurisdiction over HC rests on the fact that plaintiffs' booked their vacation through a "world of hyatt rewards program", while in their residence in Manhattan. Ex. F, ¶37-38. This, combined with screenshots from Instagram showing a picture of advertised flights from New York to St. Kitts, from an account with the handle "parkhyattstkitts". Ex. F, ¶¶32, 33.

9

Plaintiffs cannot establish that HC has any relation to (neither owned, managed, operated, or controlled) the world of hyatt rewards program or the account "parkhyattstkitts". It is clear that the Resort advertised the flights from New York to St. Kitts, as the picture was posted to an account handled by "parkhyattstkitts", the same name as the Resort. The management agreement already establishes that HC has no involvement in the ownership, control, management, supervision, or control over the Resort, including advertising or booking. In fact, Plaintiff has no basis for stating there is any connection between plaintiffs', their accident, or the resort they vacationed and Hyatt Corporation – as the neither their booking receipt nor the advertisement referenced in their complaint mentions Hyatt Corporation.

Moreover, even if Hyatt Corporation was mentioned in the booking or advertisement - for the sake of argument, it is well settled law that New York does not have jurisdiction over Hyatt Corporation or Hyatt Hotels Corporation for overseas accidents at resorts that are booked on a website while in New York, even where plaintiffs' are domiciled in New York. For example, in *Kaplan*, the court specifically held that Hyatt Corporation does not have nexus to New York where Plaintiffs, who were residents of New York, booked their vacation via website from New York but the accident occurred in the Bahamas. *Kaplan v. Hyatt Hotels Corporation*, 23-cv-02598 (E.D.N.Y. Mar. 8, 2024).

These decisions comport with prevailing case law on personal jurisdiction. When determining whether a defendant purposefully avails themselves by conducting activities in a state, the activities must arise of activities that the *defendant* conducts *not* activities conducted by plaintiff or a third party. *Walden*, 571 U.S. at 284 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) ("[The] unilateral activity of another party or a third person is not an appropriate

10

consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction.").

Here, Plaintiffs unilateral act of booking a vacation on a website while they were physically in New York, is insufficient to establish nexus between the defendant and New York. This Court must hold that it lacks personal jurisdiction over HC for an accident occurring in the British West Indies, at a Resort that was not owned, operated, managed, controlled, supervised, advertised, nor related to HC or its parent HHC.

HC has had no contact with Plaintiffs', and no contacts in New York that relate to Plaintiffs accident in the British West Indies. Accordingly, as a matter of law, there is no connection between Plaintiffs' claims and any purposeful contact between HC and New York, and there is no basis for exercising specific jurisdiction over HC in this case.

### V. THE EXERCISE OF SPECIFIC JURISDICTION OVER DEFENDANTS WOULD OFFEND TRADITIONAL NOTIONS OF FAIR PLAY AND SUBSTANTIAL JUSTICE

The Supreme Court has long held that a state court can exercise personal jurisdiction over a nonresident defendant only when minimum contacts exist between the defendant and the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) (citing *Intl. Shoe Co. v. State of Wash., Off. of Unempl. Comp. and Placement*, 326 U.S. 310, 316 (1945)). The court considers the fairness factors only if minimum purposeful contacts have been established. Because Plaintiff cannot establish the requisite minimum contacts between Defendants and the State of New York, this **Court's inquiry should end here** without any consideration of whether personal jurisdiction would comport with fair play and substantial justice. However, if the Court is inclined to address those factors, they clearly weigh against finding personal jurisdiction over Defendants.

11

The court assesses the fairness of asserting specific jurisdiction over a non-resident defendant based on such factors as "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

This Court need not look beyond the first factor to find that the exercise of jurisdiction over Defendants would be unfair and improper. The Resort where the incident allegedly occurred is located in the British West Indies, a nearly three (3) hour flight from New York. The sole connection between Hyatt Corporation and New York, is Plaintiffs' domicile. The Defendant's lack of any germane contact with New York has been established above. Any witness to the accident, facilities, objects, and emergency medical care rendered to Plaintiffs', in a jurisdiction in which Defendant has no connection, no employees, and where the accident did not occur would be burdensome and offend notions of fair play and substantial justice.

## VI. FORUM NON CONVENIENS WEIGHS IN FAVOR OF DISMISSAL

Alternatively, the doctrine of *forum non conveniens* calls for the dismissal of this action in its entirety. The first step in the inquiry is to establish the existence of an adequate alternative forum. *Bank of Credit & Commerce Int'l (Overseas) Ltd. v. State Bank of Pakistan*, 273 F.3d 241, 246 (2d Cir. 2001). The Commonwealth of the Bahamas has been recognized as affording an adequate, alternative forum in which to litigate this dispute. As the New York Court of Appeals explained in affirming the dismissal based on lack of personal jurisdiction and *forum non conveniens* in another case arising from an accident at a Bahamas resort, because the personal injury sustained occurred at the defendant's hotel, medical treatment was rendered in Bahamas,

and plaintiff was the only witness to the accident, "there is little reason why New York with its already overburdened courts, should add to the load." *Fertel v. Resorts Int'l, Inc.,* 35 N.Y.2d 895, 324 N.E.2d 360, 361 (1974). *See also Scholl v. Access Indus. Inc.,* 2017 N.Y. Slip. Op. 30162(U), 2017 N.Y. Misc. LEXIS 301, **2–4 (Sup. Ct. N.Y. Co. Jan. 27, 2017) (dismissing action arising from an assault in The Bahamas which was a more convenient forum given that necessary witnesses are located there); *Lambert v. Melia Hotels Int'l S.A.*, 526 F. Supp. 3d 1207 (S.D. Fla. 2021) (holding that The Bahamas was an adequate alternative forum for a business invitee's slip-and-fall action against hotel chain and hospitality company arising from an incident that occurred at a Bahamian hotel).

