UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Z.A., an Infant, by and through his Parents and Natural Guardians, CARMIT ARCHIBALD and GEORGES ARCHIBALD, and CARMIT ARCHIBALD, *individually*,<br><br>Plaintiff(s)<br><br>v.<br><br>HYATT CORPORATION<br><br>Defendant. | Case No. 1:24-cv-03742 |

### DECLARATION OF ATTORNEY EVAN M. GOLDBERG IN OPPOSITION TO DEFENDANT HYATT CORPORATION'S MOTION FOR SUMMARY JUDGMENT

I, EVAN M. GOLDBERG, declare as follows under the penalties of perjury:

1. I am an attorney duly licensed to practice law before the Courts of the State of New York. I am admitted to practice law in this district.

2. Annexed hereto as **Exhibit A** is the Declaration of Plaintiff Carmit Archibald in Opposition to Defendant's Motion for Summary Judgment.

3. Annexed hereto as **Exhibit B** is Plaintiffs' Counter-Statement of Material Facts.

4. Annexed hereto as **Exhibit C** is Plaintiffs' Verified Summons and Complaint.

5. I am the attorney for the Plaintiffs herein. I submit this declaration in support of Plaintiffs' request for an Order seeking jurisdictional discovery.

6. Although Defendant's motion for summary judgment should be denied outright, Plaintiffs submit this Declaration to demonstrate that they cannot present facts essential to support their opposition to Defendant's motion because Plaintiffs' claims are at the pleading stage and Plaintiffs have had no discovery.

7. Defendant has not exchanged discovery.

1

8. After failing to provide initial disclosures, Defendant attached several documents to its premature motion for summary judgment, including the Declaration of Katrina Love, and 96-page partially-redacted management agreement, which Plaintiffs had never seen and which Hyatt Corporation has not authenticated.

9. Hyatt Corporation now seeks to use this management agreement as evidence that it has no ties whatsoever to the St. Kitts resort before Plaintiffs have had an opportunity to cross-examine it and seek documents that are referenced within it.

10. Plaintiffs have not had sufficient discovery to evaluate Defendant's assertion that "[Hyatt] is not at home in New York." ECF 24 at 6.

11. Plaintiffs have not had sufficient discovery to evaluate Defendant's assertion that "[Hyatt] does not maintain employees in New York." *Id.*

12. Plaintiffs have not had sufficient discovery to evaluate Defendant's assertion that "[Hyatt] does not have real property in New York." *Id.*

13. Plaintiffs have not had sufficient discovery to evaluate Defendant's assertion that "[Hyatt] does not have personal property in New York." *Id.*

14. Plaintiffs have not had sufficient discovery to evaluate Defendant's assertion that Hyatt's parent company "Hyatt Hotels Corporation, does not do business in New York." *Id.*

15. Plaintiffs have not had sufficient discovery to evaluate Defendant's assertion that Hyatt's parent company, Hyatt Hotels Corporation does not maintain: "employees; accounts, real property; nor personal property in New York." *Id.*

16. Plaintiffs have not had sufficient discovery to evaluate Defendant's assertion that "Plaintiffs cannot establish that Hyatt Corporation has any relation to (neither owned, managed, operated, or controlled) the World of Hyatt rewards program or the account 'parkhyattstkitts.'" ECF 27 at 10.

17. Plaintiffs have not had sufficient discovery to evaluate Defendant's assertion that "[Hyatt] has no involvement in the ownership, control, management, supervision, or control over the Resort, including advertising or booking." *Id.*

18. Although Plaintiffs can and do contest Hyatt's assertion that "[There] is no basis for stating there is any connection between plaintiffs', their accident, or the resort they vacationed and Hyatt," (*Id.*) it would unfairly prejudice Plaintiffs to have this issue decided without further discovery.

19. Categories of essential information and discovery that are needed to oppose Defendant's motion include without limitation:

   a. The extent of Hyatt's contacts with New York;
   b. Whether Hyatt had a reasonable expectation that its actions would have consequences in New York;
   c. The extent of Hyatt's advertising in New York, the nature of such advertising, and the media used during such advertising;
   d. Contracts entered into by Hyatt with New York residents and entities;
   e. Meetings conducted by Hyatt within the state of New York;
   f. Hyatt's leasing and rental agreements within the state of New York;
   g. The number of Hyatt employees in New York;
   h. The identities of all persons responsible for the management of the St. Kitts resort and Hyatt's relationship to those individuals;
   i. The extent Hyatt promoted World of Hyatt rewards points in New York;
   j. The nature of Hyatt's relationship with related entities, including Hyatt Services Caribbean, LLC.
   k. The amount of control that Hyatt exerted over Hyatt Services Caribbean, LLC.
   l. The identity of the entity through which Hyatt Hotels Corporation owns Hyatt Services Caribbean, L.L.C.
   m. Financial records demonstrating the proportion of revenues generated by New York residents through Hyatt Hotel Corporation Platforms.

    n. Operational Manuals provided by Hyatt Corporation or Hyatt Hotels Corporation.

    o. Franchising or licensing agreements by provided by Defendant or its parent company.

    p. Service or maintenance manuals or documents provided by or to Defendant or its parent company.

    q. The documents referenced in the St. Kitts resort's Management Agreement (ECF 23-3).

20. Furthermore, although Hyatt disclaims any connection with New York, Hyatt Corporation's 10k repeatedly mentions Hyatt's ties to New York. For example, the 10k discloses a list of hotels owned or leased by Hyatt Hotels Corporation, which includes the Park Hyatt New York and the Hyatt Grand Central New York.[1]

21. Elsewhere Hyatt discloses in its 10k that it is subject to a pending audit in New York state.[2]

22. Hyatt disclaims any connection whatsoever going so far as to claim that Hyatt Hotels Corporation does not maintain: "employees; accounts, real property ; nor personal property in New York." ECF 27 at 10.

23. Yet Plaintiffs have had no opportunity to test these allegations through discovery before Hyatt prematurely moved for summary judgment.

24. Without an opportunity to seek discovery on these and other matters Plaintiffs will be unfairly deprived of the opportunity to test Hyatt's conclusory allegations regarding its ties to

---

[1] Hyatt Hotels Corp., Annual Report (Form 10-K), at 55(Feb. 23, 2023), available at https://d18rn0p25nwr6d.cloudfront.net/CIK-0001468174/311c84ef-5bee-4d6d-8008-eb562790019e.pdf.

[2] Hyatt Hotels Corp., Annual Report (Form 10-K), at F52 (Feb. 23, 2023), available at https://d18rn0p25nwr6d.cloudfront.net/CIK-0001468174/311c84ef-5bee-4d6d-8008-eb562790019e.pdf.

New York, relationship with and control over the St. Kitts resort, and the facts underlying Plaintiffs' claims.

Dated: October 16, 2024
       New York, NY

                                            /s/ Evan M. Goldberg
                                            Evan M. Goldberg