# Evan Miles Goldberg PLLC
Attorney & Counselor at Law

400 East 57th Street, Suite 4M | New York, NY 10022 | P: (212) 888-6497 | F: (646) 751-7938 | egoldberg@emglawfirm.com

---

October 22, 2024

**VIA ECF**
The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    RE: **Z.A., an Infant, *et al*. v. Hyatt Corporation**
       **Docket No. 1:24-cv-03742-VSB**

Dear Judge Broderick:

  Plaintiffs oppose Defendant Hyatt Corporation's last-minute request for a one-week extension to file their Reply (ECF No. 27). This request, made on the eve of their deadline, is both procedurally flawed and unfair.

  First, Defendant's request fails to comply with Rule 1.G of Your Honor's Individual Rules, which requires the letter motion to state (1) the original due date of their Reply; (2) the number of previous requests for adjournments or extensions of time; (3) whether the previous requests were granted or denied; (4) whether Plaintiffs' counsel consents (and the reasons why or why not); and (5) the specific reasons for the extension. Additionally, Defendant's counsel did not confer with Plaintiffs' counsel before moving for this extension. Defendant had six days to seek an extension yet waited until the day before its Reply was due.

  Second, such an extension prejudices Plaintiffs, who have not had any opportunity for discovery. Defendant previously defaulted and sought leave to vacate the Clerk's Certificate of Default (ECF 18), which the Court granted, allowing them to file a late answer. Now, even after filing its first responsive pleading, Defendant seeks to avoid discovery entirely by filing what is effectively a Rule 12(b)(2) and 12(b)(6) motion cloaked as one for summary judgment. Defendant's substantive motion seeks dismissal based on lack of personal jurisdiction and forum non conveniens ("FNC"), all without affording Plaintiffs the fairness of jurisdictional discovery. Granting Defendant additional time bolster its arguments with extrinsic evidence here would unfairly tilt the scales in its favor.

  Third, this is Defendant's motion, and they controlled the timing. They had ample opportunity to present any evidence or arguments when initially filing for summary judgment. Defendant's delays and deficiencies are self-inflicted. Plaintiffs, meanwhile, have scrambled to meet strict deadlines, responding to two affidavits and a 97-page Management Agreement—despite having no discovery or the opportunity to cross-examine. Plaintiffs have already made out a legally sufficient case for jurisdiction and established that this Court as an appropriate forum.

Further extrinsic evidence will not bolster defendant's arguments on Your Honor's jurisdiction or FNC.

      Lastly, the Court can decide defendant's substantive motion based on the current record and papers, without the need for oral argument. Defendant's request for an extension should be denied.

                                                Respectfully submitted,

                                                /s/ Evan M. Goldberg

                                                Evan M. Goldberg
                                                EVAN MILES GOLDBERG, PLLC

cc:      Amneet Mand, Esq. (Via ECF)
            Counsel for Defendant Hyatt Corporation