UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

Z.A., an Infant, by and through his Parents and Natural
Guardians, CARMIT ARCHIBALD and GEORGES             No. 1:24-cv-03742
ARCHIBALD, and CARMIT ARCHIBALD,
*individually*,,

                                        Plaintiffs,

            -against-

HYATT CORPORATION,

                                        Defendant.
------------------------------------------------------------------------ X


**DEFENDANT HYATT CORPORATION'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
BASED ON LACK OF PERSONAL JURISDICTION**


                              **LEWIS BRISBOIS BISGAARD & SMITH, LLP**

                              By: Amneet Mand, Esq.
                              77 Water Street, 21st Floor
                              New York, New York 10005
                              Attorneys for Defendant,
                              HYATT CORPORATION.
                              Tel. (212) 232-1300
                              Fax (212) 232-1399


1

## PRELIMINARY STATEMENT

Plaintiffs' concede that this Court lacks general jurisdiction over Hyatt Corporation ("HC"), offering no argument or case law in opposition to HC's brief on general jurisdiction. Plaintiffs' failed to address the law on specific jurisdiction as well. Instead, they offer this Court conclusory statements that are not relevant to the inquiry of specific personal jurisdiction. Plaintiffs' should not be granted leave to conduct jurisdictional discovery, as the facts they seek to investigate further have no bearing to the jurisdictional inquiry in this case.

Activities that have no connection to plaintiff's claims cannot give rise to specific personal jurisdiction. Plaintiffs' residence in the forum state or the fact that they booked their vacation on an website targeting individuals all over the world while they were in New York do not constitute sufficient nexus to New York as a matter of law. "Put simply, however significant the plaintiff's contacts with the forum may be, those contacts cannot be 'decisive in determining whether the defendant's due process rights are violated.'" *Walden*, 571 U.S. at 285 (quoting *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)).

In support of their motion for summary judgment based on lack of personal jurisdiction, HC's opening brief put forth evidence including sworn declarations of Hyatt Corporation (Ex. A, HC Dec., Doc. 23-1) and its parent, Hyatt Hotels Corporation (Ex. B, HHC Dec., Doc. 23-2) testifying a) HC is incorporated in Delaware and maintains its principal place of business in Illinois, b) HC did not own, operate, manage, supervise or control the resort where Plaintiffs' accident occurred, and c) HC, and its parent HHC, are separate legal entities from the entities who did own, operate, manage, control, and supervise the resort. HC evidenced through the Management Agreement (Ex. C, Doc. 23-3) that Range Developments Ltd., was the owner of the resort, and Hyatt Services Caribbean LLC exclusively controlled and supervised the resort. HC

applied Supreme Court and New York law, arguing that as a matter of law there is no general nor specific personal jurisdiction over HC in this case. HC's brief thus made a prima facie showing that there is no genuine issue of material fact and that summary judgment should be granted to HC. See, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In their Opposition brief, Plaintiffs' failed to offer this Court any case law to counter the numerous New York decisions declining to exercise personal jurisdiction over Hyatt Corp., Hyatt Hotels Corp., and other companies for tort accidents occurring at offshore hotels which they do not own, manage, operate, or supervise.  Plaintiffs' seem to have conceded they do not have cases for this Court to consider. It is telling that the majority of their Opposition brief contains conclusory statements without citations. HC respectfully implores this Court to consider the law, not conclusionary statements made by counsel. Nevertheless, HC will address each statement in Plaintiffs' brief below.

## I.    PLAINTIFFS' CONCEDE THAT THIS COURT LACKS GENERAL PERSONAL JURISDICTION OVER HYATT CORPORATION

Plaintiffs' do not dispute that HC is incorporated in Delaware and maintains a principal place of business in Illinois (Doc. 26-3, Pltf. Ctr-Stmt., p. 3). HC has submitted a sworn Declaration that evidences HC is incorporated in Delaware and has a principal place of business in Illinois. (Ex. A, ¶2, HC Dec., Doc 23-1).  The Court's inquiry as to general jurisdiction should end here. *See*, *Daimler*, 571 U.S. at 760 (for a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction).

Plaintiffs' do not argue that this case should be considered "exceptional" such that this Court should look beyond the principal place of business and state of incorporation. *BNSF*, 137 S.Ct. at 1558(only in an exceptional case can a court exercise general jurisdiction in a forum that is not "the corporation's place of incorporation [or] its principal place of business"). Plaintiffs'

have not suggested that they will seek to prove this case exceptional, and argue that New York is the center of HC's activities. *Id*. (quoting *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 448 (1952)).

