UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

Z.A., an Infant, by and through his Parents
and Natural Guardians, CARMIT
ARCHIBALD and GEORGES ARCHIBALD,
and CARMIT ARCHIBALD, individually,

        Plaintiffs,

  -v-                                          No. 24-CV-03742-LTS

HYATT CORPORATION,

        Defendant.

--------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

        Plaintiffs, infant Z.A., by his parents and natural guardians, and his mother Carmit Archibald ("Carmit") (collectively, "Plaintiffs"), bring this action against Hyatt Corporation ("Defendant") for injuries Z.A. sustained while on a vacation at the Park Hyatt St. Kitts Christophe Harbour Resort (the "Resort") in St. Kitts and Nevis. (Docket entry no. 1-1 ("Compl.").) The Court has subject matter jurisdiction of this action under 28 U.S.C. section 1332(a).

        Defendant moves for summary judgment under Federal Rule of Civil Procedure 56, arguing that this Court lacks personal jurisdiction over it. (Docket entry no. 23.) The Court has carefully considered all the parties' submissions. (Docket entry no. 24 ("Def. Mem."); docket entry no. 26 ("Pls. Mem."); docket entry no. 30 ("Def. Reply").[1]) For the following

---

[1]     Pin cites to materials filed on ECF refer to ECF-designated pages.

reasons, Defendant's motion for summary judgment is granted and the complaint is dismissed for lack of personal jurisdiction.

## BACKGROUND

The following facts are drawn from the complaint, the well-pleaded factual allegations of which are taken as true for the purpose of evaluating whether Plaintiff has established a prima facie case of personal jurisdiction.[2]  Defendant proffers additional facts in support of its motion, but none are material to the issue at hand.  See Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala, 989 F.2d 572, 580 (2d Cir. 1993), as amended (May 25, 1993).

Defendant Hyatt Corporation is a Delaware corporation with its principal place of business in Illinois.  (Compl. ¶¶ 7-8.)  Defendant is a global hospitality company that manages over 1,150 hotels in more than 70 countries, including, according to Plaintiffs, the Park Hyatt St. Kitts Christophe Harbour.  (Id. ¶ 10.)  Defendant operates the "World of Hyatt" website, hyatt.com (the "Website"), which provides hotel reservation services to customers around the world, including New York-based customers.  (Id. ¶¶ 12-13, 39.)  Defendant also operates the "World of Hyatt" loyalty rewards program, which allows customers, including ones based in New York, to book hotel accommodations using "points" in lieu of cash.  (Id. ¶¶ 35-38.)  Plaintiffs further allege that Defendant regularly advertises and promotes its hotel rooms to New

---

[2]  Defendant brings its pre-discovery motion for lack of personal jurisdiction as one for summary judgment under Rule 56 as opposed to a motion to dismiss under Rule 12(b)(2), which is typical practice.  Where no discovery has occurred, the standard is the same under either Rule 56 or Rule 12(b)(2)—a plaintiff need only make a prima facie showing of personal jurisdiction.  A plaintiff may meet this burden by "making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant."  Penguin Grp. (USA) Inc. v. Am. Buddha, 609 F.3d 30, 35 (2d Cir. 2010).

York consumers, including through New York-targeted advertisements promoting direct flights from New York City's JFK Airport to St. Kitts and Nevis' SKB Airport on its Instagram account ("parkhyattstkitts"). (Id. ¶¶ 31-33.) Finally, Plaintiffs allege that Defendant is authorized to do business, regularly solicits business, and derives substantial revenue from services it renders in New York. (Id. ¶¶ 7, 20-21.)

Plaintiffs are New York residents. (Id. ¶¶ 4-6.) In the fall of 2022, swayed by previous positive experiences at Hyatt hotels as a World of Hyatt loyalty rewards program member, Carmit Archibald searched for Hyatt hotels on the Website for a family vacation and found the Resort listed on the site. (Id. ¶¶ 37, 45.) On September 17, 2022, Carmit reserved hotel rooms at the Resort for her family, including Z.A., from her home in Manhattan using World of Hyatt rewards points. (Id. ¶¶ 37-38.)

On April 9, 2023, Z.A. was on vacation with his family at the Resort. (Id. ¶ 58.) While swimming and playing aquatic basketball in the Resort's pool area, Z.A. was struck on the head by an inadequately secured aquatic basketball hoop. (Id.) As a result of this incident, Z.A. sustained severe and permanent injuries and facial disfigurement. (Id. ¶¶ 2, 58-59.)

Plaintiffs' complaint asserts that Hyatt Corporation is vicariously liable under various agency theories for the Resort's alleged negligence in failing to maintain the premises in

a reasonably safe condition and in failing to warn of the dangerous conditions, leading directly to the incident and the injury sustained by Z.A.[3]  (Id. ¶¶ 1-2, 37-80.)

