UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Z.A., an Infant, by and through his Parents and Natural Guardians, CARMIT ARCHIBALD and GEORGES ARCHIBALD, and CARMIT ARCHIBALD, *individually*,<br><br>           Plaintiff<br><br>   v.<br><br>HYATT CORPORATION<br><br>           Defendant. | Case No. 1:24-cv-03742-LTS |

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**

Evan M. Goldberg
EVAN MILES GOLDBERG, PLLC
400 East 57th Street, Ste. 4M
New York, NY 10022
Tel.: (212) 888-6497
Fax: (646) 751-7938
egoldberg@emglawfirm.com

*Attorneys for Plaintiffs Z.A., et al.*

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................1

PROCEDURAL HISTORY ........................................................................................................1

LEGAL STANDARD .................................................................................................................2

ARGUMENT................................................................................................................................3

    I.    The Proposed NYS Gen. Bus. Law Section 349 Claim Is Not Futile.................................3

    II.   The Allegations in the Amended Complaint Establish Specific Personal Jurisdiction over Hyatt Corp Under New York's Long-Arm Statute................................5

        A.   Hyatt's Deceptive Practices Caused a New York Economic Injury, Satisfying CPLR § 302(a)(3). ......................................................................................6

        B.   Jurisdiction Lies Under CPLR § 302(a)(1) Because Hyatt Transacted Business in New York and Plaintiffs' Claims Arise from That Transaction. ..................8

        C.   This Court Has Pendent Personal Jurisdiction ............................................................12

CONCLUSION ..........................................................................................................................13

CERTIFICATE OF COMPLIANCE........................................................................................14

CERTIFICATE OF SERVICE..................................................................................................14

**TABLE OF AUTHORITIES**

**Cases**

*Action Embroidery Corp. v. Atl. Embroidery, Inc.*,
   368 F.3d 1174 (9th Cir. 2004) ............................................................................................... 12

*Anderson News, LLC v. Am. Media, Inc.*,
   680 F.3d 162 (2d Cir. 2012) ..................................................................................................... 2

*Aybar v. Aybar*,
   37 N.Y.3d 274 (2021) ........................................................................................................... 3, 5

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
   171 F.3d 779 (2d Cir. 1999) ..................................................................................................... 6

*Bensusan Rest. Corp. v. King*,
   126 F.3d 25 (2d Cir. 1997) ....................................................................................................... 5

*Burch v. Pioneer Credit Recovery, Inc.*,
   551 F.3d 122 (2d Cir. 2008) ..................................................................................................... 2

*Charles Schwab Corp. v. Bank of Am. Corp.*,
   883 F.3d 68 (2d Cir. 2018) ..................................................................................................... 12

*Chirag v. MT Marida Marguerite Schiffahrts*,
   604 Fed. App'x 16 (2d Cir. 2015) ............................................................................................ 3

*Chloé v. Queen Bee of Beverly Hills, LLC*,
   616 F.3d 158 (2d Cir. 2010) ................................................................................................. 8, 9

*Christie v. Hyatt Corp.*,
   No. 22-CV-4839-FB-RML, 2024 WL 2387513 (E.D.N.Y. May 23, 2024) ........................ 7, 11

*Citigroup Inc. v. City Holding Co.*,
   97 F. Supp. 2d 549 (S.D.N.Y. 2000) ........................................................................................ 9

*Cooper v. Anheuser-Busch, LLC*,
   553 F. Supp. 3d 83 (S.D.N.Y. 2021) ........................................................................................ 4

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ................................................................................................................. 5

*Del Ponte v. Universal City Dev. Partners, Ltd.*,
   No. 07 Civ. 2360 (KMK) (LMS), 2008 WL 169358 (S.D.N.Y. Jan. 16, 2008) ..................... 10

*Fischbarg v. Doucet*,
   9 N.Y.3d 375, 849 N.Y.S.2d 501, 880 N.E.2d 22 (N.Y. 2007) ................................................ 8

*Foman v. Davis*,
   371 U.S. 178 (1962) ................................................................................................................. 2

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
   592 U.S. 351 (2021) ................................................................................................................. 5

*Gibbons v. Malone*,
   703 F.3d 595 (2d Cir. 2013) ..................................................................................................... 2

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) ................................................................................................................. 5

