UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Z.A., an Infant, by and through his Parents and Natural Guardians, CARMIT ARCHIBALD and GEORGES ARCHIBALD, and CARMIT ARCHIBALD, *individually*,<br><br>                             Plaintiffs,<br><br>- against -<br><br>HYATT CORPORATION,<br><br>                             Defendant. | Docket No. 1:24-cv-03742 |

# MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR LEAVE TO AMEND

Michael W. Wynn, Esq.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, New York 10007
212.232.1300
*Attorney for Defendant HYATT CORPORATION*

165574221.1

i

# TABLE OF CONTENTS

<u>**Page**</u>

TABLE OF AUTHORITIES .................................................................................................................

PRELIMINARY STATEMENT ........................................................................................................1

ARGUMENT
      POINT I   THE STANDARD ON A MOTION FOR LEAVE TO AMEND ......................2

      POINT II   PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE THAT DEFENDANT MADE DECEPTIVE OR MISLEADING STATEMENTS, OR THAT, AS ALLEGED, SUCH WOULD HAVE EVEN BEEN MATERIAL ...................3

      POINT III   THE AMENDED COMPLAINT DOES NOT CURE THIS COURT'S LACK OF PERSONAL JURISDICTION OVER PLAINTIFFS' PERSONAL INJURY CAUSE OF ACTION AND OTHERWISE FAILS TO STATE A CLAIM ......................................................................................................9

          A.    Failure To Cure ..........................................................................................9

          B.    Futility .......................................................................................................12

CONCLUSION ................................................................................................................................14

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Achtman v. Kirby, McInerney & Squire, LLP*,
   464 F.3d 328 (2d Cir. 2006)..................................................................................................9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................................................3

*Axon v. Florida's Nat. Growers, Inc.*,
   813 F. App'x 701 (2d Cir. 2020)..........................................................................................5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).................................................................................................................3

*Blackrock Balanced Cap. Portfolio v. HSBC Bank USA, Nat. Ass'n*,
   95 F. Supp. 3d 703 (S.D.N.Y. 2015)..................................................................................10

*Brice v. Wal-Mart Stores E., LP*,
   No. 20-CV-01644 (NSR), 2022 WL 861515 (S.D.N.Y. Mar. 23, 2022)................................12

*Burch v. Pioneer Credit Recovery, Inc.*,
   551 F.3d 122 (2d Cir. 2008)...................................................................................................3

*Catzin v. Thank You & Good Luck Corp.*,
   899 F.3d 77 (2d Cir. 2018)...................................................................................................11

*City of Chicago v. Int'l Coll. of Surgeons*,
   522 U.S. 156, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997)...........................................................9

*Cooper v. Anheuser-Busch, LLC*,
   553 F. Supp. 3d 83 (S.D.N.Y. 2021).....................................................................................5

*Empire Merchs., LLC v. Reliable Churchill LLLP*,
   902 F.3d 132 (2d Cir. 2018)...................................................................................................3

*Fink v. Time Warner Cable*,
   714 F.3d 739 (2d Cir. 2013)................................................................................................5, 6

*Fishon v. Peloton Interactive, Inc.*,
   No. 19 Civ. 11711 (LJL), 2020 WL 6564755 (S.D.N.Y. Nov. 9, 2020)..................................5

*Foman v. Davis*,
   371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)................................................................3

*Hernandez v. Wonderful Co. LLC*,
 No. 23-CV-1242 (ER), 2024 WL 4882180 (S.D.N.Y. Nov. 25, 2024) ................................... 5

*Kaufman v. Sirius XM Radio, Inc.*,
 474 F. App'x 5 (2d Cir. 2012) ............................................................................................... 10

*Pyskaty v. Wide World of Cars, LLC*,
 856 F.3d 216 (2d Cir. 2017) .................................................................................................... 3

*Ronzani v. Sanofi S.A.*,
 899 F.2d 195 (2d Cir. 1990) .................................................................................................... 2

*Shahriar v. Smith & Wollensky Rest. Grp., Inc.*,
 659 F.3d 234 (2d Cir. 2011) .................................................................................................. 11

*Stagl v. Delta Airlines, Inc.*,
 52 F.3d 463 (2d Cir. 1995) .................................................................................................... 12

