UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Z.A., an Infant, by and through his Parents and Natural Guardians, CARMIT ARCHIBALD and GEORGESARCHIBALD, and CARMIT ARCHIBALD, *individually*<br><br>     Plaintiffs,<br><br>v.<br><br>HYATT CORPORATION<br><br>     Defendant. | Case No. 1:24-cv-03742-LTS |

**PLAINTIFFS' REPLY
IN SUPPORT OF MOTION TO AMEND COMPLAINT**

Evan M. Goldberg
EVAN MILES GOLDBERG, PLLC
400 East 57th Street, Ste. 4M
New York, NY 10022
Tel.: (212) 888-6497
Fax: (646) 751-7938
egoldberg@emglawfirm.com

*Attorneys for Plaintiffs Z.A., et al.*

**PRELIMINARY STATEMENT**

The opposition of Defendant Hyatt Corporation ("Hyatt") underscores the inconsistency of its position. Having urged dismissal for lack of personal jurisdiction, it now devotes substantial space to disputing the merits of Plaintiffs' claims under Rule 12(b)(6) futility analysis. A merits argument necessarily presumes the Court's personal jurisdiction to adjudicate those claims. Hyatt cannot simultaneously deny the Court's authority and ask it to rule in its favor on the substance. That inconsistency reinforces that the proper course is to grant leave and permit the issues to be decided on a full record.

The Court's August 20, 2025 Memorandum and Order (ECF 39) dismissed Plaintiffs' Complaint for lack of personal jurisdiction under C.P.L.R. § 302(a)(3) because Plaintiff did not allege a claim under N.Y. Gen. Bus. Law. ("GBL") § 349 for deceptive acts and practices. The Court expressly granted Plaintiffs "permission to move for leave to file an amended complaint setting forth factual grounds for the exercise of personal jurisdiction over Defendant." (ECF 39 at 9). The proposed Amended Complaint alleges Hyatt's deceptive New York-directed conduct, the booking and payment (450,000 World of Hyatt Rewards Points) made from Manhattan, and the resulting economic and transactional injury suffered here.

Hyatt devotes its opposition to Rule 12(b)(6) merits arguments and rhetoric, rather than the jurisdictional question the Court set out. Hyatt's opposition argues that Plaintiffs fail to state a claim under GBL § 349 and that the claim for Vicarious Liability based on Apparent Agency or Agency by Estoppel also fails to state a claim. Defendant not once mentions New York's long-arm statute, CPLR § 302 – the very statute the Court directed Plaintiffs to address – and instead asserts that Plaintiffs show an "inability–or refusal–to understand the basic concept of branding"

1

and that their confusion is "specious." (ECF 43, Def. Opp. at 6-7). Those statements, taken together with Hyatt's assertion that "the fact that the [Park Hyatt St. Kitts] was owned and/or operated by entities other than Defendant was fully disclosed, which is itself fatal to the GBL § 349 claim" (Def. Opp. at 1), underscore factual disputes that cannot be resolved on a motion for leave.

The instant motion turns on two narrow questions defined by the Court's Order: (1) whether the proposed amendment sets forth "factual grounds for the exercise of personal jurisdiction over Defendant." (ECF 39 at 9); and (2) whether the proposed amendment "would…be futile." *Id*. Both answers favor Plaintiffs.

## ARGUMENT

### I. The Court's August 20 Order Invites a Rule 15(a)(2) Analysis and Favors Liberal Amendment in the Interest of Justice.

The Court's August 20, 2025 Order dismissed the complaint solely for lack of personal jurisdiction and granted Plaintiffs leave to move "for leave to file an amended complaint setting forth factual grounds for the exercise of personal jurisdiction," provided that any amendment "would not be futile." (ECF No. 39 at 9.) This directive incorporates the standard of Federal Rule of Civil Procedure 15(a)(2): a court should "freely give leave [to amend] when justice so requires," and denial is proper only for undue delay, bad faith, prejudice, or futility. Foman v. Davis, 371 U.S. 178, 182 (1962). "Futility" means that a proposed amendment could not withstand a Rule 12(b)(6) motion assuming jurisdiction exists. *In re Tribune Co. Fraudulent Conv. Litig.*, 10 F.4th 147, 175 (2d Cir. 2021).

