UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

Z.A., an Infant, by and through his Parents
and Natural Guardians, CARMIT
ARCHIBALD and GEORGES ARCHIBALD,
and CARMIT ARCHIBALD, individually,

        Plaintiffs,

     -v-                                 No.  24-CV-03742-LTS

HYATT CORPORATION,

        Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER[1]

        Infant Z.A., by and through his parents and natural guardians Carmit Archibald

and Georges Archibald, and Carmit Archibald in her individual capacity (collectively,

"Plaintiffs"), bring this action against Hyatt Corporation ("Defendant").  Before the Court is

Plaintiffs' motion for leave to amend their complaint.  (Docket entry no. 40.)  The Proposed

Amended Complaint (docket entry no. 40-3) ("PAC") asserts two causes of action: (1) a personal

injury claim sounding in negligence arising out of an accident at a resort in St. Kitts and Nevis,

and (2) a consumer protection claim for deceptive acts and practices under New York General

Business Law § 349 ("GBL Section 349").  For the reasons set forth below, the Court lacks

personal jurisdiction over Defendant as to the personal injury claim and lacks subject matter

jurisdiction of the consumer protection claim.  Neither defective claim may serve as a

jurisdictional anchor for the other, for purposes of pendent personal jurisdiction and

---

[1]     Pincites to materials filed on ECF refer to ECF-designated pages.

supplemental subject matter jurisdiction.  Accordingly, Plaintiffs' motion for leave to amend is denied as to the personal injury claim and is denied without prejudice as to the GBL Section 349 claim.  Plaintiffs may move for leave to file a new motion to amend solely as to the GBL Section 349 claim.

## I.    BACKGROUND

The following facts are drawn from the Proposed Amended Complaint, the well-pleaded factual allegations of which are taken as true for the purpose of this motion practice.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  Interested readers are also directed to the Court's previous decision, which discusses the underlying events in more detail.  (Docket entry no. 39, also available at Z.A. ex rel. Archibald v. Hyatt Corp., No. 24-CV-03742-LTS, 2025 WL 2411012, at *4 (S.D.N.Y. Aug. 20, 2025).)

A.    Plaintiffs' Stay at Hyatt St. Kitts and Nevis

Defendant Hyatt Corporation is a Delaware corporation with its principal place of business in Illinois.  (PAC ¶¶ 7-9.)  Defendant is a global hospitality company that manages over 1,150 hotels in more than 70 countries, including, according to Plaintiffs, the Park Hyatt St. Kitts Christophe Harbour (the "Resort").  (Id. ¶ 11.)  Defendant also operates the "World of Hyatt" website, www.hyatt.com (the "Website"), which provides hotel reservation services to customers around the world, including New York-based customers.  (Id. ¶¶ 47-48.)  Through the Website, Defendant operates the "World of Hyatt" loyalty rewards program, which allows customers— including ones based in New York—to book hotel accommodations using "points" in lieu of cash.  (Id.)  Defendant regularly advertises and promotes its hotel rooms to New York consumers, including through New York-targeted advertisements promoting direct flights from New York City's JFK Airport to St. Kitts and Nevis' SKB Airport.  (Id. ¶¶ 43-46.)  Finally,

Plaintiffs allege that Defendant is authorized to do, and regularly solicits, business in New York, and that Defendant derives substantial revenue from services it renders in New York.  (Id. ¶¶ 10, 25-26.)

Plaintiffs are New York residents.  (Id. ¶¶ 4-6.)  In the fall of 2022, swayed by previous positive experiences at Hyatt hotels as a World of Hyatt loyalty rewards program member, Plaintiff Carmit Archibald searched for Hyatt hotels on the Website for a family vacation and found the Resort listed on the site.  (Id. ¶¶ 87-89.)  After searching, Carmit reserved hotel rooms at the Resort for her family, including Z.A., from her home in Manhattan using World of Hyatt rewards points.  (Id. ¶ 56.)  Plaintiffs allege that, in making this booking, they relied on Defendant's uniform corporate branding and representations on the booking website that the Resort was a Hyatt-managed property adhering to Hyatt's global standards for safety, quality, and management.  (Id. ¶¶ 92, 137.)  To secure a reservation, Plaintiffs spent 450,000 "World of Hyatt" points, made a cash payment of an unspecified amount, and incurred travel expenses for a week-long stay, all under the false impression created by Defendant's marketing that Hyatt Corporation exercised direct operational control over the Resort's safety.  (Id. ¶ 144.)

On April 9, 2023, Z.A. was on vacation with his family at the Resort.  (Id. ¶ 2.) While swimming and playing aquatic basketball in the Resort's pool area, Z.A. was struck on the head by an inadequately secured aquatic basketball hoop.  (Id. ¶ 102.)  As a result of this incident, Z.A. sustained severe and permanent injuries and facial disfigurement.  (Id. ¶ 103.)