In addressing *forum non conveniens* the courts consider both private and public interests. The moving defendant must establish that a balancing of the "private and public interest factors tilts heavily in favor of the alternative forum." *Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 189 (2d Cir.2009). "The private interest factors include: (1) the relative ease of access to evidence; (2) the cost to transport witnesses to trial; (3) the availability of compulsory process for unwilling witnesses; and (4) other factors that make the trial more expeditious or less expensive." *Maersk, Inc. v. Neewra*, Inc., 554 F. Supp .2d 424, 453–54 (S.D.N.Y. 2008). "The public interest factors include: (1) settling local disputes in a local forum; (2) avoiding the difficulties of applying foreign law; and (3) avoiding the burden on jurors by having them decide cases that have no impact on their community." Id. at 454.

As to the private interest factors, it is clear that litigation in the British West Indies will facilitate greater access to the evidence needed to litigate the alleged incident. Plaintiffs claims of negligence and product liability stemming from the alleged incident at a Resort in the British West Indies. At a minimum, parties will need to adduce witnesses and evidence related to: the condition

and maintenance of the Resort, the pool area, the subject basketball hoop, including the individuals responsible for supervising, and in control of the Resort, its pool area, and basketball hoop; any signage near or around the pool area or basketball hoop; any safety measures implemented related to the basketball hoop or pool area; the Resort's layout; the responsibility for the pool area; Z.A.'s condition at the time of the alleged accident; inspection reports related to the pool area and the basketball hoop after the alleged incident; medical documents/reports created during and/or following the incident; video footage of the alleged incident; inspection, design, and/or architectural drawings of the Resort, and its pool area; reports related to its repairs and maintenance; reports concerning any hazards associated with the area; expert inspection of the Resort and area of the incident. The vast majority, if not the entirety of this evidence is located in the British West Indies.

As to the public interest factors, New York has minimal interest in this litigation. The mere fact that Plaintiffs reside in New York does not, without more, give New York a substantial interest in this litigation. Plaintiffs' chosen forum has no nexus to this case except for the Plaintiffs' residence and therefore merits no deference in this case. *Corporacion Tim. S.A. v. Schumacher*, 418 F. Supp. 2d 529, 534 (S.D.N.Y. 2006). Where the circumstances indicate that the parties and events bear no bona fide connection to the United States, or that in relation to the core operative facts in dispute, they at best may have only marginal links to the plaintiff's selected forum, that choice of venue is not entitled to special deference. *Id.*; *Florian v. Danaher Corp.*, 69 Fed. Appx. 473, 475 (2d Cir. 2003) (affirming the district court did not abuse its discretion by dismissing an action on *forum non conveniens* grounds when virtually every fact witness was located in Canada, where the accident occurred).

By contrast, the British West Indies has a strong interest in regulating and determining the standard of care of its resorts. *Lambert*, 526 F. Supp. 3d at 1215. New York's substantive law would not apply to an alleged accident occurring in the British West Indies, a foreign country, simply because the person allegedly injured resides in New York. *Schultz v. Boy Scouts of America, Inc.*, 65 N.Y.2d 189, 491 N.Y.S.2d 90, 94 (1985)( holding in New York the law of the jurisdiction where a tort occurs governs all substantive issues in an action).  Moreover, a court in the British West Indies where the accident occurred, where the property was controlled, operated, managed, maintained, where the emergency medical treatment was rendered, and where the witnesses are would necessarily be better equipped to apply British West Indian law, not this Court.

In sum, the adjudication of claims arising out of an accident occurring in the British West Indies in this Court would be inconvenient to the Defendant who lacks any genuine New York presence or contacts, and unjust in light of private and public interests in this case. All of the evidence and most of the witnesses relevant to the adjudication of this lawsuit are located in the British West Indies. When balancing all of these factors against the fact that the only connection to New York is the Plaintiffs' residence, it is apparent that this case lacks any substantial nexus to New York. As such, the British West Indies is the preferable forum for this litigation.

## VI.     DISCOVERY SHOULD BE STAYED

Given the lack of jurisdiction, there is good cause to stay merits discovery pursuant to FRCP 26(c). A discovery stay pending the determination of a dispositive motion is appropriate where, as here the adjudication of the pending motion is likely to result in a dismissal of all of Plaintiff's claims and such an early dismissal would obviate the need for costly and time-consuming discovery.  *See generally*, *Hong Leong Fin. Ltx. (Singapore) v. Pinnacle Performance Ltd.,* 297 F.R.D 69 (S.D.N.Y. 2013).

## **CONCLUSION**

Hyatt Corporation respectfully requests that the Court grant summary judgment in Hyatt Corporation's favor on the ground that the Court lacks personal jurisdiction over Hyatt Corporation.

Dated: New York, New York
       October 2, 2024

                      **LEWIS BRISBOIS BISGAARD & SMITH LLP**

              By: *Amneet Mand*
                      Amneet Mand, Esq.
                      77 Water Street, Suite 2100
                      New York, New York  10005
                      212.232.1300
                      *Attorney for Defendant HYATT CORPORATION*