Here, the same result should follow as in *BNSF* and *Daimler.* HC is not at home in New York. New York is not HC's place of incorporation nor its principal place of business, and it does not have any continuous and systematic contacts with New York that could render this an "exceptional case." *BNSF*, 137 S. Ct. at 1558; (Ex. A, HC Dec.; Ex. B, HHC Dec.) Accordingly, as New York is not HC's state incorporation, principal place of business, nor the center of HC's activities, this Court should find that it lacks general personal jurisdiction over HC.

## II.    THE UNDISPUTED FACTS DEMONSTRATE THAT THIS COURT LACKS SPECIFIC PERSONAL JURISDICTION OVER HYATT CORPORATION

The undisputed facts are: Plaintiffs' injuries arose out of an incident that occurred at the Park Hyatt Resort Christophe Harbour in St. Kitts and Nevis ("the Resort"), when an aquatic basketball hoop fell on minor plaintiff, Z.A.; Hyatt Corporation does not own the resort; Hyatt Corporation does not manage the resort; Hyatt Corporation did not commit any acts in New York related to Plaintiffs' or their accident.

Plaintiffs' seemingly realized they do not have a basis for specific jurisdiction – as there is no reasonable connection between HC, their accident, and New York. "For a foreign tort, 'either the duty that was breached or the injury to the plaintiff must have originated in New York to satisfy §302(a)(1).'" *Kerman v. InterContinental Hotels Grp. Res. LLC*, 2021 WL 930253 at 4 (E.D.N.Y. Mar. 11, 2011) (citing *Pichardo v.* Zayas, 122 A.D. 3d 699, 701 (N.Y.App.Div. 2014), *perm. app. denied*, 26 N.Y.3d 904 (2015)). This is accentuated by the fact that, after filing a Verified Complaint which states that this lawsuit arises out of an accident that occurred at the resort in St.

Kitts, Plaintiffs' attempt to change the injury to one which occurred in New York. (Doc. 26, Pltf. Opp. at p. 2) They cannot have it both ways.

      **A.**  **It Is Undisputed That the Subject Accident Occurred at the St. Kitts Resort, that the Resort was Owned by Range Developments Ltd., and that the Resort was Exclusively Controlled by Hyatt Caribbean Services LLC.**

The following facts are undisputed by Plaintiffs' in their Rule 56 Counter-Statement of Material Facts and Additional Facts (Pltf. Ctr-Stmt, Doc. 26-3): Hyatt Corporation does not have any direct ownership interest in the Park Hyatt St. Kitts property or any portion of the facilities that compromise the resort (p.4, Pltf. Ctr-Stmt, Doc. 26-3); Hyatt Caribbean Services controls the resort (p. 5, Pltf. Ctr-Stmt, Doc. 26-3).[1] [2]

While Plaintiffs purport to dispute many of the facts in Hyatt Corporation's Local Rule 56.1 Statement, they have not come forward with any evidence that could support a contrary conclusion. For example, Plaintiff disputes the fact that Hyatt Corporation does not have operational responsibility over the resort. And in support of their dispute, they point to page 17 of a 10-k filed by Hyatt Hotels Corporation. First, Hyatt Hotels Corporation is not a party to this lawsuit. Second, neither Hyatt Corporation nor the resort where plaintiffs' accident occurred are mentioned in the referenced 10-k. Missing entirely from the 10-k and Plaintiffs' Opposition, is any reference, fact or evidence showing Hyatt Corporation is affiliated with the resort where Plaintiffs' accident occurred.

---

[1] Plaintiffs' claim that they do not have sufficient information to dispute or not dispute whether the Park Hyatt St. Kitt's is a resort complex located in St. Kitts and Nevis, when their own Complaint, and Opposition Brief asserts this fact as true. (Doc. 23-6, Doc. 26)

[2] Plaintiffs also purport to lack sufficient information to dispute or not dispute that the resort is owned by Range Developments Limited ("Range") and that Range entered into a Management Agreement with Hyatt Caribbean Services LLC, even though the Management Agreement for the resort was provided as Exhibit C to Hyatt Corporation's Motion (Ex. C, Doc. 23-3). Plaintiffs' offer no evidence to dispute the truth or legality of the Management Agreement.