### DISCUSSION

The issue before the Court is whether it has personal jurisdiction over Defendant, which is not a New York corporation and does not maintain its principal place of business in New York, for the purpose of adjudicating Plaintiffs' claims arising from the injury that plaintiff Z.A. sustained at a resort in St. Kitts and Nevis.  Plaintiffs argue that jurisdiction of their vicarious liability claim can properly be exercised here because Defendant advertised the Resort to New York residents and because Plaintiffs booked their Resort stay through Defendant's Website while they were in New York.  For the following reasons, the Court finds that it lacks personal jurisdiction over Defendant.

Standard of Review

"The showing a plaintiff must make to defeat a defendant's claim that the court lacks personal jurisdiction over it 'varies depending on the procedural posture of the litigation.'" Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81, 84 (2d Cir. 2013) (quoting Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990)).  "[P]rior to discovery, a

---

[3]   In their memorandum in opposition to Defendant's motion, Plaintiffs allege that Defendant violated New York General Business Law section 349 by "creat[ing] the false impression that the [R]esort was subject to Hyatt's control and safety standards" through its branding and booking process and that Plaintiffs suffered both financial and physical injury due to their "reliance" on this misleading information, and they assert that the Court has personal jurisdiction over Defendant with respect to adjudication of such a claim. (Pls. Mem. at 12-13.)  This claim was not pleaded in the complaint, which never mentions section 349 as the basis of Plaintiffs' claim.  Because assertions in a brief are not effective to amend a complaint, the Court does not consider Plaintiffs' section 349 theory in addressing the instant motion.  See O'Brien v. Nat'l Prop. Analysts Partners, 719 F. Supp. 222, 229 (S.D.N.Y. 1989).

plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, legally sufficient allegations of jurisdiction." Id. (quoting Ball, 902 F.2d at 197). "At that preliminary stage, the plaintiff's prima facie showing may be established solely by allegations." Id. at 85 (quoting Ball, 902 F.2d at 197).

Defendant brings its pre-discovery motion for lack of personal jurisdiction as one for summary judgment under Rule 56 rather than as a motion to dismiss under Rule 12(b)(2), which is typical practice. The standard of review under either rule is nonetheless essentially identical where, as here, no discovery has yet occurred. Compare UTC Fire & Sec. Americas Corp., Inc. v. NCS Power, Inc., 844 F. Supp. 2d 366, 370 (S.D.N.Y. 2012) (considering pre-discovery Rule 56 motion for lack of personal jurisdiction) with Commodity Futures Trading Comm'n v. TFS-ICAP, LLC, 415 F. Supp. 3d 371, 381 (S.D.N.Y. 2019) (considering pre-discovery Rule 12(b)(2) motion for lack of personal jurisdiction). To defeat the motion in either posture, a plaintiff must proffer allegations sufficient to make a prima facie showing of personal jurisdiction, "including 'an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant.'" Penguin Grp. (USA) Inc. v. Am. Buddha, 609 F.3d 30, 35 (2d Cir. 2010) (quoting In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003)); see also Chirag v. MT Marida Marguerite Schiffahrts, 604 Fed. App'x 16, 19 (2d Cir. 2015) ("[A] prima facie case requires non-conclusory fact-specific allegations or evidence showing that activity that constitutes the basis of jurisdiction has taken place.").

Personal Jurisdiction

Personal jurisdiction is determined in accordance with the law of the forum state, which is New York. Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001) (citing Bensusan Rest. Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997)). "In New York, courts must first

determine whether personal jurisdiction is appropriate pursuant to the State's general jurisdiction statute, Civil Practice Law and Rules ('C.P.L.R.') § 301, or its specific jurisdiction statute, C.P.L.R. § 302." Reed Int'l, Inc. v. Afghanistan Int'l Bank, 657 F. Supp. 3d 287, 297 (S.D.N.Y. 2023). "[S]econd, [a court] must assess whether the court's assertion of jurisdiction under these laws comports with the requirements of due process." Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996).

If a court has general jurisdiction over a defendant, the court may "hear any and all claims against" the defendant. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). On the other hand, "specific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" Id. (citation omitted). Specific jurisdiction exists when the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum state," and the plaintiff's claims "arise out of or relate to the defendant's contacts with the forum." Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., 592 U.S. 351, 359 (2021).

Plaintiffs' only argument for personal jurisdiction is made under C.P.L.R. section 302(a)(3), a provision that details circumstances under which specific long-arm jurisdiction may be exercised. (Pls. Mem. at 14.) According to Plaintiffs, they "do not concede" general jurisdiction under section 301 or specific jurisdiction under the other subsections of section 302(a), but they "require jurisdictional discovery to confirm whether jurisdiction exists under" those provisions. (Id.) The Court addresses Plaintiffs' arguments in turn, finding that specific jurisdiction is lacking under C.P.L.R. section 302(a)(3) and that jurisdictional discovery is unwarranted.