*Goshen v. Mutual Life Ins. Co. of N.Y.*,
   98 N.Y.2d 314 (2002) .............................................................................................................. 4

*Hanly v. Powell Goldstein, L.L.P.*,
   290 F. App'x 435 (2d Cir. 2008) ............................................................................................ 12

*Hargrave v. Oki Nursery, Inc.*,
   646 F.2d 716 (2d Cir. 1980) ................................................................................................... 12

*Hinsch v. Outrigger Hotels Hawaii*,
    153 F. Supp. 2d 209 (E.D.N.Y. 2001) ........................................................................................6
*In re Tribune Co. Fraudulent Conv. Litig.*,
    10 F.4th 147 (2d Cir. 2021) ........................................................................................................2
*J4 Promotions, Inc. v. Splash Dogs, LLC*,
    2009 U.S. Dist. LEXIS 11023 (N.D. Ohio Feb. 13, 2009) .......................................................12
*Kaplan v. Hyatt Hotels Corp.*,
    23-CV-2598-MKB, 2024 U.S. Dist. LEXIS 136047, (E.D.N.Y. Mar. 8, 2024) .............7, 10, 11
*Knight McConnell v. Cummins*,
    No. 03 Civ. 5035 (NRB), 2005 WL 1398590 (S.D.N.Y. June 13, 2005) ...................................8
*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
    20 N.Y.3d 327, 984 N.E.2d 893, N.Y.S.2d 695 (2012) .............................................................8
*Licci v. Lebanese Canadian Bank*, SAL,
    732 F.3d 161 (2d Cir. 2013) ..................................................................................................2, 12
*Long v. Parry*,
    921 F. Supp. 2d 269 (D. Vt. 2013) ...........................................................................................12
*Mallory v. Norfolk Southern Ry. Co.*,
    600 U.S. 122 S. Ct. 2028 (2023) ................................................................................................3
*Mattel, Inc. v. Adventure Apparel*,
    No. 00 Civ. 4085 (RWS), 2001 WL 286728 (S.D.N.Y. Mar. 22, 2001) ....................................8
*Matter of People of the State of NY v N. Leasing Sys., Inc.*,
    193 AD3d 67 (1st Dept 2021) ....................................................................................................3
*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,
    84 F.3d 560 (2d Cir. 1996) .........................................................................................................5
*Noval Williams Films LLC v. Branca*,
    128 F. Supp. 3d 781 (S.D.N.Y. 2015) ........................................................................................6
*Orlander v. Staples, Inc.*,
    802 F.3d 289 (2d Cir. 2015) .......................................................................................................4
*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*,
    85 N.Y.2d 20 (1995) ..................................................................................................................4
*Penguin Group v. Am. Buddha*,
    16 N.Y.3d 295 (2011) .................................................................................................................7
*Plavin v. Group Health Inc.*,
    146 N.E.3d 1164, (N.Y. 2020) ...................................................................................................3
*Reed Int'l, Inc. v. Afghanistan Int'l Bank*,
    657 F. Supp. 3d 287 (S.D.N.Y. 2023) ........................................................................................5
*Sloan v. GM, LLC*,
    287 F. Supp. 3d 840 (N.D. Cal. 2018) .....................................................................................12
*Sole Resort S,A, de C.V. v. Allure Resorts Mgmt., LLC*,
    450 F.3d 100 (2d Cir. 2006) .......................................................................................................8
*Stursberg & Veith v. Eckler Indus., Inc.*,
    No. 95 Civ. 5147 (AGS), 1995 WL 728480 (S.D.N.Y. Dec. 8, 1995) .....................................10
*Truck-Lite Co. v. Grote Indus.*,
    2020 U.S. Dist. LEXIS 179546 (W.D.N.Y. Sept. 29, 2020) ....................................................12
*United States v. Botefuhr*,
    309 F.3d 1263 (10th Cir. 2002). ...............................................................................................12

*USA Inc. v. Am. Buddha*,
  609 F.3d 30 (2d Cir. 2010) .................................................................................................3
*Whitaker v. Am. Telecating, Inc.*,
  261 F.3d 196 (2d Cir. 2001) ...............................................................................................5

**Statutes**

CPLR §301 ....................................................................................................................................5
CPLR §302 ................................................................................................................................5, 6
CPLR §302(a)(1) ....................................................................................................................passim
CPLR §302(a)(3) ....................................................................................................................passim
FRCP Rule 15(a)(2) .....................................................................................................................1, 2
N.Y. Gen. Bus. Law § 349 .....................................................................................................passim