*In re Trib. Co. Fraudulent Conv. Litig.*,
 10 F.4th 147 (2d Cir. 2021) ..................................................................................................... 2

*Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*,
 843 F.3d 561 (2d Cir. 2016) .................................................................................................... 3

*Twohig v. Shop-Rite Supermarkets, Inc.*,
 519 F. Supp. 3d 154 (S.D.N.Y. 2021) .................................................................................... 5

*Williams v. Utica Coll. of Syracuse Univ.*,
 453 F.3d 112 (2d Cir. 2006) .................................................................................................. 12

**State Cases**

*Alnashmi v. Certified Analytical Group, Inc.*,
 89 A.D.3d 10 (2d Dep't 2011) ............................................................................................... 12

*Bradley v. US Brownsville III Hous. Dev. Fund Corp.*,
 213 A.D.3d 902 (2nd Dept., 2023) ........................................................................................ 14

*Broder v. MBNA Corp.*,
 281 A.D.2d 369, 722 N.Y.S.2d 524 (1st Dep't 2001) .............................................................. 6

*Deutsch v Green Hills (USA), LLC*,
 202 A.D.3d 909 (2d Dep't, 2022) .......................................................................................... 12

*Espinal v Melville Snow Contrs.*,
 98 NY2d 136 (2002) .............................................................................................................. 14

*Goshen v. Mut. Life Ins. Co. of New York*,
 98 N.Y.2d 314 (2002) ............................................................................................................ 10

*Gronski v. Cty. of Monroe*,
    18 N.Y.3d 374, 963 N.E.2d 1219 (2011)..................................................................................13

*Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Company, Inc.*,
    37 N.Y.3d 169 (2021) .............................................................................................................3, 8

*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, N.A.*,
    85 N.Y.2d 20 (1995) ....................................................................................................................4

*Ovitz v Bloomberg L.P.*,
    18 N.Y.3d 753 (2012) ..................................................................................................................4

*Pasternack v Laboratory Corp. of Am. Holdings*,
    27 N.Y.3d 817 (2016) ................................................................................................................12

*People by James v. N. Leasing Sys., Inc.*,
    193 A.D.3d 67, 142 N.Y.S.3d 36 (1st Dept, 2021)......................................................................7

*Small v Lorillard Tobacco Co., Inc.*,
    94 N.Y.2d 43 (1999) ....................................................................................................................4

*Stutman v Chemical Bank*,
    95 N.Y.2d 24 (2000) ....................................................................................................................4

**Statutes**

22 USC § 1367.....................................................................................................................................2

22 USC § 1367(a).................................................................................................................................9

22 USC § 1367(c)...............................................................................................................................10

GBL.....................................................................................................................9, 10, 11, 15

GBL 349..............................................................................................................................................10

N.Y. General Business Law § 349...............................................................................1, 2, 3, 4, 5, 6, 7, 9

**Court Rules**

Fed. R. Civ. P. 15(a)(2).......................................................................................................................3

Federal Rules of Civil Procedure Rule 12(b)(6)..............................................................................3

## PRELIMINARY STATEMENT

On August 20, 2025, this Court sagely ruled that there was no basis for the Southern District of New York to exercise personal jurisdiction over a personal injury claim that occurred in the British West Indies and had absolutely no connection to the State of New York. Plaintiffs now seek to overcome this clear lack of jurisdiction by asserting an entirely new, entirely unrelated claim under a consumer protection statute, N.Y. General Business Law ("GBL") § 349, with the intent of sneaking the personal injury claim in the back door. However, for the reasons set forth below, the problems with Plaintiffs' approach in this regard are legion.

Initially, Plaintiffs fail to state a claim for a violation of GBL § 349. The essence of Plaintiffs' GBL § 349 claim is that advertisements, promotions, and/or booking portals, purportedly created by defendant Hyatt Corporation ("Defendant"), caused them to believe that the resort where the personal injury occurred, the Park Hyatt St. Kitts (the "Subject Premises"), was owned and operated specifically by Defendant, and would therefore have been subject to the same safety standards as other properties owned and operated by Defendant. Plaintiffs further claim that, had they known the Subject Premises was owned and operated by other entities, "not bound by [Defendant's] corporate standards or accountability", they would not have booked the stay on the Subject Premises.