This motion therefore presents two questions defined by the Court's Order:

1. Do the amended allegations set forth factual grounds for the exercise of personal jurisdiction under CPLR § 302?

2. Assuming jurisdiction exists, is the proposed amendment not futile under Rule 15(a)(2)?

Both questions should be answered in the affirmative.

## II. The Proposed Amended Complaint Alleges Specific Facts Establishing Jurisdiction under CPLR § 302.

Plaintiffs have now alleged Hyatt's deceptive, New York-directed conduct through its "World of Hyatt" program, digital marketing, and the interactive booking portal at Hyatt.com. From her Manhattan home, Plaintiff Carmit Archibald viewed Hyatt's materials, redeemed 450,000 loyalty points, transferred Chase Ultimate Rewards points, and booked two rooms at the Park Hyatt St. Kitts through Hyatt's corporate "@hyatt.com" domain. (Proposed Am. Compl. ¶¶ 1, 4–6, 27–29, 38–42, 56–59, 64–71, 95, 137–144.) The loss of points and payments occurred in New York at the point of transaction.

These allegations establish a prima facie basis for jurisdiction under both CPLR §§ 302(a)(1) and 302(a)(3). By contracting online with a New York resident and transmitting confirmations, receipts, and marketing materials into New York, Hyatt transacted business here. *See Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 169 (2d Cir. 2010). Hyatt's conduct also constitutes a tortious act causing injury in New York. *Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314 (2002). At the pre-discovery stage, Plaintiffs need only make a prima facie showing, which may rest solely on the allegations. *Ball v. Metallurgie Hoboken-Overpelt*, 902 F.2d 194, 197 (2d Cir. 1990).

3

Hyatt's opposition does not engage CPLR § 302 at all. Instead, it devotes its pages to merits-based arguments—calling Plaintiffs' claims "specious," accusing them of a "refusal to understand the basic concept of branding," and asserting that post-booking disclosures were "fatal." (Def. Opp. at 1, 5.) Those statements concern fact disputes and plausibility, not jurisdiction. By ignoring CPLR § 302, Hyatt has effectively assumed the existence of personal jurisdiction while disputing the merits. Plaintiffs have done exactly what the Court invited: they have alleged Hyatt's purposeful New York conduct and resulting New York-based injury.

### III. Hyatt's Opposition Misstates the Governing Standard and Violates Rules 12(g)(2) and (12)(h)(2).

Hyatt's opposition conflates two distinct inquiries. Jurisdiction is governed by Rule 12(b)(2); futility is evaluated under Rule 15(a)(2) by reference to Rule 12(b)(6) *only after* jurisdiction is found. Hyatt's attempt to argue that the amended claims "fail as a matter of law" while denying jurisdiction reverses that sequence.

Rule 12(g)(2) prohibits successive Rule 12 motions raising defenses that were available but omitted from the first motion. Having previously moved to dismiss for lack of jurisdiction, Hyatt cannot now repackage a Rule 12(b)(6) merits defense as a futility objection to a Rule 15 motion. Rule 12(h)(2) allows Hyatt to raise any such defense later—in a pleading, Rule 12(c) motion, or at trial—but not now. Hyatt's attempt to litigate merits arguments in this procedural posture violates both Rules 12(g)(2) and 12(h)(2) and exceeds the limited scope of the August 20 Order.