B.    Plaintiffs' Claims

As noted above, Plaintiffs' Proposed Amended Complaint asserts two claims. First, Plaintiffs allege that Defendant is vicariously liable under various agency theories for the Resort's alleged negligence in failing to maintain the premises in a reasonably safe condition and

in failing to warn of the dangerous conditions, which led directly to the accident and the injury sustained by Z.A.  (Id. ¶¶ 102-25.)  Second, Plaintiffs bring a consumer protection claim under New York General Business Law § 349.  (Id. ¶¶ 126-45.)  Plaintiffs allege that Defendant engaged in deceptive business practices by falsely marketing the Resort to New York consumers as a safe, Hyatt-controlled property, thereby inducing Plaintiffs to spend their loyalty points and money to travel there.  (Id. ¶ 137.)

C.      The Court's Previous Decision

Plaintiffs' original complaint asserted only the personal injury claim, which this Court previously dismissed for lack of personal jurisdiction.  Z.A., 2025 WL 2411012, at *3-4 & n.3.  The Court found that Defendant's operation of an interactive website and its general marketing activities were insufficient to subject it to specific personal jurisdiction in New York for a tort that occurred entirely in St. Kitts and Nevis.  Id.  Seeking to cure these jurisdictional defects, Plaintiffs filed the instant motion for leave to amend, which introduced the GBL Section 349 claim.  (PAC ¶ 3.)

## II.    DISCUSSION

"Leave to amend shall be freely given when justice so requires."  In re Trib. Co. Fraudulent Conv. Litig., 10 F.4th 147, 175 (2d Cir. 2021) (quoting Ronzani v. Sanofi S.A., 899 F.2d 195, 198 (2d Cir. 1990)).  However, leave may be denied for futility if the proposed amendment fails to state a legally cognizable claim or fails to survive a threshold jurisdictional challenge.  See Agerbrink v. Model Serv. LLC, 155 F. Supp. 3d 448, 456 (S.D.N.Y. 2016). Under this standard, the court must draw all reasonable inferences in Plaintiffs' favor, "assume all 'well-pleaded factual allegations' to be true, and 'determine whether they plausibly give rise to an entitlement to relief.'"  Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 88 (2d Cir. 2009)

(quoting Ashcroft, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 668 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430-31 (2007) (citing Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 93-102, (1998)). "[T]he court must determine the issue of personal jurisdiction separately for each cause of action asserted in plaintiff's complaint[.]" Cosmetech Int'l, LLC v. Der Kwei Enter. and Co., Ltd., 943 F. Supp 311, 317 (S.D.N.Y. 1996). Likewise, "[c]ourts must evaluate subject matter jurisdiction on a claim-by-claim basis." Gnopo v. Permanent Mission of Cote d'Ivoire to the United Nations in N.Y., No. 24-CV-7262-LGS, 2026 WL 483158, at *2 (S.D.N.Y. Feb. 20, 2026).

A.    The Personal Injury Claim

The Court first addresses Plaintiffs' personal injury claim. The Court previously held that it lacks personal jurisdiction over Plaintiffs' personal injury claim because the long arm statute, specifically New York Civil Practice Law and Rules § 302(a)(3), was not satisfied. Z.A., 2025 WL 2411012, at *4. Plaintiffs' proposed amendments do nothing to correct this deficiency, except to invoke the doctrine of pendent personal jurisdiction. (PAC ¶ 28.) That doctrine, however, fails to save Plaintiffs' claim because the Court lacks subject matter jurisdiction of the proposed anchor claim, the GBL Section 349 claim.

"The doctrine of pendent personal jurisdiction provides that 'where a federal statute authorizes nationwide service of process, and the federal and state-law claims derive from

a common nucleus of operative fact, the district court may assert personal jurisdiction over the parties to the related state-law claims even if personal jurisdiction is not otherwise available.'" Charles Schwab Corp. v. Bank of Am. Corp., 883 F.3d 68, 88 (2d Cir. 2018) (quoting IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1056 (2d Cir. 1993)). This doctrine also applies "where both the anchor and pendent claims are state law claims." N. Fork Partners Inv. Holdings, LLC v. Bracken, No. 20-CV-2444-LJL, 2020 WL 6899486, at *12 (S.D.N.Y. Nov. 23, 2020) (citing cases). Once a defendant is "properly" brought before a federal court on a claim covered by the state long-arm statute, "the court may entertain claims that are not expressly covered by the long-arm statute, so long as they derive from the same nucleus of operative fact as claims that are." Hanly v. Powell Goldstein, L.L.P., 290 F. App'x 435, 438 (2d Cir. 2008). Here, the Defendant was never "properly" brought before the Court on an anchor claim. The proposed anchor claim, the GBL Section 349 claim, is not "properly" before the Court because, as explained below, the Court lacks subject matter jurisdiction to hear it.