Additionally, in response to the fact that "Hyatt Corporation does not own, maintain, or have control over the Resort or any of its facilities, including the pool area of the Resort, and is not involved in the Resort's operations directly or indirectly", Plaintiffs' response is: "the management agreement between Hyatt and the resort, expressly gives Hyatt Services Caribbean LLC control over the Resort, its facilities, and the pool area. Hyatt Services Caribbean LLC is a wholly owned Hyatt subsidiary and Hyatt therefore has the ability to exercise control over the resort."  It is clear that Plaintiffs' have no evidence to dispute this material fact.  Plaintiffs' assertion that Hyatt Caribbean Services LLC "is a wholly owned Hyatt subsidiary" is not supported by evidence, record, affidavit nor declaration. Moreover, it ignores the sworn testimonies of both HC and its parent testifying that both HC and HHC are legally separate entities from Hyatt Services Caribbean.

Plaintiffs' Counter-Statement is rendered untrustworthy the moment they attempt to falsify records which speak for themselves, stating "Hyatt and the resort" entered into the management agreement when the Agreement is between Range Developments LLC (the owner of the property) and Hyatt Caribbean Services (manager, supervisor of the resort). Plaintiffs' constant reference to "Hyatt" generally rather than any specific Hyatt entity is an effort to confuse the entities and this Court.  Plaintiffs' have not and cannot offer any connection between Hyatt Corporation, and the resort where Z.A. was injured, an injury which gave rise to this lawsuit. This is underscored by their own statement, "need something re: relationship between Hyatt and Hyatt Caribbean Services, LLC" (p. 5, Pltf. Ctr-Stmt, Doc. 26-3).

In contrast, Hyatt Corporation offered admissible evidence regarding the companies responsible for the resort where the Plaintiffs' accident occurred. It is those companies, not Hyatt Corporation, that can and should respond to discovery sought by Plaintiffs' regarding their

accident. Based on this evidence, Hyatt Corporation argued in their opening brief that "unilateral

activity" of third parties (such as Range Developments and Hyatt Services Caribbean) "cannot

satisfy the requirement of contact with the forum State." *Burger King*, 471 U.S. at 474 (quoting

*Hanson*, 357 U.S. at 253). Indeed, the Supreme Court has "consistently rejected attempts to satisfy

the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff

(or third parties) and the forum State." *Walden*, 571 U.S. at 284. Plaintiffs have no response to

this argument.

### B. Plaintiffs Have Not Identified Any Purposeful Contact Between Hyatt Corporation and New York That Their Claims Could Have Arisen From.

For purposes of specific jurisdiction, a defendant's forum-State conduct is not "sufficient—

*or even relevant*" if it has no connection to a plaintiff's claim. *Bristol-Myers*, 137 S. Ct. at 1781

(emphasis added). Conduct is relevant only if it establishes "a connection between *the forum* and

the *specific claims at issue*." *Id*. (emphasis added). "When there is no such connection, specific

jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State."

*Id*. (citing *Goodyear*, 564 U.S. at 930 n.6). Consistent with *Bristol-Myers*, the Second Circuit has

"always required some *causal* relationship between an entity's in-forum contacts and the

proceedings at issue." *In re del Valle Ruiz*, 939 F.3d at 530 (emphasis in original); *Goodyear*, 564

U.S. at 930 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of

jurisdiction over a claim unrelated to those sales.")

In *Bristol-Myers*, the Supreme Court held that pharmaceutical manufacturer Bristol-Myers

Squibb was not subject to specific personal jurisdiction in California over claims by out-of-state

plaintiffs regarding Plavix—despite selling "almost 187 million Plavix pills in the state" and taking

in "more than $900 million from those sales"; despite "contract[ing] with a California distributor"

to distribute Plavix nationally; and despite having five research laboratories with 160 Bristol-

Myers employees in California, 250 in-state sales representatives, and an in-state government advocacy center—because the plaintiffs failed to demonstrate a connection between those activities and their claims. *Id*. at 1778, 1783.

As in *Bristol-Myers*, "[w]hat is needed—and what is missing here—is a connection between the forum and the specific claims at issue." *Id*. at 1781. Plaintiffs have failed to demonstrate their claims "'aris[e] out of or relat[e] to the defendant's contacts with the *forum*." *Id*. at 1780 (alterations and emphasis in original) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). Assuming for the sake of argument only that Hyatt Corporation "has availed itself of the privilege of conducting activities in New York" by conducting business in New York, having affiliation to hotels in New York, by the fact that their parent company is subject to an audit in New York, by filing an unrelated lawsuit in New York, or by copyrighting a website for hotel booking which can be accessed from New York (Doc. 26, Pltf. Opp. at 10, 13, 14), these facts are insufficient to exercise specific jurisdiction over Hyatt Corporation *in this case*.