Specific Jurisdiction Under C.P.L.R. Section 302(a)(3)

C.P.L.R. section 302(a)(3) provides for personal jurisdiction over a non-domiciliary who "commits a tortious act without the state causing injury to person or property within the state" if the non-domiciliary either "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state," or "(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." N.Y. C.P.L.R. § 302(a)(3) (McKinney 2025).

"Under § 302(a)(3), the injury must have occurred in New York." Ramirez v. Con-Way Multimodal, Inc., No. 17-CV-8823-RA, 2018 WL 6411276, at *2 (S.D.N.Y. Dec. 4, 2018); N.Y. C.P.L.R. § 302(a)(3) (providing for personal jurisdiction over a non-domiciliary who "commits a tortious act without the state causing injury to person or property within the state" (emphasis added)). To determine whether an injury occurred within the state, New York courts "must generally apply a situs-of-injury test, which asks them to locate the 'original event which caused the injury.'" Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 791 (2d Cir. 1999) (citation omitted). Courts apply this test strictly and have found that when an injury is incurred though an out-of-state action or event, there is "absolutely no legal basis to claim that the injury occurred in New York . . . even if the damage first became clear and/or the injury worsened once the plaintiff returned to New York." Hinsch v. Outrigger Hotels Hawaii, 153 F. Supp. 2d 209, 213 (E.D.N.Y. 2001).

Applying the situs-of-injury test here, the Court finds no basis for personal jurisdiction under C.P.L.R. section 302(a)(3), because the complaint makes clear that the injury sustained by Z.A. occurred in St. Kitts and Nevis, not in New York. (Compl. ¶¶ 58-59.)

Plaintiffs do not allege that Z.A. received any further treatment for the injury after they returned to New York but, even if they had, such treatment or any worsening of the injury would be irrelevant in determining the location of the original event. See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. UPS Supply Chain Sols., Inc., 74 F.4th 66, 72 (2d Cir. 2023).

In sum, Plaintiffs fail to make a prima facie case for specific jurisdiction under C.P.L.R. section 302(a)(3) because the "original" injury did not occur in New York. See, e.g., Christie v. Hyatt Corp., No. 22-CV-4839-FB-RML, 2024 WL 2387513 (E.D.N.Y. May 23, 2024) (finding personal jurisdiction lacking in analogous circumstances); Kaplan v. Hyatt, 23-CV-2598-MKB, 2024 U.S. Dist. LEXIS 136047, at *8 n.5 (E.D.N.Y. Mar. 8, 2024) (same). Accordingly, Defendant's motion is granted and Plaintiffs' complaint is dismissed for lack of personal jurisdiction.

### Jurisdictional Discovery

Plaintiffs also request "jurisdictional discovery to confirm whether jurisdiction exists under these provisions of the New York long arm statute [C.P.L.R. sections 301 and 302]." (Pls. Mem. at 14.) The decision to grant jurisdictional discovery lies within the discretion of this Court. Jazini v. Nissan Motor Co., 148 F.3d 181, 186 (2d Cir. 1998). While Plaintiffs need not make a prima facie case in order to obtain jurisdictional discovery, Plaintiffs must at least "identif[y] a genuine issue of jurisdictional fact." Parker v. Bursor, No. 24-CV-0245-JGLC-RFT, 2024 WL 4850815, at *3 (S.D.N.Y. Nov. 21, 2024) (quoting Daventree Ltd. v. Republic of Azerbaijan, 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004)). As explained above, Plaintiffs have failed to do so. Thus, Plaintiffs' request for jurisdictional discovery is denied.

CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment dismissing the complaint is granted. The Court does not address Defendant's alternative argument for dismissal on the grounds of forum non conveniens because no proper basis for the exercise of personal jurisdiction has been proffered. Plaintiffs are, however, granted permission to move for leave to file an amended complaint setting forth factual grounds for the exercise of personal jurisdiction over Defendant. Plaintiffs may, within three weeks of the date of this Memorandum Order, file a motion for leave to amend their complaint. Any such motion must be accompanied by a memorandum of law in support of its motion and a copy of the proposed amended complaint that is blacklined to identify the proposed changes, in compliance with Local Civil Rule 15.1. Failure to make a timely motion for leave to amend, or to demonstrate in such a motion that amendment would not be futile, will result in dismissal of this action for lack of personal jurisdiction. Plaintiff's request for jurisdictional discovery is denied without prejudice to renewal in the context of factual allegations sufficient to frame a prima facie demonstration of a proper basis for the exercise of personal jurisdiction. This Memorandum Order resolves Docket Entry No. 23.

SO ORDERED.

Dated: New York, New York
      August 20, 2025

   /s/ Laura Taylor Swain
  LAURA TAYLOR SWAIN
  Chief United States District Judge