**Other Authorities**

Hyatt Hotels Corp., Annual Report (Form 10-K), at 17 (Feb. 23, 2023), available at
  https://d18rn0p25nwr6d.cloudfront.net/CIK-0001468174/311c84ef-5bee-4d6d-8008-
  eb562790019e.pdf. (last accessed Sep. 10, 2025) .........................................................10
N.Y. Assemb. B. A.8303, 2025–2026 Leg., Reg. Sess. (N.Y. 2025)..............................................3

**INTRODUCTION**

Plaintiffs respectfully move for leave to amend under Rule 15(a)(2) following this Court's August 20, 2025 decision (ECF No. 39) granting Hyatt Corporation's motion for lack of personal jurisdiction but permitting amendment within twenty-one days. The proposed amended complaint cures the jurisdictional deficiencies identified by the Court and adds a statutory claim under N.Y. Gen. Bus. Law § 349 based on deceptive practices directed at New York consumers.

This action arises from Hyatt's marketing and booking practices aimed at New York residents. From her Manhattan home, Plaintiff Carmit Archibald redeemed 450,000 World of Hyatt points (transferred from Chase Ultimate Rewards) and paid cash to book a family stay at the Park Hyatt St. Kitts through Hyatt.com. Hyatt confirmed the reservation by email from its "@hyatt.com" domain and represented that the stay would be subject to Hyatt's "Global Care & Cleanliness Commitment," emphasizing safety and wellbeing. Plaintiffs allege that these assurances were deceptive, leading to both an economic injury in New York and a related physical injury abroad to infant Plaintiff Z.A.

The proposed amendments establish specific jurisdiction under CPLR §§ 302(a)(3) and 302(a)(1), and the new § 349 claim anchors pendent personal jurisdiction over the related negligence claims. Because Rule 15 embodies a liberal standard favoring amendment and the proposed pleading is not futile, Plaintiffs' motion should be granted.

**PROCEDURAL HISTORY**

Plaintiffs commenced this action in the Supreme Court of New York, County of New York, and Defendant removed it to this Court on May 15, 2024 (ECF No. 1). The operative complaint asserts claims for injuries sustained by the minor plaintiff during a family vacation at the Park Hyatt St. Kitts Christophe Harbour Resort. On August 20, 2025 the Court granted Defendant's

motion for summary judgment (ECF No. 23), concluding that the complaint as pleaded did not establish personal jurisdiction over Hyatt Corporation (ECF 39). In so doing, the Court expressly noted that Plaintiffs' arguments regarding a claim under New York General Business Law Section 349 were not properly before the Court because the claim was not pleaded in the complaint. ECF No. 39 at 4 n3. The Court therefore ruled only on the personal injury aspect of the case. Plaintiffs now move to amend their Complaint under Rule 15(a)(2) and Local Rule 15.1.

## **LEGAL STANDARD**

Under FRCP Rule 15(a)(2), a court "should freely give leave [to amend] when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Recognized grounds for denial of leave to amend are undue delay, bad faith, repeated failure to cure, undue prejudice, or futility. *See Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008). A proposed amendment is futile if the new claim could not withstand a motion to dismiss. *See In re Tribune Co. Fraudulent Conv. Litig.*, 10 F.4th 147, 175 (2d Cir. 2021). In assessing futility, courts accept the pleaded facts as true and draw reasonable inferences in the plaintiff's favor. *See Gibbons v. Malone*, 703 F.3d 595, 599 (2d Cir. 2013); *see also Anderson News, LLC v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) ("The adequacy of a proposed amended complaint to state a claim is to be judged by the same standards as those governing the adequacy of a filed pleading.").