Even assuming the accuracy of anything being claimed, however, Plaintiffs do not plausibly allege that anything purportedly conveyed by Defendant was materially deceptive or misleading. Initially, the fact that the Subject Premises was owned and/or operated by entities other than Defendant was fully disclosed, which is itself fatal to the GBL § 349 claim. Beyond that, Plaintiffs do not set forth what the "safety standards" of Defendant are or how they differ from those of the actual owners and operators of the Subject Premises, making whatever claim they

165574221.1

might have had speculative at best. And lastly, by their own pleadings, Plaintiffs' claims are informed by, and reflective of, Plaintiffs' own subjective experience while staying at various Hyatt hotels in the past, not what a reasonable consumer acting reasonably would find to have been misleading under the circumstances. As a result, Plaintiffs fail to state a claim under GBL § 349 and leave to assert this new claim should be denied based on futility.

As it relates to Plaintiffs' personal injury claim, however, in light of the New York-based cause of action under GBL § 349, Plaintiffs now claim that this Court may exercise pendent jurisdiction over it under 22 USC § 1367. As an initial matter, since the GBL § 349 claim is defective and should not be permitted for the reasons set forth below, any invocation of pendent jurisdiction would be moot. That said, regardless of the sufficiency of Plaintiff's alleged claim under GBL § 349, this Court would still not have any jurisdiction over the personal injury claim since the two entirely separate claims do not derive from a common nucleus of operative fact. And even to the extent the claims had any factual overlap, the personal injury claim would so dominate over the GBL § 349 claim that the Court should otherwise decline.

Furthermore, Plaintiffs continue to assert a personal injury claim, sounding in premises liability, against an entity that even they allege had no ownership or operational control over the Subject Premises. As a result, Plaintiffs' Proposed Amended Complaint fails to allege facts sufficient to state a claim or establish any basis for personal jurisdiction, and the motion must therefore be denied in its entirety as futile.

**ARGUMENT**

**POINT I**

**THE STANDARD ON A MOTION FOR LEAVE TO AMEND**

"Leave to amend shall be freely given when justice so requires." In re Trib. Co. Fraudulent Conv. Litig., 10 F.4th 147, 175 (2d Cir. 2021); quoting, Ronzani v. Sanofi S.A., 899 F.2d 195, 198

2

(2d Cir. 1990); see also, Fed. R. Civ. P. 15(a)(2). "A court may deny leave to amend, however, for a 'valid ground,'" such as "futility". Id., Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008); Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). To determine whether granting leave to amend would be futile, Courts consider the proposed amendments as well as the original complaint. Id., Pyskaty v. Wide World of Cars, LLC, 856 F.3d 216, 225–26 (2d Cir. 2017).

As a specific ground, however, "[f]utility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Id.; quoting, Empire Merchs., LLC v. Reliable Churchill LLLP, 902 F.3d 132, 139 (2d Cir. 2018). As a result, the analysis of futility in an amended pleading begins by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." Empire Merchs., LLC, 902 F.3d at 139; quoting, Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt., 843 F.3d 561, 566 (2d Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." Id., quoting, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

## POINT II

**PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE THAT DEFENDANT MADE DECEPTIVE OR MISLEADING STATEMENTS, OR THAT, AS ALLEGED, SUCH WOULD HAVE EVEN BEEN MATERIAL**

A plaintiff asserting a claim under GBL § 349 must prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act. Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Company, Inc., 37 N.Y.3d

3

169 (2021); Stutman v Chemical Bank, 95 N.Y.2d 24 (2000). As a result, to state a claim under GBL § 349, the plaintiff must allege that (a) defendant has engaged in an act or practice that is deceptive or misleading in a material way, (b) that plaintiff suffered detriment or injury thereby, and (c) that the alleged deceptive business practices were aimed at the consumer public at large. Ovitz v Bloomberg L.P., 18 N.Y.3d 753 (2012); Small v Lorillard Tobacco Co., Inc., 94 N.Y.2d 43 (1999); Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, N.A., 85 N.Y.2d 20 (1995).