The Court may, for completeness, assume jurisdiction and consider futility. *United Mine Workers v. United States*, 330 U.S. 258, 292 n.57 (1947). But even under that assumption, Hyatt's arguments fail. Its reliance on factual assertions about branding, ownership, and disclaimers raises

4

questions that cannot be resolved on a motion for leave to amend. Futility exists only when the amendment could not possibly survive a motion to dismiss *assuming jurisdiction exists. Foman*, 371 U.S. at 182. Plaintiffs' allegations easily surpass that threshold.

### IV.     The Proposed Amendment Is Not Futile and Satisfies the Court's Directive

The proposed amendment is not futile; it does what the Court's August 20 Order directed. Under Rule 15(a)(2) and *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend should be granted absent delay, bad faith, prejudice, or futility. Here, Defendant challenges the amendment only on futility grounds. The amendment adds a GBL § 349 claim, establishes the jurisdictional nexus the Court invited Plaintiffs to plead, and leaves the vicarious-liability theory intact. Both claims stem from the same operative facts—Hyatt's marketing to New York consumers, loyalty-program integration, and booking practices—and would ordinarily be expected to be tried together, satisfying Rule 15(a)(2)'s requirement that the amendment state a plausible claim.

#### A.     Hyatt's Deceptive Acts and Practices Support a Plausible GBL § 349 Claim

The amended complaint alleges that Hyatt's website and communications described the Park Hyatt St. Kitts using possessive language such as "our hotel," displayed Hyatt's trademarks and loyalty-program integration, and omitted any disclosure that another entity owned or operated the property. (Proposed Am. Compl. ¶¶ 27, 51, 57, 69, 76; Ex. A; Ex. B.) These representations were transmitted to and relied upon by Plaintiffs in New York, inducing them to redeem 450,000 points and make additional payments. Hyatt's reliance on *Fink v. Time Warner Cable*, 714 F.3d 739 (2d Cir. 2013), is misplaced. Fink addressed whether disclaimers defeated deception on the merits—not whether jurisdiction existed—and, unlike *Fink*, Hyatt's supposed disclaimers

appeared *after* the booking. At minimum, these issues raise fact disputes inappropriate for a futility finding.

Hyatt argues that "Plaintiffs' separate claims contradict one another," asserting that "either Defendant does not have ownership and/or control of the [Park Hyatt St. Kitts]… or Defendant does have ownership and/or control… [and] these two propositions are mutually exclusive." (Def. Opp. at 14–15.) That framing misstates both claims.

Plaintiffs' apparent authority claim does not require actual control. Under New York law, the longstanding doctrine of apparent authority permits a principal to be held liable where no actual authority or control existed, but where the principal can be said to be responsible for an appearance of authority in an agent and a third party reasonably relied on the representations. *See Herbert Const. Co. v. Cont. Ins. Co.*, 931 F2d 989, 993-94 (2d Cir. 1991).

The § 349 claim challenges Hyatt's deceptive New York-directed marketing and booking conduct, while the vicarious-liability theory addresses Hyatt's responsibility for the consequences of that deception once Plaintiffs booked through Hyatt's platform. Both arise from the same nucleus of fact—Hyatt's unified online system, loyalty-program integration, and branding that portrayed the Park Hyatt St. Kitts as part of Hyatt's own enterprise. The same misrepresentations that induced the New York transaction also supply the apparent-authority and control allegations underlying vicarious liability. Rule 8(d)(2) expressly permits alternative pleadings, and these two theories reinforce one another, providing the factual and jurisdictional bridge the Court's August 20 Order directed Plaintiffs to plead.