Furthermore, even if the GBL Section 349 claim were a valid anchor claim, it could not support the exercise of personal jurisdiction over Defendant in connection with the personal injury claim because it does not arise from a common nucleus of operative fact with the personal injury claim. Claims arise from a common nucleus of operative fact if the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." Lyndonville Sav. Bank & Tr. Co. v. Lussier, 211 F.3d 697, 704 (2d Cir. 2000) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)). Here, Plaintiffs' two claims "ultimately rest on essentially unrelated facts." Burks v. City of New York, No. 17-CV-00177-ARR-RLM, 2018 WL 6199550, at *8 (E.D.N.Y. Nov. 28, 2018). The GBL Section 349 claim centers on deceptive marketing, the corporate branding relationship between Defendant and its subsidiaries, and loyalty point

redemption.  The Section 349 claim accrued in New York, before the trip to St. Kitts and Nevis even occurred.  On the other hand, the personal injury claim involves premises liability, the physical maintenance of an aquatic basketball hoop, foreseeability of a dangerous condition, and medical damages.  The actions and events underlying the personal injury claim occurred entirely in St. Kitts and Nevis.

Accordingly, Plaintiffs' motion to amend is denied as to the personal injury claim, for which Plaintiffs have proffered neither a factual nor legal basis for the exercise of personal jurisdiction over Defendant.  Plaintiffs may not again move to amend the personal injury claim because further amendment would be futile.  See Treppel v. Biovail Corp., No. 03-CV-3002-PKL, 2005 WL 2086339, at *12 (S.D.N.Y. Aug. 30, 2005).

B.    N.Y. Gen. Bus. Law Section 349 Claim

Turning to Plaintiffs' GBL Section 349 claim, the Court concludes that it lacks subject matter jurisdiction to hear it.  First, Plaintiffs have failed to plead sufficient facts to meet the amount in controversy requirement for diversity jurisdiction.  Plaintiffs simply allege that "the amount in controversy exceeds $75,000, exclusive of interest and costs[.]"  (PAC ¶ 22.)  In their claim for damages, however, Plaintiffs only allege the loss of 450,000 "World of Hyatt" points, a cash payment in an unspecified amount, and travel expenses for a week-long stay at the Resort.  (Id. ¶ 144.)  These facts do not establish a "reasonable probability" that Plaintiffs' damages exceed $75,000.  See Courchesne Larose, Ltee. v. Ven-Co Produce, Inc., No. 10-CV-3123-SHS, 2010 WL 4877828, at *1-2 (S.D.N.Y. Nov. 30, 2010).  Therefore, the Court does not have diversity jurisdiction of the claim.

Nor does the Court have supplemental subject matter jurisdiction.  Under 28 U.S.C. § 1367(a) ("Section 1367"), a federal court may exercise supplemental jurisdiction of "all

other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]"  The plain text of Section 1367 requires the district court to first have before it a viable claim of which it independently has jurisdiction.  Bueno v. Sheldon, No. 99-CV-10348-JGK, 2000 WL 565192, at *5 (S.D.N.Y. May 9, 2000) ("[T]he Court 'cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction.'" (quoting Nowak v. Ironworkers Loc. 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996))).  Because the Court lacks personal jurisdiction over Defendant with respect to the personal injury claim for the reasons discussed above, it is not an anchor claim within the meaning of Section 1367.  Moreover, even if the personal injury claim were a viable claim that could be litigated in this court, the GBL Section 349 claim does not, as explained above, share a common nucleus of operative fact with the personal injury claim.

Accordingly, Plaintiffs' motion to amend is denied as to the GBL Section 349 claim.  Because this is the first time the Court has considered Plaintiffs' GBL Section 349 claim, Plaintiffs may move, within 14 days from the date of this order, for leave to file an amended complaint that provides a proper basis for the exercise of subject matter jurisdiction of the GBL Section 349 claim.  Any such motion must comply with the applicable federal and local rules of procedure.

### III.    CONCLUSION

Plaintiffs rely on the GBL Section 349 claim, of which the Court lacks subject matter jurisdiction, to cure the Court's lack of personal jurisdiction over Defendant with respect to Plaintiffs' personal injury claim.  At the same time, Plaintiffs rely on the personal injury claim, on which the Court lacks personal jurisdiction over Defendant, to cure the Court's lack of subject matter jurisdiction of Plaintiffs' GBL Section 349 claim.  Because neither claim is properly

Z.A. – MTA                              MAY 27, 2026                              8

before the Court in its own right and because they lack a common nucleus of operative fact, neither can support the maintenance of jurisdiction in connection with the other.  The two defective claims cannot be paired to comprise a single lawsuit that can properly be maintained in this Court.

For the foregoing reasons, Plaintiffs' motion for leave to file the Proposed Amended Complaint is denied.  Plaintiffs may move, **within 14 days from the date of this order**, for leave to file an amended complaint that provides a proper basis for the exercise of subject matter jurisdiction of the GBL Section 349 claim.  Any such motion must comply with the applicable federal and local rules of procedure.  If Plaintiffs fail to make such a timely motion, judgment dismissing the Complaint at docket entry no. 1 for lack of personal jurisdiction will be entered and the case will be closed without further advance notice.  The Court will not entertain any application to amend the personal injury claim.  Docket entry no. 40 is resolved.

SO ORDERED.

Dated:  New York, New York
         May 27, 2026

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

Z.A. – MTA                          MAY 27, 2026                          9