Plaintiffs' have not even attempted to counter the New York decisions holding that New York has no personal jurisdiction over Hyatt Corporation, Hyatt Hotels Corporation, or other Hyatt entities for tort claims occurring in other countries.[3] Specifically, in their opening brief, HC annexed as exhibits, two recent New York decisions which dealt with identical fact patterns as in this case. (Ex. D, Doc. 23-4; Ex. E, Doc. 23-5). These decisions were entirely ignored in Plaintiffs' Opposition.

---

[3] *See e.g., Herlily v. Hyatt Corp.*, 2022 WL 4119921 (N.Y. Sup. Ct. Sep. 06, 2022)(finding no jurisdiction over claims related to a slip and fall accident at Baha Mar); *Christie v. Hyatt Corp.*, 2024 WL 2387513 (E.D.N.Y. May 23, 2024)(finding no jurisdiction over negligence claims related to an assault and robbery in the Dominican Republic); *Kaplan v. Hyatt Hotels Corporation*, 23-cv-02598 (E.D.N.Y. Mar. 8, 2024) (finding no nexus even though the hotel stay was booked through a website in New York).

In *H.H.,* the Southern District of New York already dealt with near identical facts to this case and it is telling that Plaintiffs' fail to address it. There, this Court held that it had no personal jurisdiction over Hyatt Hotels Corporation, for an accident where a minor, H.H., was injured at a water park at the Grand Hyatt Baha Mar, in the Bahamas. *H.H., an infant by Nancy Held v. Hyatt Hotels Corporation, et. al.,* 23-cv-7083 (S.D.N.Y., Jul. 25, 2024); (Ex. D, Doc. 23-4). The Court specifically emphasized that Plaintiff's "general statements about Hyatt's business dealings in New York" were insufficient to establish a "strong nexus" where plaintiff's injury "clearly arose in the Bahamas". *Id.*; (Ex. D, Doc. 23-4).

Similarly, in this case, there is an alleged injury to a minor, Z.A., arising out of an accident that occurred in the pool of a resort in St. Kitts and Nevis. As in *H.H.*, the Plaintiffs' here make generalized statements about Hyatt Corporation's business dealings in New York. Plaintiffs' reference Hyatt branded hotels that are located in New York: the Hyatt Grand Central and the Park Hyatt New York. However, Plaintiff cannot prove that Hyatt Corporation owns either of these hotels[4]. Moreover, Plaintiffs' accident did not occur at either the Hyatt Grand Central or the Park Hyatt New York. The fact that there are Hyatt branded hotels in New York is simply irrelevant to *this* case.

Plaintiffs' also ask this Court to depart from established jurisprudence, to exercise specific jurisdiction over HC in this case simply because HC copyrights a website, Hyatt.com, through which Plaintiffs' booked their vacation. However, Plaintiffs' fail to counter the recent decision in *Kaplan* raised in HC's opening brief, holding that booking a vacation through the Hyatt.com website was an insufficient nexus between Hyatt Hotels Corporation and New York - where the accident giving rise

---

[4] Hyatt Grand Central is owned by UDC/Commodore Redevelopment Corporation, and the Park Hyatt New York is owned by PH New York, L.L.C.

to that lawsuit occurred in Jamaica and Hyatt Hotels Corporation submitted declarations testifying

they did not own or operate the hotel in Jamaica. *Kaplan v. Hyatt Hotels Corporation*, 23-cv-02598

(E.D.N.Y. Mar. 8, 2024); (Ex. E, Doc. 23-5); *see also*, *Paczkowski v. Hyatt Corp.*, No. CV 20-

10821 (FLW), 2021 WL 3076963, at 5 (D.N.J. July 21, 2021).

These decisions comport with due process. Booking through a *world wide* website such as

hyatt.com cannot be considered sufficient nexus to *any* state, as the website "targets" residents of

*every* state in every country. Plaintiffs' are correct that, there is one singular website through which

any person in the United States or in any other country, can book a stay at any Hyatt affiliated,

licensed, and/or franchised hotel, located anywhere in the world. As a matter of law, this website

cannot be the "nexus" to any forum in the jurisdictional context because the result would be that

any state (or country) where a plaintiff utilizes the website can exercise specific jurisdiction over

Hyatt Corporation, or any other Hyatt entity, for tortious acts committed at any of the 1,335 hotels

located across over 70 countries accessible through the website.