In diversity cases, personal jurisdiction is determined by the forum's long-arm statute and due process. *See Licci v. Lebanese Canadian Bank*, SAL, 732 F.3d 161, 168 (2d Cir. 2013). In order to survive a motion to dismiss for lack of personal jurisdiction, plaintiff must proffer allegations sufficient to make a prima facie showing of personal jurisdiction, "including 'an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant'" *See Z.A. v. Hyatt Corp.*, No. 1:24-CV-03742 (LTS), ECF No. 39, at 5 (S.D.N.Y. Aug. 20, 2025)

2

(quoting *Penguin Grp. (USA Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010); *see also Chirag v. MT Marida Marguerite Schiffahrts*, 604 Fed. App'x 16, 19 (2d Cir. 2015) ("[A] prima facie case requires non-conclusory fact-specific allegations or evidence showing that activity that constitutes the basis of jurisdiction has taken place.").[1]

## ARGUMENT

### I.   The Proposed NYS Gen. Bus. Law Section 349 Claim Is Not Futile.

Plaintiffs seek leave to amend the Complaint to add a cause of action for Hyatt Corporation's violation New York General Business Law Section 349, which prohibits deceptive business practices directed at New York consumers. The elements of a Section 349 cause of action that a plaintiff must allege are: (1) the defendant's conduct was consumer-oriented; (2) the defendant's act or practice was deceptive or misleading in a material way; and (3) the plaintiff suffered an injury as a result of the deception. *See Plavin v. Group Health Inc.*, 146 N.E.3d 1164, 1167 (N.Y. 2020). New York courts have held that conduct is materially misleading where it misleads consumers by failing to disclose that a consumer is "entering into contracts with two different companies." *Matter of People of the State of NY v N. Leasing Sys., Inc.*, 193 AD3d 67, 71 (1st Dept 2021). A plaintiff suffers an injury under GBL Section 349 where she spends more money than she would otherwise have spent had the full truth been disclosed. *See Orlander v.*

---

[1] In *Mallory v. Norfolk Southern Ry. Co.*, 600 U.S. 122, 143 S. Ct. 2028 (2023), the Supreme Court upheld a Pennsylvania statute deeming foreign corporations to have consented to general jurisdiction by registering to do business in the state. New York currently follows the opposite rule. See *Aybar v. Aybar*, 37 N.Y.3d 274, 289, 177 N.E.3d 1257 (2021).

However, *see* N.Y. Assemb. B. A.8303, 2025–2026 Leg., Reg. Sess. (N.Y. 2025) (passed by both houses June 2025, pending Governor's action). Assembly Bill A-8303—passed by both houses of the New York Legislature in June 2025 and now pending before the Governor—would amend the CPLR to adopt consent-by-registration. The Governor has until December 31, 2025, to sign or veto. Hyatt has been registered to do business in New York since 1980 and remains active with the NYS Department of State.

3

*Staples, Inc.*, 802 F.3d 289, 301 (2d Cir. 2015); *Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 109-10 (S.D.N.Y. 2021).

Here, Plaintiffs' allegations in the annexed proposed Amended Complaint state a prima facie claim under Section 349. First, Hyatt Corp.'s conduct was consumer-oriented. It marketed and sold the Park Hyatt St. Kitts to the public through Hyatt.com, the World of Hyatt loyalty program, Chase point transfers, and advertising directed to New York residents. Those channels were designed to reach a broad base of consumers, not just the Archibald family. *See Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20 (1995) (consumer-oriented conduct includes practices that potentially affect similarly situated consumers and are not confined to a private contract). This conduct was directed broadly to the public rather than confined to a private contract dispute. Second, Hyatt's conduct was materially misleading. Through its website, loyalty program, branded emails, and promotional materials, Hyatt represented the Park Hyatt St. Kitts as if it were owned, operated, and controlled by Hyatt and subject to Hyatt's corporate safety and quality standards. These representations were reinforced by Hyatt logos, @hyatt.com confirmation emails, and pre-arrival materials. Hyatt omitted any disclosure that the property was run by a separate foreign entity. A reasonable consumer could be misled into believing that the booking carried Hyatt's accountability and protections. Third, Plaintiff suffered injury as a result of the deception. From her home in Manhattan, Carmit Archibald redeemed 450,000 World of Hyatt points—transferred from Chase Ultimate Rewards— and paid cash to secure the family's stay. She alleges she would not have booked had she known the truth. The loss of those points and cash constitutes a cognizable economic injury under Section 349. *See Goshen v. Mutual Life Ins. Co. of N.Y.*, 98 N.Y.2d 314 (2002) (holding that § 349 applies

where the consumer is deceived in New York). These allegations, taken together and read with all favorable inferences, state a viable claim for deceptive practices under N.Y. Gen. Bus. Law § 349.