Here, Defendant takes factual issue with much of what Plaintiffs are alleging in their Proposed Amended Complaint. However, accepting, as Defendant must, all factual allegations as true for the purposes of this motion, the main thrust of Plaintiffs' allegation appears to be that through a variety of deceptive marketing and promotional materials, claimed to be maintained and disseminated by Defendant, Plaintiffs were misled into thinking that the Subject Premises was "owned, operated, and controlled by [Defendant] and subject to [Defendant's] corporate safety and quality standards" when instead, the Subject Premises was "run by a separate foreign entity." See, Pl. Mem., p. 4. Plaintiffs further allege that had they known that the Subject Premises was not, in fact, owned and operated by Defendant specifically, they would not have booked the vacation. See, Pl. Mem., p. 4.

It is worth noting that Plaintiffs do not set forth any amount of damages claimed as a result of the alleged GBL § 349 claim. Rather, Plaintiffs set forth broad categories of damages incurred, including "the loss of 450,000 World of Hyatt points, cash payments expended in connection with the family's booking, and the loss of the benefit of [Plaintiffs'] bargain," as well as "consequential expenses for travel that would not have been undertaken absent [Defendant's] deception," and a mention concerning unspecified "statutory damages, and an award of reasonable attorney's fees

4

and costs." See, ECF Dkt No. 40-3, Proposed Amended Complaint ¶ 144. As the basis of this Court's jurisdiction over this claim is diversity of citizenship between Plaintiffs and Defendant, it warrants some consideration from this Court that, absent the allegedly pendent personal injury claim, the amount in controversy by the GBL § 349 claim may not be sufficient for this Court to exercise subject matter jurisdiction. Insofar as this Court does not permit Plaintiffs to assert their personal injury claim, as Defendant encourages this Court to do below, Plaintiffs' motion should be denied in its entirety unless and until Plaintiffs can set forth their basis of belief that the amount in controversy of the GBL § 349 claim exceeds the minimum threshold.

That said, when it comes to a GBL § 349 claim premised on deceptive marketing, to survive a motion to dismiss, "[p]laintiffs must do more than plausibly allege that a label might conceivably be misunderstood by some few consumers." Hernandez v. Wonderful Co. LLC, No. 23-CV-1242 (ER), 2024 WL 4882180, at *7 (S.D.N.Y. Nov. 25, 2024); quoting, Cooper v. Anheuser-Busch, LLC, 553 F. Supp. 3d 83, 94-95 (S.D.N.Y. 2021) (internal quotation marks omitted); Twohig v. Shop-Rite Supermarkets, Inc., 519 F. Supp. 3d 154, 160 (S.D.N.Y. 2021)). Rather, they must "plausibly allege that a significant portion of the general consuming public or of targeted customers, acting reasonably in the circumstances, could be misled" and whether the complaint plausibly alleges that a "reasonable consumer would ascribe the meaning that [P]laintiffs allege they ascribed to it." See, Axon v. Florida's Nat. Growers, Inc., 813 F. App'x 701, 704 (2d Cir. 2020); Fishon v. Peloton Interactive, Inc., No. 19 Civ. 11711 (LJL), 2020 WL 6564755, at *7 (S.D.N.Y. Nov. 9, 2020). The Court may determine, as a matter of law, that an allegedly deceptive advertisement would not mislead a reasonable consumer. See, Fink v. Time Warner Cable, 714 F.3d 739, 741 (2d Cir. 2013).

5

However, there is nothing "misleading" or "deceptive" alleged in the Proposed Amended Complaint. Initially, Plaintiffs' alleged confusion seems to be premised on the inability – or refusal – to understand the basic concept of branding. See, BRAND, Black's Law Dictionary (12th ed. 2024). Simply conveying that a particular location is offered to the public under the "Hyatt" brand, as distinguishable from its competitors, does not automatically convey anything about the individual named entity that owns or operates the location or the operative safety standards that are employed there. Indeed, Plaintiffs' own reservation and booking confirmation emails include definitional language that establishes that the various uses of the phrase "Hyatt" in marketing materials is a branding exercise: "[t]he trademarks Hyatt® Hyatt Hotels & Resorts™, World of Hyatt®, Park Hyatt®… and related marks are trademarks of [Defendant] or its affiliates." See, ECF Dkt No. 40-3, Proposed Amended Complaint, Exhibit "B", pp. 50, 55-56, 64, 74, 80. Plaintiffs' interpretation of the law and the theory of their case here would permit GBL § 349 claims against every franchisor in the State of New York for nothing more than existing, which was likely not the intent of the law when enacted.