### B. The Court May Exercise Pendent Personal Jurisdiction Over the Related Tort Claim

Once a court possesses personal jurisdiction over a defendant for one claim, it may exercise pendent jurisdiction over all other claims arising from the same nucleus of operative fact. *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006). The question is whether "the claims are such that they would ordinarily be expected to be tried together." *Blackrock Balanced Cap. Portfolio v. HSBC Bank USA, N.A.*, 95 F. Supp. 3d 703, 708 (S.D.N.Y. 2015). That standard is satisfied here. That standard is met. Both the GBL § 349 and vicarious liability apparent-agency claims arise from the same transaction—Hyatt's New York-directed marketing and booking conduct that induced Plaintiffs to stay at the Park Hyatt St. Kitts. The deceptive representations that misled Plaintiffs in New York also form the basis for Hyatt Corporation's apparent holding-out of control at the resort. The same evidence—Defendant's marketing materials, booking records, and representations about brand standards—bears on both claims. *See Hargrave v. Oki Nursery, Inc.,* 646 F.2d 716, 720 (2d Cir. 1980).

Exercising pendent personal jurisdiction promotes efficiency and fairness. Plaintiffs' claims rely on the same witnesses, documents, and operative facts. The GBL § 349 claim provides a jurisdictional anchor for the related tort, permitting all issues to be resolved in a single forum. That approach serves the interests of judicial economy and is consistent with the Court's August 20 Order.

### C. Hyatt's New Vicarious-Liability Arguments Are Outside the Scope of This Motion

Nevertheless, Hyatt's renewed challenge to Plaintiffs' vicarious-liability apparent agency cause of action is not properly before the Court. The proposed amendment does not change that

claim; it amends to add jurisdictional facts and a new GBL § 349 cause of action, consistent with the August 20 Order. (ECF No. 39 at 9.) The Court has never ruled on the merits of the vicarious-liability allegations, and Plaintiffs have not placed them at issue. Hyatt's attempt to obtain an advisory ruling on an unamended claim exceeds the scope of this Rule 15 motion and the Court's prior directive. If Hyatt wishes to contest the sufficiency of that claim, Rule 12(h)(2) allows it to do so later—after jurisdiction is resolved—not now. Because the amended allegations, accepted as true, state colorable claims under GBL § 349 and allege new jurisdictional facts consistent with the Court's Order, Hyatt has not met its burden to show futility. *See Blaskiewicz v. Cnty. of Suffolk*, 29 F. Supp. 2d 134, 137–38 (E.D.N.Y. 1998).

### V. **Plaintiffs Have Satisfied the Court's Directive and Leave Should be Granted**.

Plaintiffs have met both requirements set forth in the August 20 Order: (1) they allege factual grounds for personal jurisdiction under CPLR § 302, and (2) they demonstrate that amendment is not futile under Rule 15(a)(2). Hyatt's merits arguments are premature, procedurally barred, and dependent on factual disputes. The Court should therefore grant leave to amend and permit this action to proceed on the merits after jurisdictional discovery.

### CONCLUSION

For the foregoing reasons, the Court should grant leave to amend and hold that the amendment relates back to the date of the original pleading.

Dated: New York, NY
       November 7, 2025

                                                                         Respectfully submitted,

                                                                        /s/ Evan M. Goldberg
                                                                EVAN MILES GOLDBERG, PLLC
                                                                400 East 57th Street, Ste. 4M
                                                                New York, NY 10022
                                                                Tel.: (212) 888-6497
                                                                Fax: (646) 751-7938
                                                                egoldberg@emglawfirm.com

                                                                *Attorneys for Plaintiffs Z.A., et al.*

Via ECF to all Counsel of Record

## CERTIFICATE OF COMPLIANCE

I certify that this memorandum of law contains 2,170 words, as determined by the word-count feature of Microsoft Word, and complies with the requirements set forth in Chief Judge Swain's Individual Rules of Practice and Local Civil Rule 7.1.

                                                               /s/ Evan M. Goldberg
                                                               Evan M. Goldberg

## CERTIFICATE OF SERVICE

Evan M. Goldberg, an attorney duly admitted to practice before this Court, certifies that on November 7, 2025, I caused the within memorandum to be filed and served upon the attorneys of record for the Defendant via ECF.

                                                               /s/ Evan M. Goldberg
                                                               Evan M. Goldberg