Plaintiffs' also reference a complaint filed by Hyatt Corporation and a complaint filed by

its parent Hyatt Hotels Corporation in unrelated lawsuits, without providing this Court with

authority demonstrating how these complaints are relevant to this matter or the jurisdictional

inquiry before the Court. Rather, it is well established in this Circuit that "a party's consent to

jurisdiction in one case … extends to that case alone.  It in no way opens that party up to other

lawsuits in the same jurisdiction in which consent was given, where the party does not consent and

no other jurisdictional basis is available." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri—Gestione*

*Motonave Achille Lauro in Amminisbazione Straordinaria*, 937 F.2d 44, 50 n.5 (2d Cir. 1991).

Besides, neither complaint has any relevance to Plaintiffs, their allegations, or the resort where this

accident occurred. The complaint filed by Hyatt Corporation specifically does not even contain an

claim of personal injury or any allegation that is even remotely relevant to Plaintiffs' case.

The same result should follow as in *H.H.*, *Kaplan, Herlily,* and *Christie*. This Court should

find that there is no specific personal jurisdiction over Hyatt Corporation in this case.

### C. Generalized Reasonableness and Fairness Considerations Cannot Supplant the Threshold Requirements of Specific Jurisdiction.

Plaintiffs argue it would be reasonable and fair to exercise jurisdiction over Hyatt

Corporation. (Doc. 26, p. 9-21).   The due process analysis takes account of generalized

reasonableness and fairness considerations, but only *after* the plaintiffs demonstrate (1) the

defendant has purposefully created relevant contacts with the forum State by engaging in "*suit-*

*related conduct*," *Walden*, 571 U.S. at 284 (emphasis added); and (2) "a connection between the

forum and the specific claims at issue."  *Bristol-Myers*, 137 S. Ct. at 1781.  *If* the plaintiffs carry

their burden of proving these first two jurisdictional requirements, the defendant can still argue

that a court's exercise of specific jurisdiction would not "comport with fair play and substantial

justice."  *Burger King*, 471 U.S. at 476.  Only then does the court weigh "the burden on the

defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining

convenient and effective relief, the interstate judicial system's interest in obtaining the most

efficient resolution of controversies, and the shared interest of the several States in furthering

fundamental substantive social policies."  *Id*. at 476-77; *see State Farm*, 246 F. Supp. 3d at 892-

93 (only after plaintiff "has established the necessary minimum contacts between [nonresident

defendant] and New York" does burden shift to defendant to demonstrate "reasonableness of

jurisdiction").

Plaintiffs argue that exercising specific jurisdiction over Hyatt Corporation would not

offend traditional notions of fair play and substantial justice. Plaintiffs' ask this Court to extend

jurisdiction to Hyatt Corporation in New York – which is neither HC's place of business nor incorporation, where HC does not maintain sufficient contacts, where the accident alleged in the Complaint did not occur. Additionally, HC has testified it did not own, operate, supervise or control the hotel where the accident occurred. Plaintiffs' maintain that jurisdiction should be extended simply because *Plaintiffs* are residents of New York; *Plaintiffs'* business is in New York, and *Plaintiffs' unilaterally* booked their stay through an internationally accessible website in New York. Granting this request would do nothing if not offend traditional notions of fair play and justice. Such a ruling would create a new precedent – allowing Hyatt Corporation, or any other parent, subsidiary, affiliate, licensee, licensor, franchisee, franchisor to be sued in any forum where a Plaintiff lives and conducts business.

Considerations of reasonableness and fairness cannot supplant the threshold requirement that the plaintiffs demonstrate their claims arise out of the defendant's purposeful, suit-related contacts with the forum State.  If a plaintiff fails to carry their initial burden, then personal jurisdiction is not established in the forum State.  Even if a nonresident "defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location for litigation, the Due Process Clause…may sometimes act to divest the State of its power to render a valid judgment."  Bristol-Myers, 137 S. Ct. at 1780-81.

**CONCLUSION**

Hyatt Corporation respectfully requests that the Court grant summary judgment in Hyatt Corporation's favor on the ground that the Court lacks personal jurisdiction over Hyatt Corporation.

Dated:  New York, New York
        October 30, 2024

                              **LEWIS BRISBOIS BISGAARD & SMITH, LLP**

                              By: _/s/ Amneet Mand_____
                              Amneet Mand, Esq.
                              77 Water Street, 21st Floor
                              New York, New York 10005
                              Attorneys for Defendant,
                              HYATT CORPORATION.
                              Tel. (212) 232-1300
                              Fax (212) 232-1399