## II. The Allegations in the Amended Complaint Establish Specific Personal Jurisdiction over Hyatt Corp Under New York's Long-Arm Statute.

Personal jurisdiction is determined in accordance with the law of the forum state. *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001) (citing *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997). In New York, a court must first decide whether jurisdiction is proper under either the state's general jurisdiction statute (CPLR § 301) or its long-arm statute (CPLR § 302). *Reed Int'l, Inc. v. Afghanistan Int'l Bank*, 657 F. Supp. 3d 287, 297 (S.D.N.Y. 2023). If jurisdiction exists under one of those provisions, the court must then determine whether exercising it is consistent with due process. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). General jurisdiction allows the court to hear any claims against a defendant, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Specific jurisdiction is limited to disputes that arise out of or relate to the defendant's contacts with the forum. *Id.*; *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021). Specific jurisdiction exists where a defendant has purposefully availed itself of the privilege of conducting activities within the forum and the claims are connected to those contacts. *Id.* at 359.

Because New York's general jurisdiction statute, CPLR § 301, preserves the jurisdictional reach that existed at common law, its limits are supplied by due process. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); Aybar v. Aybar, 37 N.Y.3d 274, 289 (2021). For general jurisdiction, the analysis therefore focuses exclusively on whether due process is satisfied. By contrast, New York's long-arm statute, CPLR § 302 is more restrictive than federal due process. As a result, once a plaintiff satisfies the long-arm statute, the constitutional requirements of minimum contacts and

5

reasonableness are necessarily met. *Noval Williams Films LLC v. Branca*, 128 F. Supp. 3d 781, 788 (S.D.N.Y. 2015). The Court's analysis of specific jurisdiction accordingly begins—and ends—with CPLR § 302.

As set forth below, as well as in the attached Proposed Amended Complaint, CPLR §§ 302(a)(3) and 302(a)(1) each provide an independent basis for jurisdiction: Hyatt caused an in-state economic injury through its deceptive practices, and it transacted business in New York through its online booking platform and loyalty program.

### A. Hyatt's Deceptive Practices Caused a New York Economic Injury, Satisfying CPLR § 302(a)(3).

C.P.L.R. § 302(a)(3) provides for personal jurisdiction over a non-domiciliary who "commits a tortious act without the state causing injury to person or property within the state" if the non-domiciliary either "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state," or "(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." N.Y. C.P.L.R. § 302(a)(3) (McKinney 2025).

To determine whether an injury occurred "within the state," courts apply the situs-of-injury test, which asks where the "original event which caused the injury" took place. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 791 (2d Cir. 1999). Where the original event is a physical accident abroad, the situs is outside New York. *See Hinsch v. Outrigger Hotels Hawaii*, 153 F. Supp. 2d 209, 213 (E.D.N.Y. 2001). This Court used this analysis to govern Z.A.'s vicarious liability personal injury claim, where the event was a poolside accident in St. Kitts, and without considering Carmit Archibald's claim under General Business Law Section 349 for deceptive practices, which she now pleads in the attached Proposed Amended Complaint. Carmit

6

Archibald's General Business Law § 349 claim changes the analysis. The "original event" is Hyatt's deceptive marketing and booking practices directed into New York and consummated in Manhattan. From her home in New York, Carmit accessed and interacted with Hyatt.com, reviewed Hyatt's corporate branding and assurances, and redeemed 450,000 Hyatt points (including points transferred from Chase Ultimate Rewards) along with cash to secure the family's stay. That pecuniary loss was immediate and occurred in New York. *See Penguin Group v. Am. Buddha*, 16 N.Y.3d 295, 301 (2011) (holding that in cases of online misconduct, the injury occurs where the economic loss is felt).

This framing distinguishes the § 349 claim from the negligence claim: while the situs of Z.A.'s physical injury is St. Kitts, the situs of Carmit's statutory economic injury is Manhattan. This is precisely the kind of in-state harm missing in *Kaplan v. Hyatt Hotels Corp.*, 23-CV-2598-MKB, 2024 U.S. Dist. LEXIS 136047, (E.D.N.Y. Mar. 8, 2024) (dismissing case for lack of personal jurisdiction where plaintiff's slip-and-fall in Jamaica was the sole injury and booking in New York was too attenuated); *see also Christie v. Hyatt Corp.*, No. 22-CV-4839-FB-RML, 2024 WL 2387513 (E.D.N.Y. May 23, 2024) (same result where plaintiffs' injuries were from an assault at a Dominican Republic resort with no in-state injury).