More importantly, however, "[t]here can be no section 349(a) claim when the allegedly deceptive practice was fully disclosed". Fink, 714 F.3d at 742; quoting, Broder v. MBNA Corp., 281 A.D.2d 369, 371, 722 N.Y.S.2d 524 (1st Dep't 2001). Here, Plaintiffs' reservation and booking confirmation emails clearly state: "[a]s used in this Statement, the terms 'we', 'our', 'Hyatt' and 'Hyatt Hotels & Resorts®' encompass hotels operated, managed, franchised, owned, leased, developed, or licensed or provided services by subsidiaries and affiliates of Hyatt Hotels Corporation." See, ECF Dkt No. 40-3, Proposed Amended Complaint, Exhibit "B", pp. 50, 55-56, 64, 74, 80 (emphasis added). As such, according to their own exhibits, Plaintiffs were not only explicitly informed that *Hyatt Hotels Corporation*, and not Defendant, was the entity that oversees

6

management of the hotels under the Hyatt brand, but that such activities were performed through Hyatt Hotel Corporation's subsidiaries and affiliates, *i.e.*, "separate foreign entities". Accordingly, for Plaintiffs to have believed that Defendant owned or operated that Subject Premises according to its "corporate safety and quality standards," Plaintiffs would have done so <u>despite</u>, and not because of, communications they received relating to their vacation booking. Since the possibility of differing ownership was explicitly disclosed, nothing Defendant purportedly did was deceptive and no reasonable consumer acting reasonably would have ascribed the meaning Plaintiffs claim. As such, Plaintiffs fail to state a claim under GBL § 349 and leave to amend the complaint to assert such must be denied on this point alone.

Notwithstanding that the possibility of ownership by an entity other than Defendant was in fact disclosed, however, Plaintiffs' allegations of materiality in general are specious. In their memorandum, Plaintiffs assert that a party's conduct is materially misleading where it fails to disclose to consumers that they are "entering into contracts with two different companies", but this was not the holding of the case they cite. <u>See</u>, Pl. Memo., p. 3. Rather, the First Department in <u>People by James v. N. Leasing Sys., Inc</u>., 193 A.D.3d 67, 71, 142 N.Y.S.3d 36 (1st Dept, 2021) found conduct was deceptive where "sales representatives misrepresented to those consumers the nature and terms of [equipment finance leases] and failed to disclose that they were entering into contracts with two different companies, as well as that they were entering into an equipment lease" such that "[m]any consumers did not understand the nature of the [equipment finance leases] they signed." The crux of the question as to when particular conduct is materially misleading is whether such alters the consumer's understanding of the nature of the bargain, not merely as to who the counterparty to the contract is.

7

165574221.1

Plaintiffs appear to acknowledge this concept, alleging that the promotional materials were materially misleading in that it caused them to believe not simply that Defendant was the owner and/or operator of the Subject Premises, but that, concomitantly, Defendant's specific "corporate safety and quality standards" would be in operation there. However, at no point in their Proposed Amended Complaint, do Plaintiffs set forth what Defendant's "corporate safety and quality standards" are, how they differ from those in place on the Subject Premises, or what specific difference in standards would have led them to refrain from booking their vacation. Without this information, Plaintiffs' claim that the failure to disclose the actual owner of the Subject Premises would have any effect, let alone a likely one, on the decision making of the reasonable consumer is speculation. See, Himmelstein, 37 N.Y.3d at 169.

Indeed, Plaintiffs' claim concerning the "safety and quality standards" allegedly utilized by Defendant, non-specific as they are, appears to be premised on Plaintiffs' "prior favorable experiences at Hyatt hotels and resorts in Aruba, Hawaii, and Costa Rica." See, ECF Dkt No. 40-3, Proposed Amended Complaint ¶¶ 88-89. While Plaintiffs do not provide any basis to believe that any of these other locations are owned or operated by Defendant either, Plaintiffs' subjective experiences differentiate themselves from the experiences of the reasonable consumer, whom presumably would not be as familiar with Defendant's alleged "safety and quality standards" as Plaintiffs appear to be.