In *Penguin Group v. American Buddha*, 16 N.Y.3d 295 (2011), the New York Court of Appeals held that when misconduct occurs online, the injury for CPLR § 302(a)(3) purposes is where the plaintiff feels the economic loss, not where the defendant's servers or facilities are located. Here, Carmit Archibald suffered that loss in New York when she redeemed 450,000 Hyatt points and paid cash from her Manhattan home in reliance on Hyatt's deceptive marketing. Carmit Archibald alleges a statutory economic injury in New York—redemption of Hyatt points and cash from her home in Manhattan in reliance on deceptive marketing—which neither *Kaplan* nor

7

*Christie* considered. At booking, Hyatt, represented to Carmit Archibald that their stay would be governed by Hyatt's "Global Care & Cleanliness Commitment" emphasizing safety and wellbeing. In the instant case, Hyatt both solicits and derives substantial revenue from New York consumers through Hyatt.com, the World of Hyatt loyalty program, and its partnership with Chase Ultimate Rewards. Its deceptive practices caused Carmit to part with valuable points and cash in New York. Those allegations satisfy CPLR § 302(a)(3).

### B. Jurisdiction Lies Under CPLR § 302(a)(1) Because Hyatt Transacted Business in New York and Plaintiffs' Claims Arise from That Transaction.

CPLR 302(a)(1) requires that the defendant (1) have transacted business within the state and (2) the claim asserted must arise from the business activity. *Sole Resort S,A, de C.V. v. Allure Resorts Mgmt., LLC,* 450 F.3d 100, 103 (2d Cir. 2006). This means that there must be an articulable nexus or substantial relationship between the asserted claim and the defendant's contacts. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 20 N.Y.3d 327, 339, 984 N.E.2d 893, 960 N.Y.S.2d 695 (2012). A single, purposeful New York transaction may establish jurisdiction. *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 170 (2d Cir. 2010). A defendant transacts business when it purposefully avails itself of the privilege of conducting activities in New York, thereby invoking the benefits and protections of its laws. *Fischbarg v. Doucet*, 9 N.Y.3d 375, 380, 849 N.Y.S.2d 501, 505, 880 N.E.2d 22, 26 (N.Y. 2007).

Courts apply this analysis to internet activity by considering the nature and quality of the defendant's online conduct. *See Knight McConnell v. Cummins*, No. 03 Civ. 5035 (NRB), 2005 WL 1398590, at *2 (S.D.N.Y. June 13, 2005). Passive websites rarely support jurisdiction, but interactive commercial platforms do. *See Mattel, Inc. v. Adventure Apparel*, No. 00 Civ. 4085 (RWS), 2001 WL 286728, at *3 (S.D.N.Y. Mar. 22, 2001).

Here, Hyatt Corporation transacts business in New York through multiple channels:

- Hyatt.com: An interactive commercial website that permits consumers to log in, transfer points, make reservations, and receive confirmations. Courts treat such platforms as "unqualifiedly commercial in nature." *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 565–66 (S.D.N.Y. 2000).

- World of Hyatt Loyalty Program: Hyatt solicits and retains New York members, including Carmit Archibald, who held "Discoverist" status.

- Chase Ultimate Rewards Partnership: Hyatt integrates Chase point transfers, targeting New York banking consumers.

- Direct Marketing: Hyatt promoted the Park Hyatt St. Kitts to New York residents, including advertisements highlighting direct flights from JFK to St. Kitts.

*Nexus to Plaintiff's Claims.* Plaintiffs' claims arise from these New York-directed transactions. From her home in Manhattan, Carmit Archibald logged into Hyatt.com, transferred Chase points, redeemed 450,000 World Hyatt Rewards points, paid additional cash, and received booking confirmations from "@hyatt.com." The deceptive representations that the resort was owned, operated, and controlled by Hyatt, and subject to their brand, health, and safety standards and assurances, induced her to complete that transaction, initially in September 2022, and again in November and December of that same year. A single purposeful New York transaction is enough to establish jurisdiction. See *Chloé, 616 F.3d at 170*.