Accordingly, since Plaintiffs' own exhibits demonstrate that there was nothing misleading or deceptive conveyed concerning the ownership of the Subject Premises, and their allegations are, in any event, speculative as to the materiality of the Subject Premises's ownership when a reasonable consumer is considering booking a vacation there, Plaintiffs have failed to state a claim

8

under GBL § 349 and therefore the Court should deny Plaintiffs' motion for leave to assert such as futile.

## POINT III

### THE AMENDED COMPLAINT DOES NOT CURE THIS COURT'S LACK OF PERSONAL JURISDICTION OVER PLAINTIFFS' PERSONAL INJURY CAUSE OF ACTION AND OTHERWISE FAILS TO STATE A CLAIM

As it relates to the personal injury claim, Plaintiffs asserts that in light of the GBL claim, this Court now has pendent jurisdiction, as authorized under 22 USC § 1367(a), which states that a district court has supplemental jurisdiction over all claims that are so related to claims arising for which original jurisdiction exists "that they form part of the same case or controversy". However, since for the reasons below, this Court cannot, and otherwise should not, exercise pendent jurisdiction over the personal injury claim, and Plaintiffs otherwise fail to state a claim, this Court should deny leave to assert this claim on the basis of a failure to cure and futility.

### A. Failure To Cure

As set forth above, Plaintiffs fail to state a claim under GBL § 349. Since Plaintiffs do not provide any independent basis by which this Court can otherwise exercise personal jurisdiction over this personal injury claim apart from pendent jurisdiction, denying Plaintiffs assertion of a GBL § 349 claim would necessarily require that this Court also deny leave with respect to the personal injury claim as well. Defendant encourages this Court to do so.

That said, as it pertains to the exercise of pendent jurisdiction, "[c]laims 'form part of the same case or controversy' when they 'derive from a common nucleus of operative fact'; *i.e.*, when the facts underlying the claims 'substantially overlap'. See, City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 165, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997); Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir. 2006). "[T]he key question is whether the parties would ordinarily be expected to try all of those claims in one judicial proceeding given the

9

common threads running through those claims." <u>Blackrock Balanced Cap. Portfolio v. HSBC Bank USA, Nat. Ass'n</u>, 95 F. Supp. 3d 703, 708 (S.D.N.Y. 2015)

In this particular case, there are no common threads running through either of these claims. As alleged, the GBL claim accrued in its entirety prior to the Plaintiffs' trip, having nothing to do with any purported negligence by a third-party in maintaining a poolside basketball hoop on the Subject Premises. Conversely, as alleged, the personal injury claim accrued in its entirety during the Plaintiffs' trip, having nothing to do with representations made on marketing and promotional materials viewed and acted upon well before the subject accident occurred. The merits of either claim do not impact the other and neither claim involves similar analytical standards or types of proof. Furthermore, Plaintiff, Z.A., as a minor who cannot enter into contracts but for certain circumstances not applicable here, is not a proper party for the GBL claim and GBL 349 does not even provide protections for injuries occurring out of state. <u>Goshen v. Mut. Life Ins. Co. of New York</u>, 98 N.Y.2d 314, 325 (2002); <u>Kaufman v. Sirius XM Radio, Inc.</u>, 474 F. App'x 5, 8 (2d Cir. 2012). Put simply, the only thing that overlaps between the GBL claim and the personal injury claim appears to be that they both relate in a broad sense to the Plaintiffs' trip to the Subject Premises and, far from any *common operative fact*, make <u>mutually exclusive</u> allegations concerning Defendant's ownership and/or operation of the Subject Premises. As a result, even were the GBL Claim not already futile, the Court should deny pendent jurisdiction over the personal injury claim.

Notwithstanding the absence of any common nucleus of operative fact, this Court should otherwise decline to exercise supplemental jurisdiction. This Court is still permitted discretion to decline supplemental jurisdiction over a related claim under 22 USC § 1367(c) where, among other reasons, "the [related] claim substantially predominates over the claim or claims over which the

10

district court has original jurisdiction[; and] in exceptional circumstances, there are other compelling reasons for declining jurisdiction." See, Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d Cir. 2011). The court's discretionary inquiry on whether to decline supplemental jurisdiction turns on whether doing so would promote judicial values of economy, convenience, fairness, and comity. See, Catzin v. Thank You & Good Luck Corp., 899 F.3d 77, 85 (2d Cir. 2018).