Defendant Hyatt Corp. uses its website as a direct vehicle for business deals—the sale and delivery of hosting and marketing services—to customers nationwide. Hyatt Corporation is a wholly owned subsidiary of Hyatt Hotels Corporation. Hyatt's SEC filings confirm that this transaction was no anomaly. Hyatt has publicly acknowledged that its digital platforms and loyalty program are its "primary distribution channels" for driving revenue, guest engagement, and brand

preference nationwide, including New York.[2] Hyatt Hotels Corp., Annual Report (Form 10-K) at 17 (Feb. 23, 2023) (available at . In that SEC 10-K filing, Defendant's parent corporation emphasized its strategy of targeting "distinct guest segments" through the World of Hyatt program and digital marketing, with the goal of "building loyalty and driving revenue." *Id*. These admissions underscore that Hyatt.com and the loyalty program were not passive tools but central vehicles through which Hyatt intentionally transacted business with New York consumers, including Plaintiff Carmit Archibald.

Even modest New York sales can establish jurisdiction. See *Del Ponte v. Universal City Dev. Partners, Ltd.*, No. 07 Civ. 2360 (KMK) (LMS), 2008 WL 169358, at *4 (S.D.N.Y. Jan. 16, 2008) (explaining that the "regularly does or solicits business" standard of § 302(a)(3)(i) is higher than the single-transaction requirement of § 302(a)(1), and noting cases where as little as one percent of sales in New York sufficed); *Stursberg & Veith v. Eckler Indus., Inc.*, No. 95 Civ. 5147 (AGS), 1995 WL 728480, at *2 (S.D.N.Y. Dec. 8, 1995) (finding jurisdiction under § 302(a)(1) where less than five percent of revenue came from New York sales).

In *Kaplan v. Hyatt Hotels Corp*, the court dismissed for lack of jurisdiction because the plaintiff's negligence claim arose solely from a slip-and-fall in Jamaica. *Kaplan v. Hyatt Hotels Corp.,* 23-CV-2598-MKB, 2024 U.S. Dist. LEXIS 136047, (E.D.N.Y. Mar. 8, 2024). The court in *Kaplan* held that the booking of a stay from New York through Hyatt's website was too attenuated to establish the required nexus; the "original event" giving rise to liability was the accident abroad, not the reservation. *Id.* By contrast, Plaintiffs here allege more than a routine booking. Hyatt specifically targeted New York consumers through Hyatt.com, the World of Hyatt program, Chase

---

[2] Hyatt Hotels Corp., Annual Report (Form 10-K), at 17 (Feb. 23, 2023), available at https://d18rn0p25nwr6d.cloudfront.net/CIK-0001468174/311c84ef-5bee-4d6d-8008-eb562790019e.pdf. (last accessed Sep. 10, 2025).

10

Ultimate Rewards, and advertising tied to JFK–SKB flights. From her Manhattan home, Carmit Archibald redeemed 450,000 Hyatt points and cash in reliance on Hyatt's branding, including its "Global Care & Cleanliness Commitment." Those New York-directed representations are not incidental—they are the very basis of Plaintiffs' General Business Law § 349 claim. Unlike *Kaplan*, where the personal injury in Jamaica severed the nexus, Plaintiffs' statutory claim arises directly from Hyatt's purposeful New York transactions. Thus, where *Kaplan* found no articulable nexus under § 302(a)(1), the amended complaint here pleads a substantial relationship: Hyatt transacted business with New York consumers, and the alleged deception and resulting economic injury occurred in New York.

In *Christie v. Hyatt Corp.*, the plaintiffs' claims arose from an assault and robbery at a Dominican Republic resort. *Christie v. Hyatt Corp.*, No. 22-CV-4839-FB-RML, 2024 WL 2387513 (E.D.N.Y. May 23, 2024). The court dismissed for lack of personal jurisdiction because the "original event" giving rise to the claims—the assault—occurred abroad, and the only New York contact alleged was that plaintiffs booked their stay while physically in the state. *Id.* The court held that mere in-state booking of a foreign hotel is "too remote" to create the necessary nexus under § 302(a)(1). *Id.* By contrast, the Archibald plaintiffs allege more than a bare booking. Hyatt actively projected itself into New York through Hyatt.com, the World of Hyatt program, Chase Ultimate Rewards transfers, and targeted advertising, including JFK–SKB promotions. Carmit Archibald interacted with those channels from her Manhattan home, relied on Hyatt's deceptive representations, and redeemed 450,000 points plus cash in New York. The claim under GBL § 349 arises directly from those New York transactions. Unlike *Christie*, where the negligence claim was disconnected from New York, here the deceptive marketing and booking

11

activity consummated in New York forms both the contact and the harm, satisfying the "articulable nexus" standard under *Licci* and § 302(a)(1).