Here, the personal injury claim is the state law tail that wags the federal dog. To litigate the GBL claim, discovery would likely be necessary into the specific advertisements and programs alleged, applicable operational standards both at Hyatt Corporation and the Subject Premises, and the impressions of Plaintiff Carmit Archibald and Plaintiff Georges Archibald while booking the vacation, and alleged damages. Functionally, this process would likely be limited to some document review and depositions of the parties. On the other hand, litigation of Plaintiff's personal injury claims would be more onerous, requiring separate review of resulting medical records, and hotel records concerning the basketball hoop and upkeep of the facility, testimony from witnesses based in St. Kitts and Nevis, as well as expert discovery from at least two medical experts (likely more), and at least one engineering expert concerning how the basketball hoop supposedly collapsed. Considering the vastly different issues involved in either of these claims, judicial values of economy, convenience (for all parties), fairness, and comity would clearly be better served by litigating the action alleging a New York-based injury in New York, while requiring Plaintiffs to litigate their entirely unrelated St. Kitts and Nevis-based injury in the forum most appropriate for them to do so.

As Plaintiffs have failed to provide a compelling argument by which this Court should exercise pendant jurisdiction over the personal injury claim, this Court should deny Plaintiffs leave to assert this cause of action for failure to cure their original jurisdictional defect.

### B.     Futility

Separately and independent of the continued lack of personal jurisdiction, the Proposed Amended Complaint fails to adequately set forth a plausible cause of action on their personal injury claim. While Plaintiffs call their first cause of action one "for vicarious liability based on apparent agency or agency by estoppel", Plaintiffs seek to hold Defendant responsible for Z.A.'s personal injuries based on negligence, premised upon the permitting of a dangerous condition to exist on the Subject Premises, *i.e.*, an "aquatic basketball hoop". See, ECF Dkt. No. 40-3, Proposed Amended Complaint ¶¶ 102-116. As a result, regardless of the purported hook Plaintiffs seek to use in order to connect this accident to Defendant, this matter, at root, sounds in premises liability.

"Under New York law, a plaintiff seeking to show a *prima facie* case of negligence must demonstrate '(1) the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damage as a proximate result of that breach.' See, Brice v. Wal-Mart Stores E., LP, No. 20-CV-01644 (NSR), 2022 WL 861515, at *2 (S.D.N.Y. Mar. 23, 2022); quoting, Williams v. Utica Coll. of Syracuse Univ., 453 F.3d 112, 116 (2d Cir. 2006); Stagl v. Delta Airlines, Inc., 52 F.3d 463, 467 (2d Cir. 1995); see also, Pasternack v Laboratory Corp. of Am. Holdings, 27 N.Y.3d 817, 825 (2016). "Premises liability, as with liability for negligence generally, begins with duty ... The existence and extent of a duty is a question of law." Id.; quoting, Alnashmi v. Certified Analytical Group, Inc., 89 A.D.3d 10, 13 (2d Dep't 2011). "[L]iability for a dangerous condition on property is 'generally predicated upon ownership, occupancy, control or special use of the property' ... Should none of these factors be present, liability cannot be imposed...." Id.; Deutsch v Green Hills (USA), LLC, 202 A.D.3d 909

12

(2d Dep't, 2022). As a result, property owners, and those otherwise in physical possession, are the parties who generally assume duty of care towards all entrants to maintain the subject premises in a reasonably safe condition. Gronski v. Cty. of Monroe, 18 N.Y.3d 374, 379, 963 N.E.2d 1219 (2011).