### C. This Court Has Pendent Personal Jurisdiction

Pendent personal jurisdiction allows a court that has personal jurisdiction over a defendant as to one claim to adjudicate related claims arising from the same nucleus of operative fact, even if those claims would not independently support jurisdiction. See *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 88–89 (2d Cir. 2018); *Truck-Lite Co. v. Grote Indus.*, 2020 U.S. Dist. LEXIS 179546, at *3–7 (W.D.N.Y. Sept. 29, 2020); *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004); *United States v. Botefuhr*, 309 F.3d 1263, 1272 (10th Cir. 2002).

The Second Circuit has recognized this principle, holding that once jurisdiction exists over a claim under New York's long-arm statute, the court may entertain related claims so long as they derive from the same operative facts. *Hanly v. Powell Goldstein, L.L.P.*, 290 F. App'x 435, 438 (2d Cir. 2008); *Hargrave v. Oki Nursery, Inc.*, 646 F.2d 716, 720 (2d Cir. 1980). District courts in this Circuit apply the doctrine in diversity cases. *Long v. Parry*, 921 F. Supp. 2d 269, 273 (D. Vt. 2013). Other courts emphasize that pendent personal jurisdiction promotes efficiency and fairness. See *Sloan v. GM, LLC*, 287 F. Supp. 3d 840, 857 (N.D. Cal. 2018); *J4 Promotions, Inc. v. Splash Dogs, LLC*, 2009 U.S. Dist. LEXIS 11023, at *62–63 (N.D. Ohio Feb. 13, 2009).

Here, the proposed Amended Complaint alleges a § 349 deceptive practices claim based on Hyatt's marketing, branding, and booking practices directed at New York consumers, including Carmit Archibald. From her Manhattan home, Carmit interacted with Hyatt.com, transferred Chase Ultimate Rewards points into Hyatt's loyalty program, and redeemed 450,000 Hyatt points plus cash to book the family's stay. Hyatt issued confirmation emails from its "@hyatt.com" domain

and expressly represented that the stay would be governed by Hyatt's brand standards and "Global Care & Cleanliness Commitment," emphasizing safety and wellbeing. Those assurances, along with Hyatt's branding and loyalty integration, created the false impression that the resort was owned, operated, and controlled by Hyatt. The vicarious liability negligence claims stem from the very trip Plaintiffs were induced to book based on these quality and safety assurances, culminating in Z.A.'s injury at the Park Hyatt St. Kitts. Because both the consumer protection and vicarious liability claims are intertwined and arise from the same marketing, booking, and travel transaction –and representations by Hyatt Corporation– they share a common nucleus of operative fact, and pendent personal jurisdiction is proper.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Leave to Amend, accept the Proposed Amended Complaint for filing, and grant such other and further relief as the Court deems just and proper.

Dated: New York, NY
       September 10, 2025

                                                Respectfully submitted,

                                                /s/ Evan M. Goldberg
                                                EVAN MILES GOLDBERG, PLLC
                                                400 East 57th Street, Ste. 4M
                                                New York, NY 10022
                                                Tel.: (212) 888-6497
                                                Fax: (646) 751-7938
                                                egoldberg@emglawfirm.com

                                                *Attorneys for Plaintiffs Z.A., et al.*

Via ECF to all Counsel of Record

**CERTIFICATE OF COMPLIANCE**

I, certify that this memorandum of law contains 3,972 words, as determined by the word-count feature of Microsoft Word, and complies with the requirements set forth in Judge Swain's Individual Rules of Practice and Local Civil Rule 7.1.

/s/ Evan M. Goldberg
Evan M. Goldberg

**CERTIFICATE OF SERVICE**

Evan M. Goldberg, an attorney duly admitted to practice before this Court, certifies that on September 10, 2025, I caused the within memorandum to be filed and served upon the attorneys of record for the Defendant via ECF.

/s/ Evan M. Goldberg
Evan M. Goldberg