Here, the Proposed Amended Complaint does not claim that Defendant had ownership, possession, control, or otherwise made a special use on the Subject Premises. Rather, Plaintiffs acknowledge that the Subject Premises was "operated by a separate foreign entity outside of [Defendant's] direct control". See, ECF Dkt. No. 40-3, Proposed Amended Complaint ¶¶ 49, 133; Pl. Memo., p. 4. Such an acknowledgment was necessary, considering that Defendant had previously provided, not only the management agreement that identifies the actual parties involved in the ownership and operation of the Subject Premises, but also affidavits from both Defendant and its parent company, Hyatt Hotels Corporation, declaring that neither had any functional involvement in the ownership or operation of the Subject Premises. See, ECF Dkt. Nos. 23-2, 23-3, and 23-4. However, since Plaintiffs do not make any allegations of ownership or control of the Subject Premises, Plaintiffs do not plausibly allege that Defendant had a duty as it relates to dangerous conditions on the premises and Plaintiffs have therefore failed to state a claim of negligence.

As a result, rather than make plausible assertions that Defendant, in fact, owned and/or operated the Subject Premises, Plaintiffs now allege that Defendant created a *false impression* that it owned, operated, or controlled the Subject Premises, when, in fact, all Defendant had was "an agreement with [the Subject Premises] that authorized Defendant to act as the Resort's actual or apparent agent or alter ego in the United States, and in New York" and that "[u]nder this agency relationship, the defendant marketed, advertised, sold, and confirmed hotel rooms and to customers

13

in New York, including the Plaintiffs herein." See, ECF Dkt. No. 40-3, Proposed Amended Complaint ¶¶ 49, 51, 55, 57, 83, 98, 131, 132. Even as alleged, however, the law on this point is clear: third-parties, whose connection to a property is based solely on contract with the property owner and who does not otherwise exercise any amount of control over the property, are generally considered not to owe any duty of care to any third-parties injured while on the premises. See, Bradley v. US Brownsville III Hous. Dev. Fund Corp., 213 A.D.3d 902, 905 (2nd Dept., 2023) ("A contractual obligation, standing alone, generally does not give rise to tort liability in favor of a third party, such as the plaintiff"); citing, Espinal v Melville Snow Contrs., 98 NY2d 136 (2002). Accordingly, assuming the truth of the allegations, Defendant's purported status as an actual or apparent agent of the Subject Premises, retained for the purpose of marketing, advertising, selling, and/or confirming its hotel rooms, simply did not create a duty on Defendant's part to ensure the Subject Premises was reasonably safe for Plaintiffs. Having still failed to allege any duty towards Plaintiffs, the proposed amended answer fails to state a claim for negligence.

In sum, as no basis exists for this Court to exercise pendent jurisdiction over Plaintiffs' state law personal injury claim, and Plaintiffs fail to plausibly allege such in any event, the Court should deny Plaintiff's motion to leave to assert such a claim.

## CONCLUSION

The Court should recognize, at this point, that Plaintiffs' separate claims contradict one another. Even giving Plaintiffs allegations as wide a berth as possible, Plaintiffs still need to make up their mind: either Defendant **does not** have ownership and/or control of the Subject Premises, such that purported representations to the contrary were materially misleading, but which would undermine any claim that Defendant had a duty to maintain the Subject Premises in a reasonably safe condition; or Defendant **does** have ownership and/or control over the Subject Premises such

14

that it had a duty to maintain such in a reasonably safe condition, but which would undermine any claim that Defendant materially misled Plaintiffs. These two propositions are mutually exclusive.

And while contradictory claims in pleadings can generally be alleged in the alternative, in this particular case, they cannot – both claims **rely** on the other in order to be heard in this Court. The GBL Claim, standing alone, likely does not involve damages sufficient to provide this Court subject matter jurisdiction based on diversity of citizenship; and Plaintiffs otherwise provide no basis for this Court to exercise personal jurisdiction without the GBL Claim. Both claims need to made for this Court to hear either of them, but the assertion of one necessarily forecloses the assertion of the other. This paradoxical state of being should give this Court pause in considering the viability of the Proposed Amended Complaint as a whole.

However, on a more basic level, Plaintiffs' proposed amended answer fails to plausibly state a claim on either of these causes of action and/or fails to cure jurisdictional defects. Accordingly, Hyatt Corporation respectfully requests that the Court deny Plaintiffs' motion for leave to amend the complaint in its entirety and dismiss the matter outright.

Dated: New York, New York
      October 22, 2025

          LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Michael W. Wynn, Esq.
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, New York 10007
212.232.1300
*Attorney for Defendant HYATT CORPORATION*

15

165574221.1